# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| QASIM SHABAZZ (aka CARL THOMAS), GEORGE WILLIAMS, and NADIA METOYER (aka NADIA SIMONE) | ) ) ) ) | CASE NO. 8:25cv699 |
| Plaintiffs, | ) ) ) | **BRIEF IN SUPPORT OF** |
| v. | ) ) | **MOTION TO DISMISS** |
| THE CITY OF OMAHA, a Municipal Corporation, et al., | ) ) ) | |
| Defendants. | ) ) | |

All named Defendants save Matthew Flores submit this brief in support of their motion filed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) seeking an Order of this Court dismissing Counts VIII, IX, and X of Plaintiffs' Complaint, and dismissal of the official capacity claims which have been asserted against the individually named officers.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure permit the dismissal of a complaint or portions of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While Fed. R. Civ. P. 8(a)(2) only requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A complaint that only alleges legal conclusions or "a formulaic recitation of the elements of a cause of action" does not meet this threshold standard, "nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

- 1 -

'further factual enhancement.'" *Id*. at 678, quoting *Bell Atlantic corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).

A complaint must plead enough factual matter that if taken as true will "state a claim to relief that is plausible on its face." *Twombly* at 570. If the complaint fails to do so it will not survive when confronted with a motion to dismiss. When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) a reviewing court must apply a plausibility standard to the claims alleged in the complaint. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal* at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief'"" *Id.* at 678, quoting *Twombly* at 557. While the Court should accept factual allegations articulated in a complaint when considering a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

A motion to dismiss premised upon Fed. R. Civ. P. 12(b)(1), however, challenges whether the court has subject matter jurisdiction. The Eighth Circuit has held that Rule 12(b)(1) motions can be decided by the District Court in one of three ways: "at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts." *Jessie v. Potter*, 516 F.3d 709, 712 (8th Cir.2008), citing *Osborn v. United States*, 918 F.2d 724-728-30 (8th Cir.1990). "The burden of proving federal jurisdiction… is on the party seeking to establish it, and '[t]his burden may not be shifted to' the pother party." *Great Rivers Habitat Alliance v. Federal Emergency Management Agency*, 615 F.3d 985, 988 (8th Cir.2010), citing *Newhard, Cook & Co. v. Inspired Life Ctrs., Inc.*, 895 F.2d 1226, 1228 (8th Cir.1990).

The District Court has substantial authority to determine whether it has jurisdiction. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir.1990).

## ARGUMENT

### I. PLAINTIFFS CANNOT STATE A CLAIM TO RELIEF AGAINST THE CITY OR INDIVIDUAL DEFENDANTS UNDER NEB. REV. STAT. § 20-148.

Count VIII asserts an action against the Present Officers under Neb. Rev. Stat. § 20-148 (captioned "Deprivation of constitutional and statutory rights, privileges, or immunities; redress.") This is a procedural statute that does not create new or substantive rights. *Goolsby v. Anderson*, 250 Neb. 306, 313, 549 N.W.2d 153, 157 (Neb. 1996). Neb. Rev. Stat. § 20-148 is plainly limited in its scope since it states, in pertinent part, that "[a]ny person or company, as defined in section 49-801, *except any political subdivision …*". (emphasis supplied). This statute is "limited to private acts of discrimination by private employers." *Biby v. Board of Regents of University of Nebraska at Lincoln*, 340 F.Supp.2d 1031, 1036 (D.Neb. 2004) (collecting cases). It does not apply to individuals acting as public officers. *Id*. (citing *Buzek v. Pawnee Co.*, 207 F.Supp.2d 961, 965 (D.Neb. 2002)). Thus, Plaintiff cannot state a plausible claim to relief under this statute. *See McCurry v. Swanson*, 2009 WL 2969504 *4 (D. Neb. 2009) (J. Bataillon) (granting motion to dismiss plaintiffs' Neb. Rev. Stat. § 20-148 claim against the City of Omaha and several individual police officers pursuant to Fed. R. Civ. P. 12 (b) (6) upon concluding that the statute exempts political subdivisions and their employees from its scope). Count VIII should be dismissed.

### II. PLAINTIFFS CANNOT STATE CLAIMS TO RELIEF UNDER THE NEBRASKA CONSTITUTION WHEN THE PROVISIONS CITED ARE NOT WAIVERS OF SOVEREIGN IMMUNITY AND THE NEBRASKA POLITICAL SUBDIVISIONS TORT CLAIMS ACT PRESERVES IMMUNITY FROM CLAIMS ARISING OUT OF THE CONDUCT ALLEGED.

Plaintiffs cannot state a claim to relief against the city or any individual defendants under Neb. Const. Art. I § 7 (Count IX) or Neb. Const. Art. I §§ 1 and 3 (Count X). "The sovereign immunity of the State and its political subdivisions is grounded in Neb. Const. art. V, § 22, which provides: 'The state may sue and be sued, and the Legislature shall provide by law in what manner and in what courts suits shall be brought.'" *Larsen v. Sarpy County School District No. 77-0027*, 319 Neb. 823, 832, 25 N.W.3d 185, 196 (2025). In Nebraska, the existence of a self-executing constitutional provisions is not a waiver of sovereign immunity based upon the right at issue. *McKenna v. Julian*, 277 Neb. 522, 528-29, 763 N.W. 2d 384, 390 (Neb. 2009). Neb. Rev. Stat. § 20-148 cannot operate as the necessary waiver of sovereign immunity because it does not apply to political subdivisions or their employees. *See Section I, supra.*

The Nebraska Political Subdivisions Tort Claims Act ("PSTCA") at Neb. Rev. Stat. §§ 13-901 *et seq*. provides the sole vehicle through which the City or its employees can be sued in tort under state law. *Larsen, supra*, 319 Neb. at 832, 25 N.W.3d at 832-33. The PSTCA defines a tort claim as "any claim against a political subdivision for money … on account of personal injury or death, caused by the negligent or wrongful act or omission of any employee of the political subdivision, while acting within the scope of his or her office or employment, under circumstances in which the political subdivision, if a private person, would be liable to the claimant for such damage, loss, injury, or death." *See* Neb. Rev. Stat. §13-903(4). Plaintiffs claim monetary damages on account of allegedly wrongful acts of City employees who are plainly described as performing acts within the scope of those employees' employment as certified law enforcement officers for the City of Omaha. As a result, this action is to be analyzed under the rules and standards the PSTCA imposes. Plaintiffs' state-law claims do not pass muster under that analysis.

- 4 -

The PSTCA sets out a comprehensive procedure whereby the traditional concept of governmental immunity is partially abrogated. It does not, however, expose cities or their employees to liability for all acts that cause injury. When the Legislature adopted the PSTCA, it expressed a public policy that liability would be limited. *See* Neb. Rev. Stat. §13-902 (expressly declaring it to be the public policy of the State that "no suit shall be maintained against such political subdivision or its officers, agents, or employees on any tort claim except to the extent, and only to the extent, provided by the Political Subdivisions Tort Claims Act.") The Nebraska Supreme Court has repeatedly held that the provisions of the Tort Claims Act are to be construed in favor of the political subdivision and against the waiver of sovereign immunity. *McKenna, supra*, 277 Neb. at 528, 763 N.W.2d at 390. Therefore, if suit is not allowed under the PSTCA, then suit is not allowed at all.

Although the PSTCA partially abrogated sovereign immunity and proscribed a procedure for the maintenance of a suit against a political subdivision, it "also provides a list of claims for which sovereign immunity is not waived." *Id*. at 527. When a claim falls within as exception to the PSTCA, there is no subject matter jurisdiction of it. *Larsen, supra*, 319 Neb. at 833, 25 N.W.3d at 196. These jurisdictional exceptions include what is commonly referred to as the intentional torts exception, which provides that the PSTCA shall not permit suit for:

> "Any claim arising out of assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit or interference with contract rights . . ."
> Neb. Rev. Stat. § 13-910(7).

Nebraska and federal courts have long held that political subdivisions are immune from liability arising under the intentional torts listed in that subparagraph, and no suit may be maintained against a municipality or its employees for the causes of action listed there. *See Johnson v. State*, 700 N.W.2d 620, 625 (Neb. 2005); *McKenna* at 530-31; *Britton v. City of*

*Crawford*, 282 Neb. 374, 381-386, 803 N.W.2d 508, 514-518 (Neb. 2011); *Westcott v. City of Omaha*, 901 F.2d 1486 (8th Cir.1990). Importantly, the PSTCA does not just bar claims for assault, battery, false arrest, and other intentional torts from being asserted against Nebraska political subdivisions, it bars any claim "arising out of" any of the intentional torts listed in Neb. Rev. Stat. § 13-910(7). This yields a broader bar to suit than had the Nebraska Legislatures simply excluded lawsuits "for" any of the listed torts from the PSTCA's waiver. *Britton, supra*, 282 Neb. at 384, 803 N.W.2d at 516 (explaining the importance of the distinction). If exempted conduct set forth in Neb. Rev. Stat. § 13-910(7) is inextricably intertwined with the plaintiff's damages – if it is the but-for cause – then the PSTCA preserves sovereign immunity. *See Britton, supra*, 282 Neb. at 386, 803 N.W.2d at 518 (while other factors may have contributed to the situation leading to the plaintiff's decedent's shooting, no sematic recasting of events could alter the fact that the shooting – a battery exempted under 13-910(7) – caused decedent's death and was, therefore, the basis for the plaintiff's claim.) Here, Plaintiffs must bring their State-law constitutional claims in Counts IX and X under the PSTCA, but factual allegations that must be accepted as true for purposes of this motion (*See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) (accepting factual content as true)) make clear they would have no State-law claims but for actions constituting the intentional torts of assault, battery, false arrest, and false imprisonment. This Court lacks subject matter jurisdiction of Counts IX and X, so these causes of action should be dismissed.

### III. THE OFFICIAL CAPACITY CLAIMS AGAINST THE INDIVIDUAL OFFICERS MUST BE DISMISSED AS REDUNDANT TO CLAIMS AGAINST THE CITY OF OMAHA.

The Plaintiffs have asserted individual and official capacity claims against Defendants Mason Gregurich, James Valencia-Soethout, Andrew Rathman, William Klug, Trevor LaPoint,

- 6 -

Courtney Collins, Gilberto Riveros-Echague, Yuliya Canterbury, Michael Rosiere, Luis Reynoso-Gonzalez, Benjamine Hoffman, Sean Sheridan, and William Dawson, Jr., and official capacity claims against Chief Todd Schamderer. (Doc. #1, p. 5-7). However, because the City of Omaha is also a party to this action, all claims brought by the Plaintiffs against these individually named Defendants in their official capacities are redundant and must be dismissed. Official-capacity claims are "in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Where the entity is named as a defendant, an official capacity claim is redundant. *Foster v. Michigan*, 573 F. App'x 377, 389-90 (6th Cir. 2014).

The 8th Circuit has adopted this reasoning on numerous occasions. In *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010), the Court found that a plaintiff's 42 U.S.C. § 1983 claim against a city police officer in his official capacity was properly dismissed as redundant of the plaintiff's same claim against the city. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Id*. The Eighth Circuit has also held that "[a] suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Schaffer v. Beringer*, 842 F.3d 585, 596 (8th Cir. 2016) (internal quotation marks omitted) (quoting *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006)). *See also Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) (Finding that the district court correctly dismissed a 42 U.S.C. § 1983 claim against school district employee redundant to the claim against the School District); *Roberts v. Dillon*, 15 F.3d 113, 115 (8th Cir. 1994) (When plaintiff sued sheriff in his official capacity she sued the County as well – any naming of the County in the heading of the complaint was, therefore, redundant). Additionally, the United States District

Court for the District of Nebraska dismissed plaintiffs' claims against the Westside Community School District's Superintendent in his official capacity. *See* Parsons v. McCann, 138 F. Supp. 3d 1086 (D. Neb. 2015). In doing so, Judge Kopf reasoned that "[b]ecause Plaintiffs' claims against [the Superintendent] in his official capacity are in reality claims against the school district for which he works, all claims against [the Superintendent] in his official capacity shall be dismissed as redundant of Plaintiffs' claims against Westside Community Schools." *Parsons v. McCann*, 138 F. Supp. 3d at 1113. The official capacity claims must be dismissed.

## CONCLUSION

For the foregoing reasons all named Defendants save Matthew Flores submit this brief in support of their motion filed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) seeking an Order of this Court dismissing Counts VIII, IX, and X of Plaintiffs' Complaint, and dismissal of the official capacity claims which have been asserted against the individually named officers.

Respectfully submitted this 27th day of March, 2026.

CITY OF OMAHA, et al., Defendants.

By: /s/ Timothy K. Dolan
    Timothy K. Dolan, No. 20978
    Assistant City Attorney
    Ryan J. Wiesen, No. 24810
    Deputy City Attorney
    Jonah A. Clark, No. 27558
    Assistant City Attorney
    1819 Farnam Street, Suite 804
    Omaha, NE 68183
    (402) 444-5115
    tim.dolan@cityofomaha.org
    ryan.wiesen@cityofomaha.org
    jonah.clark@cityofomaha.org
    Attorneys for the Defendants

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 27th day of March, 2026, the foregoing **BRIEF IN SUPPORT OF MOTION TO DISMISS** was served on all parties registered with the CM/ECF system, which will send electronic notice of the foregoing to those registered with the Court, including: Hakeem Muhammad, Muhammed Law Center, 10846 South Halsted, Chicago, IL 60628 and Ezinne Adibe Ranger, Ezinne Law, PLLC, 437 Turnpike St. #8772, Canton, MA 02021.

s/ Timothy K. Dolan

- 9 -