**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| QASIM SHABAZZ (aka CARL THOMAS), GEORGE WILLIAMS, and NADIA METOYER (aka NADIA SIMONE) | ) ) ) ) | **CASE NO. 8:25cv699** |
| Plaintiffs, | ) ) | **ANSWER** |
| v. | ) ) | |
| THE CITY OF OMAHA, a Municipal Corporation, et al., | ) ) ) | |
| Defendants. | ) | |

COME NOW Defendants Andrew Rathman, William Klug, and Courtney Collins (collectively referred to as the "Non-Present Officer Defendants") and affirmatively state that none were present at the scene of the events alleged in Plaintiffs' Complaint (the "Complaint"), none participated in or observed the events alleged in the Complaint, and none had any reasonable or realistic opportunity to intervene in the events alleged in the Complaint. The Non-Present Officer Defendants deny all legal conclusions and factual allegations directed at them and in any manner implying their presence, participation, observation, failure to intervene, causation of any alleged damages, discriminatory intent, malice, willfulness, reckless disregard, or liability in relation to the events alleged in the Complaint. Plaintiffs' claims against these Non-Present Officer Defendants should be dismissed.

Remaining Defendants City of Omaha, Officer Mason Gregurich, Officer James Valencia-Soethout, Officer Trevor Lapoint, Officer Gilberto Riveros-Echague, Officer Yuliya Canterbury, Officer Michael Rosiere, Officer Matthew Flores, Officer Luis Gonzalez-Reynoso, Sergeant Benjamin Hoffman, Lieutenant Sean Sheridan, Lieutenant William Dawson Jr., and

- 1 -

Todd Schmaderer, in his capacity as Chief of Police (collectively referred to as the "City Defendants"), Answer the Complaint by expressly denying all legal conclusions – including those couched as factual conclusions – occurring throughout the Complaint and addressing Plaintiffs' factual allegations as set forth more fully below. Unless otherwise stated, each response made on behalf of the City Defendants is made by each City Defendant individually and collectively.

1. In response to Paragraph 1, Defendant City of Omaha admits that Omaha Police Department officers conducted a traffic stop on or about September 28, 2025, at or near North 12th Street and Cass Street in Omaha, Nebraska, involving a vehicle operated by Terence Crawford and occupied by Plaintiffs. Defendant City denies that the stop, seizure, or detention was unlawful and denies the remaining allegations and characterizations in Paragraph 1. Defendant Gregurich admits that he participated in the initial traffic stop and approached the driver's side of the vehicle, but denies that he violated Plaintiffs' constitutional rights or acted unlawfully. Defendant Valencia-Soethout admits that he participated in the initial traffic stop and approached the passenger side of the vehicle, but denies that he violated Plaintiffs' constitutional rights or acted unlawfully. Defendants Rathman, and Klug deny the allegations in Paragraph 1 as directed to them because they did not arrive at the scene, were called off while responding, and had no personal involvement in or observation of the events at issue. Defendants Lapoint, Riveros-Echague, Canterbury, Rosiere, Flores, Gonzalez-Reynoso, Hoffman, Sheridan, Dawson Jr., and Schmaderer deny that they initiated the traffic stop or participated in the initial seizure alleged in Paragraph 1 and deny that they violated Plaintiffs' constitutional rights.

2. In response to Paragraph 2, the City Defendants deny the allegations and characterizations contained therein, including any allegation that any Defendant treated Plaintiffs

as criminals, acted because of race, engaged in discriminatory conduct, or violated Plaintiffs' constitutional rights.

3.    In response to Paragraph 3, the City Defendants admit that Plaintiffs purport to bring claims under 42 U.S.C. § 1983 against the City of Omaha and the individual officer Defendants in their individual and/or official capacities. Defendants admit that the individual officer Defendants were employed by the Omaha Police Department at times relevant to the Complaint. Defendants deny that any Defendant violated Plaintiffs' rights under the Fourth or Fourteenth Amendments, deny that any Defendant used excessive force, deny that any Defendant failed to intervene, deny that the City maintained an unconstitutional policy or custom, and deny that the City was deliberately indifferent in training, supervision, or discipline.

## JURISDICTION AND VENUE

4.    In response to Paragraph 4, Defendants admit that this Court has subject matter jurisdiction over federal claims properly brought pursuant to 28 U.S.C. §§ 1331 and 1343. Defendants deny that Plaintiffs are entitled to relief.

5.    In response to Paragraph 5, Defendants admit that this Court may exercise supplemental jurisdiction over properly pleaded and viable state-law claims that form part of the same case or controversy as Plaintiffs' federal claims. Defendants deny that Plaintiffs have pleaded viable state-law claims against all Defendants and deny that Plaintiffs are entitled to relief.

6.    In response to Paragraph 6, Defendants admit that venue is proper in this District. Defendants deny that Plaintiffs are entitled to relief.

7. In response to Paragraph 7, Defendants admit that this Court has personal jurisdiction over Defendants for purposes of this action. Defendants deny that Plaintiffs are entitled to relief.

8. In response to Paragraph 8, Defendants admit that Plaintiffs purport to assert claims under Neb. Rev. Stat. § 20-148. Defendants deny that § 20-148 provides a viable claim against any City Defendant.

**PARTIES**

9. In response to Paragraph 9, Defendants lack knowledge or information sufficient to form a belief as to Plaintiff Qasim Shabazz's employment, alleged professional duties, alleged role as a bodyguard or head of security, or the reason he allegedly possessed or carried a firearm, and therefore deny those allegations. Defendants admit only that Plaintiff Qasim Shabazz was an occupant of the vehicle stopped on September 28, 2025.

10. In response to Paragraph 10, Defendants admit that Plaintiff George Williams was a rear passenger in the vehicle. Defendants deny any remaining allegations or implications in Paragraph 10.

11. In response to Paragraph 11, Defendants admit that Plaintiff Nadia Metoyer was a rear passenger in the vehicle. Defendants lack knowledge or information sufficient to form a belief as to whether she is also known as Nadia Simone and therefore deny that allegation.

12. In response to Paragraph 12, Defendants admit that Plaintiffs were passengers in a vehicle driven by Terence Crawford at the time of the traffic stop. Defendants deny any remaining allegations or implications in Paragraph 12.

13. In response to Paragraph 13, Defendant City and Defendant Gregurich admit that Officer Mason Gregurich was employed by the Omaha Police Department and was acting under

color of state law at times relevant to the Complaint. Defendant Gregurich admits he is sued in his individual and official capacities. Defendant Gregurich denies that he violated Plaintiffs' rights or is liable to Plaintiffs in any capacity. All other Defendants admit only that Officer Gregurich was employed by the Omaha Police Department and deny any remaining allegations to the extent directed at them.

14. In response to Paragraph 14, Defendant City and Defendant Valencia-Soethout admit that Officer James Valencia-Soethout was employed by the Omaha Police Department and was acting under color of state law at times relevant to the Complaint. Defendant Valencia-Soethout admits he is sued in his individual and official capacities. Defendant Valencia-Soethout denies that he violated Plaintiffs' rights or is liable to Plaintiffs in any capacity. All other Defendants admit only that Officer Valencia-Soethout was employed by the Omaha Police Department and deny any remaining allegations to the extent directed at them.

15. In response to Paragraph 15, Defendant City and Defendant Rathman admit that Officer Andrew Rathman was employed by the Omaha Police Department and was acting under color of state law at times relevant to the Complaint. Defendant Rathman admits he is sued in his individual and official capacities. Defendant Rathman denies that he violated Plaintiffs' rights, denies that he was present for the events at issue, denies that he personally participated in any alleged constitutional violation, and denies that he is liable to Plaintiffs in any capacity. All other Defendants admit only that Officer Rathman was employed by the Omaha Police Department and deny any remaining allegations to the extent directed at them.

16. In response to Paragraph 16, Defendant City and Defendant Klug admit that Officer William Klug was employed by the Omaha Police Department and was acting under color of state law at times relevant to the Complaint. Defendant Klug admits he is sued in his

individual and official capacities. Defendant Klug denies that he violated Plaintiffs' rights, denies that he was present for the events at issue, denies that he personally participated in any alleged constitutional violation, and denies that he is liable to Plaintiffs in any capacity. All other Defendants admit only that Officer Klug was employed by the Omaha Police Department and deny any remaining allegations to the extent directed at them.

17.     In response to Paragraph 17, Defendant City and Defendant Lapoint admit that Officer Trevor Lapoint was employed by the Omaha Police Department and was acting under color of state law at times relevant to the Complaint. Defendant Lapoint admits he is sued in his individual and official capacities. Defendant Lapoint denies that he violated Plaintiffs' rights or is liable to Plaintiffs in any capacity. All other Defendants admit only that Officer Lapoint was employed by the Omaha Police Department and deny any remaining allegations to the extent directed at them.

18.     In response to Paragraph 18, Defendant City of Omaha and Defendant Courtney Collins admit that Officer Courtney Collins was employed by the Omaha Police Department. Defendant Collins admits that Plaintiffs purport to sue him in his individual and official capacities. Defendant Collins denies that he was present at the scene of the traffic stop alleged in the Complaint, denies that he participated in or observed the events alleged in the Complaint, denies that he had any realistic opportunity to intervene in any alleged conduct, denies that he violated Plaintiffs' rights, and denies that he is liable to Plaintiffs in any capacity. To the extent Paragraph 18 alleges or implies that Defendant Collins acted under color of state law in connection with the events alleged in the Complaint, Defendant Collins denies the same. All other Defendants admit only that Officer Collins was employed by the Omaha Police Department and deny any remaining allegations to the extent directed at them.

19.     In response to Paragraph 19, Defendant City and Defendant Riveros-Echague admit that Officer Gilberto Riveros-Echague was employed by the Omaha Police Department and was acting under color of state law at times relevant to the Complaint. Defendant Riveros-Echague admits he is sued in his individual and official capacities. Defendant Riveros-Echague denies that he violated Plaintiffs' rights or is liable to Plaintiffs in any capacity. All other Defendants admit only that Officer Riveros-Echague was employed by the Omaha Police Department and deny any remaining allegations to the extent directed at them.

20.     In response to Paragraph 20, Defendant City and Defendant Canterbury admit that Officer Yuliya Canterbury was employed by the Omaha Police Department and was acting under color of state law at times relevant to the Complaint. Defendant Canterbury admits she is sued in her individual and official capacities. Defendant Canterbury denies that she violated Plaintiffs' rights or is liable to Plaintiffs in any capacity. All other Defendants admit only that Officer Canterbury was employed by the Omaha Police Department and deny any remaining allegations to the extent directed at them.

21.     In response to Paragraph 21, Defendant City and Defendant Rosiere admit that Officer Michael Rosiere was employed by the Omaha Police Department and was acting under color of state law at times relevant to the Complaint. Defendant Rosiere admits he is sued in his individual and official capacities. Defendant Rosiere denies that he violated Plaintiffs' rights or is liable to Plaintiffs in any capacity. All other Defendants admit only that Officer Rosiere was employed by the Omaha Police Department and deny any remaining allegations to the extent directed at them.

22.     In response to Paragraph 22, Defendant City and Defendant Flores admit that Officer Matthew Flores was employed by the Omaha Police Department and was acting under

color of state law at times relevant to the Complaint. Defendant Flores admits he is sued in his individual and official capacities. Defendant Flores denies that he violated Plaintiffs' rights or is liable to Plaintiffs in any capacity. All other Defendants admit only that Officer Flores was employed by the Omaha Police Department and deny any remaining allegations to the extent directed at them.

23.    In response to Paragraph 23, Defendant City and Defendant Gonzalez-Reynoso admit that Officer Luis Gonzalez-Reynoso was employed by the Omaha Police Department and was acting under color of state law at times relevant to the Complaint. Defendant Gonzalez-Reynoso admits he is sued in his individual and official capacities. Defendant Gonzalez-Reynoso denies that he violated Plaintiffs' rights or is liable to Plaintiffs in any capacity. All other Defendants admit only that Officer Gonzalez-Reynoso was employed by the Omaha Police Department and deny any remaining allegations to the extent directed at them.

24.    In response to Paragraph 24, Defendant City and Defendant Hoffman admit that Sergeant Benjamin Hoffman was employed by the Omaha Police Department and was acting under color of state law at times relevant to the Complaint. Defendant Hoffman admits he is sued in his individual and official capacities. Defendant Hoffman denies that he violated Plaintiffs' rights or is liable to Plaintiffs in any capacity. All other Defendants admit only that Sergeant Hoffman was employed by the Omaha Police Department and deny any remaining allegations to the extent directed at them.

25.    In response to Paragraph 25, Defendant City and Defendant Dawson Jr. admit that Lieutenant William Dawson Jr. was employed by the Omaha Police Department and was acting under color of state law at times relevant to the Complaint. Defendant Dawson Jr. admits he is sued in his individual and official capacities. Defendant Dawson Jr. denies that he violated

- 8 -

Plaintiffs' rights or is liable to Plaintiffs in any capacity. All other Defendants admit only that Lieutenant Dawson Jr. was employed by the Omaha Police Department and deny any remaining allegations to the extent directed at them.

26.    In response to Paragraph 26, Defendant City and Defendant Sheridan admit that Lieutenant Sean Sheridan was employed by the Omaha Police Department and was acting under color of state law at times relevant to the Complaint. Defendant Sheridan admits he is sued in his individual and official capacities. Defendant Sheridan denies that he violated Plaintiffs' rights or is liable to Plaintiffs in any capacity. All other Defendants admit only that Lieutenant Sheridan was employed by the Omaha Police Department and deny any remaining allegations to the extent directed at them.

27.    In response to Paragraph 27, Defendant City and Defendant Schmaderer admit that Todd Schmaderer is sued in his official capacity as Chief of Police. Defendants deny that Chief Schmaderer violated Plaintiffs' rights, ratified any unconstitutional conduct, maintained any unconstitutional policy or custom, or is liable to Plaintiffs.

28.    In response to Paragraph 28, Defendant City admits that the City of Omaha is a municipal corporation organized under the laws of Nebraska and further alleges that the City of Omaha is a city of the metropolitan class. Defendants deny any remaining allegations or implications in Paragraph 28.

29.    In response to Paragraph 29, Defendants admit that the individual officer Defendants were acting under color of state law to the extent they were performing duties within the scope of their employment. Defendants deny that any Defendant acted unlawfully, violated Plaintiffs' rights, or is liable to Plaintiffs.

**FACTUAL ALLEGATIONS**

30. In response to Paragraph 30 of the Complaint, the City Defendants admit the allegations in Paragraph 30.

31. In response to Paragraph 31 of the Complaint, the City Defendants admit the allegations in Paragraph 31.

32. In response to Paragraph 32 of the Complaint, the City Defendants admit the allegations in Paragraph 32.

33. In response to Paragraph 33 of the Complaint, the City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore deny them.

34. In response to Paragraph 34 of the Complaint, the City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore deny them.

35. In response to Paragraph 35 of the Complaint, the City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore deny them.

36. In response to Paragraph 36 of the Complaint, the City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore deny them.

37. In response to Paragraph 37 of the Complaint, the City Defendants admit the allegations in Paragraph 37.

38. In response to Paragraph 38 of the Complaint, the City Defendants admit the allegations in Paragraph 38.

39. In response to Paragraph 39 of the Complaint, the City Defendants admit the allegations in Paragraph 39.

40. In response to Paragraph 40 of the Complaint, the City Defendants admit the allegations in Paragraph 40.

41. In response to Paragraph 41 of the Complaint, the City Defendants admit the allegations in Paragraph 41.

42. In response to Paragraph 42 of the Complaint:

a. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

c. Defendant Mason Gregurich admits the allegations in Paragraph 42.

d. Defendant James Valencia-Soethout admits the allegations in Paragraph 42.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

l.   Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

m.   Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies them.

43.   In response to Paragraph 43 of the Complaint:

a.   Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

b.   Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

c.   Defendant Mason Gregurich admits the allegations in Paragraph 43.

d.   Defendant James Valencia-Soethout admits the allegations in Paragraph 43.

e.   Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

f.   Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

g.   Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

h.   Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

i.   Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

j.  Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

k.  Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

l.  Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

m.  Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies them.

44.  In response to Paragraph 44 of the Complaint:

a.  Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

b.  Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

c.  Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

d.  Defendant James Valencia-Soethout denies the allegations in Paragraph 44 as stated. Defendant Valencia-Soethout specifically denies that Plaintiff Qasim Shabazz immediately informed him that he had a firearm on his person as Officer Valencia-Soethout reached the passenger window. Defendant Valencia-Soethout affirmatively alleges that approximately twenty seconds passed before a firearm was mentioned, and that before any firearm was mentioned, Officer Valencia-Soethout instructed the occupants to turn the vehicle off and Officer Gregurich requested the driver's license and proof of

- 13 -

insurance. Defendant Valencia-Soethout denies any remaining allegations or characterizations in Paragraph 44.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies them.

45. In response to Paragraph 45 of the Complaint:

a. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 45 and therefore denies them. Defendant City of Omaha further denies the legal conclusion that any disclosure was made in full compliance with Neb. Rev. Stat. § 28-1202.04.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 45 and therefore denies them. Defendant Schmaderer further denies the legal conclusion that any disclosure was made in full compliance with Neb. Rev. Stat. § 28-1202.04.

c. Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 45 and therefore denies them. Defendant Gregurich further denies the legal conclusion that any disclosure was made in full compliance with Neb. Rev. Stat. § 28-1202.04.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 45 as stated. Defendant Valencia-Soethout specifically denies that Plaintiff Qasim Shabazz made any disclosure regarding a firearm within seconds of Officer Valencia-Soethout's approach. Defendant Valencia-Soethout affirmatively alleges that approximately twenty seconds passed before a firearm was mentioned, and that before any firearm was mentioned, Officer Valencia-Soethout instructed the occupants to turn the vehicle off and requested the driver's license and proof of insurance. Defendant Valencia-Soethout further denies the legal conclusion that any disclosure was made in full compliance with Neb. Rev. Stat. § 28-1202.04.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 45 and therefore denies them. Defendant Lapoint further denies the legal conclusion that any disclosure was made in full compliance with Neb. Rev. Stat. § 28-1202.04.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph

- 15 -

45 and therefore denies them. Defendant Riveros-Echague further denies the legal conclusion that any disclosure was made in full compliance with Neb. Rev. Stat. § 28-1202.04.

g.  Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 45 and therefore denies them. Defendant Canterbury further denies the legal conclusion that any disclosure was made in full compliance with Neb. Rev. Stat. § 28-1202.04.

h.  Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 45 and therefore denies them. Defendant Rosiere further denies the legal conclusion that any disclosure was made in full compliance with Neb. Rev. Stat. § 28-1202.04.

i.  Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 45 and therefore denies them. Defendant Flores further denies the legal conclusion that any disclosure was made in full compliance with Neb. Rev. Stat. § 28-1202.04.

j.  Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 45 and therefore denies them. Defendant Gonzalez-Reynoso further denies the legal conclusion that any disclosure was made in full compliance with Neb. Rev. Stat. § 28-1202.04.

k.  Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 45 and therefore denies them. Defendant Hoffman further denies the legal conclusion that any disclosure was made in full compliance with Neb. Rev. Stat. § 28-1202.04.

l.  Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 45 and therefore denies them. Defendant Sheridan further denies the legal conclusion that any disclosure was made in full compliance with Neb. Rev. Stat. § 28-1202.04.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 45 and therefore denies them. Defendant Dawson Jr. further denies the legal conclusion that any disclosure was made in full compliance with Neb. Rev. Stat. § 28-1202.04.

46. In response to Paragraph 46 of the Complaint:

a. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

c. Defendant Mason Gregurich admits the allegations in Paragraph 46.

d. Defendant James Valencia-Soethout admits the allegations in Paragraph 46.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

j.  Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

k.  Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

l.  Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

m.  Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies them.

47.  In response to Paragraph 47 of the Complaint:

a.  Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

b.  Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

c.  Defendant Mason Gregurich admits the allegations in Paragraph 47.

d.  Defendant James Valencia-Soethout admits the allegations in Paragraph 47.

e.  Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

f.  Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

g.  Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies them.

48. In response to Paragraph 48 of the Complaint:

a. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

c. Defendant Mason Gregurich admits the allegations in Paragraph 48.

d. Defendant James Valencia-Soethout admits the allegations in Paragraph 48.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

    f.   Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

    g.   Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

    h.   Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

    i.   Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

    j.   Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

    k.   Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

    l.   Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

    m.   Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

49.   In response to Paragraph 49 of the Complaint:

    a.   Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

    b.   Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

c.   Defendant Mason Gregurich admits the allegations in Paragraph 49.

d.   Defendant James Valencia-Soethout admits the allegations in Paragraph 49.

e.   Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

f.   Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

g.   Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

h.   Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

i.   Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

j.   Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

k.   Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

l.   Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

m.   Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

50.   In response to Paragraph 50 of the Complaint:

a. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

c. Defendant Mason Gregurich admits the allegations in Paragraph 50.

d. Defendant James Valencia-Soethout admits the allegations in Paragraph 50.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

l.  Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

m.  Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies them.

51.  In response to Paragraph 51 of the Complaint:

a.  Defendant City of Omaha denies the allegations in Paragraph 51 as stated. Defendant City of Omaha affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle, the disclosure of a firearm by the front passenger to Officer Valencia-Soethout, and the later discovery of an additional firearm in the vehicle that had not been disclosed to the officers who initially approached the vehicle.

b.  Defendant Todd Schmaderer denies the allegations in Paragraph 51 as stated. Defendant Schmaderer affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle, the disclosure of a firearm by the front passenger to Officer Valencia-Soethout, and the later discovery of an additional firearm in the vehicle that had not been disclosed to the officers who initially approached the vehicle.

c.  Defendant Mason Gregurich denies the allegations in Paragraph 51 as stated. Defendant Gregurich affirmatively alleges that, from his position on the driver's side of the vehicle, he did not hear any occupant disclose the presence of a firearm before officer-safety concerns arose. Defendant Gregurich further affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle and the later discovery of an additional firearm in the vehicle that had not been disclosed to him when he initially approached the vehicle.

- 23 -

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 51 as stated. Defendant Valencia-Soethout affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including Plaintiff Qasim Shabazz's disclosure of a firearm and the later discovery of an additional firearm in the vehicle that had not been disclosed to Officer Valencia-Soethout when he initially approached the vehicle. Defendant Valencia-Soethout further affirmatively alleges that he did not hear the driver disclose the presence of a firearm before officer-safety concerns arose.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 51 as stated. Defendant Lapoint affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle, the disclosure of a firearm by the front passenger to Officer Valencia-Soethout, and the later discovery of an additional firearm in the vehicle that had not been disclosed to the officers who initially approached the vehicle.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 51 as stated. Defendant Riveros-Echague affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle, the disclosure of a firearm by the front passenger to Officer Valencia-Soethout, and the later discovery of an additional firearm in the vehicle that had not been disclosed to the officers who initially approached the vehicle.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 51 as stated. Defendant Canterbury affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle, the disclosure of a firearm by the front passenger to Officer Valencia-Soethout, and the later discovery of an additional firearm in the vehicle that had not been disclosed to the officers who initially approached the vehicle.

- 24 -

h. Defendant Michael Rosiere denies the allegations in Paragraph 51 as stated. Defendant Rosiere affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle, the disclosure of a firearm by the front passenger to Officer Valencia-Soethout, and the later discovery of an additional firearm in the vehicle that had not been disclosed to the officers who initially approached the vehicle.

i. Defendant Matthew Flores denies the allegations in Paragraph 51 as stated. Defendant Flores affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle, the disclosure of a firearm by the front passenger to Officer Valencia-Soethout, and the later discovery of an additional firearm in the vehicle that had not been disclosed to the officers who initially approached the vehicle.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 51 as stated. Defendant Gonzalez-Reynoso affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle, the disclosure of a firearm by the front passenger to Officer Valencia-Soethout, and the later discovery of an additional firearm in the vehicle that had not been disclosed to the officers who initially approached the vehicle.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 51 as stated. Defendant Hoffman affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle, the disclosure of a firearm by the front passenger to Officer Valencia-Soethout, and the later discovery of an additional firearm in the vehicle that had not been disclosed to the officers who initially approached the vehicle.

l. Defendant Sean Sheridan denies the allegations in Paragraph 51 as stated. Defendant Sheridan affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the

presence of firearms in the vehicle, the disclosure of a firearm by the front passenger to Officer Valencia-Soethout, and the later discovery of an additional firearm in the vehicle that had not been disclosed to the officers who initially approached the vehicle.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 51 as stated. Defendant Dawson Jr. affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle, the disclosure of a firearm by the front passenger to Officer Valencia-Soethout, and the later discovery of an additional firearm in the vehicle that had not been disclosed to the officers who initially approached the vehicle.

52. In response to Paragraph 52 of the Complaint:

a. Defendant City of Omaha admits that Plaintiffs were cooperative and compliant during the traffic stop. Defendant City of Omaha further alleges that, as to officers who arrived after the initial stop began, Plaintiffs were cooperative and compliant once those officers arrived and had contact with or observed Plaintiffs.

b. Defendant Todd Schmaderer admits that Plaintiffs were cooperative and compliant during the traffic stop. Defendant Schmaderer further alleges that, as to officers who arrived after the initial stop began, Plaintiffs were cooperative and compliant once those officers arrived and had contact with or observed Plaintiffs.

c. Defendant Mason Gregurich admits the allegations in Paragraph 52.

d. Defendant James Valencia-Soethout admits the allegations in Paragraph 52.

e. Defendant Trevor Lapoint admits that Plaintiffs were cooperative and compliant once he arrived and had contact with or observed Plaintiffs, but denies the allegations in Paragraph 52 to the extent they imply that he was present from the first moment of contact with Plaintiffs.

f. Defendant Gilberto Riveros-Echague admits that Plaintiffs were cooperative and compliant once he arrived and had contact with or observed Plaintiffs, but

- 26 -

denies the allegations in Paragraph 52 to the extent they imply that he was present from the first moment of contact with Plaintiffs.

g. Defendant Yuliya Canterbury admits that Plaintiffs were cooperative and compliant once she arrived and had contact with or observed Plaintiffs, but denies the allegations in Paragraph 52 to the extent they imply that she was present from the first moment of contact with Plaintiffs.

h. Defendant Michael Rosiere admits that Plaintiffs were cooperative and compliant once he arrived and had contact with or observed Plaintiffs, but denies the allegations in Paragraph 52 to the extent they imply that he was present from the first moment of contact with Plaintiffs.

i. Defendant Matthew Flores admits that Plaintiffs were cooperative and compliant once he arrived and had contact with or observed Plaintiffs, but denies the allegations in Paragraph 52 to the extent they imply that he was present from the first moment of contact with Plaintiffs.

j. Defendant Luis Gonzalez-Reynoso admits that Plaintiffs were cooperative and compliant once he arrived and had contact with or observed Plaintiffs, but denies the allegations in Paragraph 52 to the extent they imply that he was present from the first moment of contact with Plaintiffs.

k. Defendant Benjamin Hoffman admits that Plaintiffs were cooperative and compliant once he arrived and had contact with or observed Plaintiffs, but denies the allegations in Paragraph 52 to the extent they imply that he was present from the first moment of contact with Plaintiffs.

l. Defendant Sean Sheridan admits that Plaintiffs were cooperative and compliant once he arrived and had contact with or observed Plaintiffs, but denies the allegations in Paragraph 52 to the extent they imply that he was present from the first moment of contact with Plaintiffs.

m. Defendant William Dawson Jr. admits that Plaintiffs were cooperative and compliant once he arrived and had contact with or observed Plaintiffs, but denies the allegations in Paragraph 52 to the extent they imply that he was present from the first moment of contact with Plaintiffs.

53. In response to Paragraph 53 of the Complaint:

a. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

c. Defendant Mason Gregurich denies the allegations in Paragraph 53 as stated. Defendant Gregurich admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon at any occupant of the vehicle, including Plaintiffs. Defendant Gregurich affirmatively alleges that his weapon was held in a modified SUL position, pointed downward from a raised position, and not directly pointed at any person. Defendant Gregurich denies any remaining allegations or characterizations in Paragraph 53.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 53 as stated. Defendant Valencia-Soethout admits that Officer Gregurich drew his service weapon during the traffic stop, but denies that Officer Gregurich pointed his service weapon at any occupant of the vehicle, including Plaintiffs. Defendant Valencia-Soethout affirmatively alleges that Officer Gregurich held his weapon in a modified SUL position, pointed downward from a raised position, and not directly pointed at any person. Defendant Valencia-Soethout denies any remaining allegations or characterizations in Paragraph 53.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

- 28 -

    h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

    i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

    j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

    k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

    l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

    m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

54. In response to Paragraph 54 of the Complaint:

    a. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

    b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

    c. Defendant Mason Gregurich denies the allegations in Paragraph 54 as stated. Defendant Gregurich admits that Officer Valencia-Soethout drew his service weapon during the traffic stop, but denies that Officer Valencia-Soethout pointed his service weapon at Plaintiffs. Defendant Gregurich affirmatively alleges that Officer Valencia-Soethout held his service weapon in a SUL

position and did not point it directly at any person. Defendant Gregurich denies any remaining allegations or characterizations in Paragraph 54.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 54 as stated. Defendant Valencia-Soethout admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon at Plaintiffs. Defendant Valencia-Soethout affirmatively alleges that he held his service weapon in a SUL position and did not point it directly at any person. Defendant Valencia-Soethout denies any remaining allegations or characterizations in Paragraph 54.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies them.

55. In response to Paragraph 55 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 55 as stated. Defendant City of Omaha admits that Officers Gregurich and Valencia-Soethout gave commands for the occupants of the vehicle to exit the vehicle during the traffic stop, but denies that Plaintiffs were ordered to exit the vehicle "at gunpoint." Defendant City of Omaha affirmatively alleges that the officers' service weapons were held in the SUL position and were not pointed directly at Plaintiffs.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

c. Defendant Mason Gregurich denies the allegations in Paragraph 55 as stated. Defendant Gregurich admits that commands were given for the occupants of the vehicle to exit the vehicle during the traffic stop, but denies that Plaintiffs were ordered to exit the vehicle "at gunpoint." Defendant Gregurich affirmatively alleges that his service weapon was held in the SUL position and was not pointed directly at Plaintiffs. Defendant Gregurich denies any remaining allegations or characterizations in Paragraph 55.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 55 as stated. Defendant Valencia-Soethout admits that commands were given for the occupants of the vehicle to exit the vehicle during the traffic stop, but denies that Plaintiffs were ordered to exit the vehicle "at gunpoint." Defendant Valencia-Soethout affirmatively alleges that his service weapon was held in the SUL position and was not pointed directly at Plaintiffs. Defendant

Valencia-Soethout denies any remaining allegations or characterizations in Paragraph 55.

e.  Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

f.  Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

g.  Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

h.  Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

i.  Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

j.  Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

k.  Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

l.  Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

m.  Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies them.

56.  In response to Paragraph 56 of the Complaint:

a.  Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

b.  Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

c.  Defendant Mason Gregurich admits the allegations in Paragraph 56.

d.  Defendant James Valencia-Soethout admits the allegations in Paragraph 56.

e.  Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

f.  Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

g.  Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

h.  Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

i.  Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

j.  Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

k.  Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

l.   Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

m.   Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

57.   In response to Paragraph 57 of the Complaint:

a.   Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

b.   Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

c.   Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

d.   Defendant James Valencia-Soethout denies the allegations in Paragraph 57 as stated. Defendant Valencia-Soethout admits that he addressed Plaintiff Qasim Shabazz regarding his firearm, but denies that he pointed his service weapon at Plaintiff Shabazz's head. Defendant Valencia-Soethout affirmatively alleges that his service weapon was unholstered for approximately thirty seconds, was held in the SUL position, and was holstered before Plaintiff Shabazz was removed from the vehicle. Defendant Valencia-Soethout denies any remaining allegations or characterizations in Paragraph 57.

e.   Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

f.   Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

- 34 -

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

58. In response to Paragraph 58 of the Complaint:

a. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

c. Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 58. Defendant Valencia-Soethout specifically denies that he ordered Plaintiff Qasim Shabazz to hand over his firearm. Defendant Valencia-Soethout affirmatively alleges that Plaintiff Shabazz initiated the removal of the firearm by stating words to the effect of, "You can take it off of me." Defendant Valencia-Soethout denies any remaining allegations or characterizations in Paragraph 58.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies them.

59.   In response to Paragraph 59 of the Complaint:

a. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

c. Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 59. Defendant Valencia-Soethout specifically denies that he pointed his service weapon at Plaintiff Qasim Shabazz's head, denies that Plaintiff Shabazz refused to hand over his firearm, and denies that Plaintiff Shabazz stated words to the effect of, "No, I'm not doing that. No, you ain't going to shoot me." Defendant Valencia-Soethout affirmatively alleges that Plaintiff Shabazz initiated the removal of the firearm by stating words to the effect of, "You can take it off of me." Defendant Valencia-Soethout denies any remaining allegations or characterizations in Paragraph 59.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

h.  Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

i.  Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

j.  Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

k.  Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

l.  Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

m.  Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies them.

60.  In response to Paragraph 60 of the Complaint:

a.  Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to Plaintiff Qasim Shabazz's subjective fears or beliefs and therefore denies the factual allegations in Paragraph 60. Defendant City of Omaha further denies the legal conclusion and characterization that any such fear was reasonable.

b.  Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to Plaintiff Qasim Shabazz's subjective fears or beliefs and therefore denies the factual allegations in Paragraph 60. Defendant Schmaderer further denies the legal conclusion and characterization that any such fear was reasonable.

c.  Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to Plaintiff Qasim Shabazz's subjective fears or beliefs and

- 38 -

therefore denies the factual allegations in Paragraph 60. Defendant Gregurich further denies the legal conclusion and characterization that any such fear was reasonable.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 60. Defendant Valencia-Soethout lacks knowledge or information sufficient to form a belief as to Plaintiff Qasim Shabazz's subjective fears or beliefs and therefore denies those allegations. Defendant Valencia-Soethout further denies that any such fear was reasonable. Defendant Valencia-Soethout specifically denies that he pointed his service weapon at Plaintiff Shabazz, denies that he ordered Plaintiff Shabazz to reach for or remove his own firearm, and affirmatively alleges that Plaintiff Shabazz initiated the removal of the firearm by stating words to the effect of, "You can take it off of me." Defendant Valencia-Soethout denies any remaining allegations or characterizations in Paragraph 60.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to Plaintiff Qasim Shabazz's subjective fears or beliefs and therefore denies the factual allegations in Paragraph 60. Defendant Lapoint further denies the legal conclusion and characterization that any such fear was reasonable.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to Plaintiff Qasim Shabazz's subjective fears or beliefs and therefore denies the factual allegations in Paragraph 60. Defendant Riveros-Echague further denies the legal conclusion and characterization that any such fear was reasonable.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to Plaintiff Qasim Shabazz's subjective fears or beliefs and therefore denies the factual allegations in Paragraph 60. Defendant Canterbury further denies the legal conclusion and characterization that any such fear was reasonable.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to Plaintiff Qasim Shabazz's subjective fears or beliefs and

therefore denies the factual allegations in Paragraph 60. Defendant Rosiere further denies the legal conclusion and characterization that any such fear was reasonable.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to Plaintiff Qasim Shabazz's subjective fears or beliefs and therefore denies the factual allegations in Paragraph 60. Defendant Flores further denies the legal conclusion and characterization that any such fear was reasonable.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to Plaintiff Qasim Shabazz's subjective fears or beliefs and therefore denies the factual allegations in Paragraph 60. Defendant Gonzalez-Reynoso further denies the legal conclusion and characterization that any such fear was reasonable.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to Plaintiff Qasim Shabazz's subjective fears or beliefs and therefore denies the factual allegations in Paragraph 60. Defendant Hoffman further denies the legal conclusion and characterization that any such fear was reasonable.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to Plaintiff Qasim Shabazz's subjective fears or beliefs and therefore denies the factual allegations in Paragraph 60. Defendant Sheridan further denies the legal conclusion and characterization that any such fear was reasonable.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to Plaintiff Qasim Shabazz's subjective fears or beliefs and therefore denies the factual allegations in Paragraph 60. Defendant Dawson Jr. further denies the legal conclusion and characterization that any such fear was reasonable.

61. In response to Paragraph 61 of the Complaint:

- 40 -

a.  Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

b.  Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

c.  Defendant Mason Gregurich admits that Plaintiff Qasim Shabazz told Officer Valencia-Soethout that Officer Valencia-Soethout could remove the firearm from its holster. Defendant Gregurich lacks knowledge or information sufficient to form a belief as to Plaintiff Shabazz's subjective purpose for making that statement and therefore denies any remaining allegations or characterizations in Paragraph 61.

d.  Defendant James Valencia-Soethout admits that Plaintiff Qasim Shabazz told him that he could remove the firearm from its holster. Defendant Valencia-Soethout lacks knowledge or information sufficient to form a belief as to Plaintiff Shabazz's subjective purpose for making that statement and therefore denies any remaining allegations or characterizations in Paragraph 61.

e.  Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

f.  Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

g.  Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

h.  Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

     i.   Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

     j.   Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

     k.   Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

     l.   Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

     m.   Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies them.

62.   In response to Paragraph 62 of the Complaint:

     a.   Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

     b.   Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

     c.   Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

     d.   Defendant James Valencia-Soethout denies the allegations in Paragraph 62. Defendant Valencia-Soethout specifically denies that Plaintiff Qasim Shabazz instructed him on how to remove the firearm from the holster and denies that Plaintiff Shabazz had to instruct him on how to properly remove the firearm. Defendant Valencia-Soethout denies any remaining allegations or characterizations in Paragraph 62.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

63. In response to Paragraph 63 of the Complaint:

a. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

c. Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

d. Defendant James Valencia-Soethout admits that he removed Plaintiff Qasim Shabazz's firearm from its holster, but denies that he followed any instructions from Plaintiff Shabazz in doing so. Defendant Valencia-Soethout specifically denies that Plaintiff Shabazz instructed him on how to remove the firearm from the holster. Defendant Valencia-Soethout denies any remaining allegations or characterizations in Paragraph 63.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

64. In response to Paragraph 64 of the Complaint:

a. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

c. Defendant Mason Gregurich denies the allegations in Paragraph 64 as stated. Defendant Gregurich admits that Plaintiff Qasim Shabazz exited the vehicle and was placed in handcuffs, but denies that Plaintiff Shabazz was immediately placed in handcuffs upon exiting the vehicle. Defendant Gregurich affirmatively alleges that Plaintiff Shabazz was walked to the rear of the vehicle before being placed in handcuffs. Defendant Gregurich denies any remaining allegations or characterizations in Paragraph 64.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 64 as stated. Defendant Valencia-Soethout admits that Plaintiff Qasim Shabazz exited the vehicle and was placed in handcuffs, but denies that Plaintiff Shabazz was immediately placed in handcuffs upon exiting the vehicle. Defendant Valencia-Soethout affirmatively alleges that Plaintiff Shabazz was walked to the rear of the vehicle before being placed in handcuffs. Defendant Valencia-Soethout denies any remaining allegations or characterizations in Paragraph 64.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

65. In response to Paragraph 65 of the Complaint:

a. Defendant City of Omaha admits that additional Omaha Police Department officers arrived at the scene after the initial stop, including Defendants Benjamin Hoffman, Trevor Lapoint, Gilberto Riveros-Echague, Yuliya

Canterbury, Michael Rosiere, Matthew Flores, Luis Gonzalez-Reynoso, Sean Sheridan, and William Dawson Jr. Defendant City of Omaha denies that Defendants Andrew Rathman, William Klug, and Courtney Collins arrived at the scene. Defendant City of Omaha denies any remaining allegations or characterizations in Paragraph 65.

b. Defendant Todd Schmaderer admits that additional Omaha Police Department officers arrived at the scene after the initial stop, including Defendants Benjamin Hoffman, Trevor Lapoint, Gilberto Riveros-Echague, Yuliya Canterbury, Michael Rosiere, Matthew Flores, Luis Gonzalez-Reynoso, Sean Sheridan, and William Dawson Jr. Defendant Schmaderer denies that Defendants Andrew Rathman, William Klug, and Courtney Collins arrived at the scene. Defendant Schmaderer denies any remaining allegations or characterizations in Paragraph 65.

c. Defendant Mason Gregurich admits that additional Omaha Police Department officers arrived at the scene after the initial stop, including Defendants Benjamin Hoffman, Trevor Lapoint, Gilberto Riveros-Echague, Yuliya Canterbury, Michael Rosiere, Matthew Flores, Luis Gonzalez-Reynoso, Sean Sheridan, and William Dawson Jr. Defendant Gregurich denies that Defendants Andrew Rathman, William Klug, and Courtney Collins arrived at the scene. Defendant Gregurich denies any remaining allegations or characterizations in Paragraph 65.

d. Defendant James Valencia-Soethout admits that additional Omaha Police Department officers arrived at the scene after the initial stop, including Defendants Benjamin Hoffman, Trevor Lapoint, Gilberto Riveros-Echague, Yuliya Canterbury, Michael Rosiere, Matthew Flores, Luis Gonzalez-Reynoso, Sean Sheridan, and William Dawson Jr. Defendant Valencia-Soethout denies that Defendants Andrew Rathman, William Klug, and Courtney Collins arrived at the scene. Defendant Valencia-Soethout denies any remaining allegations or characterizations in Paragraph 65.

e. Defendant Trevor Lapoint admits that he arrived at the scene after the initial stop. Defendant Lapoint denies any remaining allegations or characterizations in Paragraph 65.

f. Defendant Gilberto Riveros-Echague admits that he arrived at the scene after the initial stop. Defendant Riveros-Echague denies any remaining allegations or characterizations in Paragraph 65.

g. Defendant Yuliya Canterbury admits that she arrived at the scene after the initial stop. Defendant Canterbury denies any remaining allegations or characterizations in Paragraph 65.

h. Defendant Michael Rosiere admits that he arrived at the scene after the initial stop. Defendant Rosiere denies any remaining allegations or characterizations in Paragraph 65.

i. Defendant Matthew Flores admits that he arrived at the scene after the initial stop. Defendant Flores denies any remaining allegations or characterizations in Paragraph 65.

j. Defendant Luis Gonzalez-Reynoso admits that he arrived at the scene after the initial stop. Defendant Gonzalez-Reynoso denies any remaining allegations or characterizations in Paragraph 65.

k. Defendant Benjamin Hoffman admits that he arrived at the scene after the initial stop. Defendant Hoffman denies any remaining allegations or characterizations in Paragraph 65.

l. Defendant Sean Sheridan admits that he arrived at the scene after the initial stop. Defendant Sheridan denies any remaining allegations or characterizations in Paragraph 65.

m. Defendant William Dawson Jr. admits that he arrived at the scene after the initial stop. Defendant Dawson Jr. denies any remaining allegations or characterizations in Paragraph 65.

66. In response to Paragraph 66 of the Complaint, the City Defendants admit the allegations in Paragraph 66.

67. In response to Paragraph 67 of the Complaint:

a. Defendant City of Omaha admits that one Omaha Police Department officer approached the rear passenger side of the vehicle where Plaintiff George Williams was seated.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies them.

c. Defendant Mason Gregurich admits that one Omaha Police Department officer approached the rear passenger side of the vehicle where Plaintiff George Williams was seated.

d. Defendant James Valencia-Soethout admits that one Omaha Police Department officer approached the rear passenger side of the vehicle where Plaintiff George Williams was seated.

e. Defendant Trevor Lapoint admits that one Omaha Police Department officer approached the rear passenger side of the vehicle where Plaintiff George Williams was seated. Defendant Lapoint denies any allegation or implication that he personally approached Plaintiff Williams or personally pointed a firearm at Plaintiff Williams.

f. Defendant Gilberto Riveros-Echague admits that one Omaha Police Department officer approached the rear passenger side of the vehicle where Plaintiff George Williams was seated. Defendant Riveros-Echague denies any allegation or implication that he personally approached Plaintiff Williams or personally pointed a firearm at Plaintiff Williams.

g. Defendant Yuliya Canterbury admits that one Omaha Police Department officer approached the rear passenger side of the vehicle where Plaintiff George Williams was seated. Defendant Canterbury denies any allegation or implication that she personally approached Plaintiff Williams or personally pointed a firearm at Plaintiff Williams.

h. Defendant Michael Rosiere admits that one Omaha Police Department officer approached the rear passenger side of the vehicle where Plaintiff George Williams was seated.

i. Defendant Matthew Flores admits that one Omaha Police Department officer approached the rear passenger side of the vehicle where Plaintiff George Williams was seated. Defendant Flores denies any allegation or implication that he personally approached Plaintiff Williams or personally pointed a firearm at Plaintiff Williams.

j. Defendant Luis Gonzalez-Reynoso admits that one Omaha Police Department officer approached the rear passenger side of the vehicle where Plaintiff George Williams was seated. Defendant Gonzalez-Reynoso denies any allegation or implication that he personally approached Plaintiff Williams or personally pointed a firearm at Plaintiff Williams.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies them. Defendant Hoffman affirmatively alleges that he arrived after all occupants had already been placed in handcuffs.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies them. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies them. Defendant Dawson affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

68. In response to Paragraph 68 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 68 as stated. Defendant City of Omaha denies that any officer pointed a firearm directly at Plaintiff George Williams's face.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them.

c. Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them.

d. Defendant James Valencia-Soethout lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 68 as stated. Defendant Lapoint admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm directly at Plaintiff George Williams's face or at any other person. Defendant Lapoint affirmatively alleges that his firearm remained pointed down. Defendant Lapoint denies any remaining allegations or characterizations in Paragraph 68.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 68 as stated. Defendant Riveros-Echague admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm directly at Plaintiff George Williams's face or at any other person. Defendant Riveros-Echague affirmatively alleges that his firearm remained pointed down. Defendant Riveros-Echague denies any remaining allegations or characterizations in Paragraph 68.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them.

h. Defendant Michael Rosiere denies the allegations in Paragraph 68 as stated. Defendant Rosiere admits that he interacted with Plaintiff George Williams, but denies that he pointed a firearm directly at Plaintiff Williams's face. Defendant Rosiere denies any remaining allegations or characterizations in Paragraph 68.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them. Defendant Hoffman affirmatively alleges that he arrived after all occupants had already been placed in handcuffs.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

69. In response to Paragraph 69 of the Complaint:

a. Defendant City of Omaha admits that Plaintiff George Williams had his hands raised and was complying with officer commands during the officers' interaction with him.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them.

c. Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them.

d. Defendant James Valencia-Soethout lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them.

e. Defendant Trevor Lapoint admits that Plaintiff George Williams was complying with officer commands to the extent Defendant Lapoint observed him.

f. Defendant Gilberto Riveros-Echague admits that Plaintiff George Williams was complying with officer commands to the extent Defendant Riveros-Echague observed him.

g. Defendant Yuliya Canterbury admits that Plaintiff George Williams was complying with officer commands to the extent Defendant Canterbury observed him.

h. Defendant Michael Rosiere admits that Plaintiff George Williams had his hands raised and was complying with officer commands during Defendant Rosiere's interaction with him.

i. Defendant Matthew Flores admits that Plaintiff George Williams was complying with officer commands to the extent Defendant Flores observed him.

j. Defendant Luis Gonzalez-Reynoso admits that Plaintiff George Williams was complying with officer commands to the extent Defendant Gonzalez-Reynoso observed him.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them. Defendant Hoffman affirmatively alleges that he arrived after all occupants had already been placed in handcuffs.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

- 53 -

70.    In response to Paragraph 70 of the Complaint:

a.  Defendant City of Omaha admits that an Omaha Police Department officer gave Plaintiff George Williams a command regarding his seatbelt during the process of removing him from the vehicle.

b.  Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies them.

c.  Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies them.

d.  Defendant James Valencia-Soethout lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies them.

e.  Defendant Trevor Lapoint admits that he gave Plaintiff George Williams a command regarding his seatbelt during the process of removing him from the vehicle. Defendant Lapoint denies any remaining allegations or characterizations in Paragraph 70.

f.  Defendant Gilberto Riveros-Echague admits that an Omaha Police Department officer gave Plaintiff George Williams a command regarding his seatbelt during the process of removing him from the vehicle, to the extent Defendant Riveros-Echague observed the same. Defendant Riveros-Echague denies any allegation or implication that he personally gave that command to Plaintiff Williams.

g.  Defendant Yuliya Canterbury admits that an Omaha Police Department officer gave Plaintiff George Williams a command regarding his seatbelt during the process of removing him from the vehicle, to the extent Defendant Canterbury observed the same. Defendant Canterbury denies any allegation or implication that she personally gave that command to Plaintiff Williams.

h.  Defendant Michael Rosiere admits that an Omaha Police Department officer gave Plaintiff George Williams a command regarding his seatbelt during the process of removing him from the vehicle, to the extent Defendant Rosiere

observed the same. Defendant Rosiere denies any allegation or implication that he personally gave that command to Plaintiff Williams.

i.  Defendant Matthew Flores admits that an Omaha Police Department officer gave Plaintiff George Williams a command regarding his seatbelt during the process of removing him from the vehicle, to the extent Defendant Flores observed the same. Defendant Flores denies any allegation or implication that he personally gave that command to Plaintiff Williams.

j.  Defendant Luis Gonzalez-Reynoso admits that an Omaha Police Department officer gave Plaintiff George Williams a command regarding his seatbelt during the process of removing him from the vehicle, to the extent Defendant Gonzalez-Reynoso observed the same. Defendant Gonzalez-Reynoso denies any allegation or implication that he personally gave that command to Plaintiff Williams.

k.  Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies them. Defendant Hoffman affirmatively alleges that he arrived after all occupants had already been placed in handcuffs.

l.  Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies them. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m.  Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies them. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

71.  In response to Paragraph 71 of the Complaint:

a.  Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to whether Plaintiff George Williams stated that the officer could remove the seatbelt himself and therefore denies that allegation. Defendant City of Omaha further lacks knowledge or information sufficient to form a

- 55 -

belief as to Plaintiff Williams's subjective reason or motivation for any statement or conduct and therefore denies any remaining allegations or characterizations in Paragraph 71.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them.

c. Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them.

d. Defendant James Valencia-Soethout lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them.

e. Defendant Trevor Lapoint admits that he instructed Plaintiff George Williams to unbuckle his seatbelt and step out of the vehicle. Defendant Lapoint lacks knowledge or information sufficient to form a belief as to whether Plaintiff Williams stated that Defendant Lapoint could remove the seatbelt himself and therefore denies that allegation. Defendant Lapoint further lacks knowledge or information sufficient to form a belief as to Plaintiff Williams's subjective reason or motivation for any statement or conduct and therefore denies any remaining allegations or characterizations in Paragraph 71.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to whether Plaintiff Williams stated that the officer could remove the seatbelt himself and therefore denies that allegation. Defendant Rosiere further lacks knowledge or information sufficient to form a belief as to Plaintiff Williams's subjective reason or motivation for any statement or

conduct and therefore denies any remaining allegations or characterizations in Paragraph 71.

    i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them.

    j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them.

    k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them. Defendant Hoffman affirmatively alleges that he arrived after all occupants had already been placed in handcuffs.

    l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

    m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and therefore denies them. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

72. In response to Paragraph 72 of the Complaint:

    a. Defendant City of Omaha denies the allegations in Paragraph 72 as stated. Defendant City of Omaha affirmatively alleges that Plaintiff George Williams removed his own seatbelt.

    b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them.

    c. Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them.

- 57 -

d. Defendant James Valencia-Soethout lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 72. Defendant Lapoint specifically denies that he removed Plaintiff George Williams's seatbelt and affirmatively alleges that Plaintiff Williams removed his own seatbelt. Defendant Lapoint denies any remaining allegations or characterizations in Paragraph 72.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them. Defendant Hoffman affirmatively alleges that he arrived after all occupants had already been placed in handcuffs.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies them. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

73. In response to Paragraph 73 of the Complaint:

a. Defendant City of Omaha admits that Plaintiff George Williams turned around as instructed and was placed in handcuffs by Officer Michael Rosiere.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them.

c. Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them.

d. Defendant James Valencia-Soethout lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them.

e. Defendant Trevor Lapoint admits that Plaintiff George Williams turned around as instructed and was placed in handcuffs by Officer Michael Rosiere. Defendant Lapoint further admits that he was involved in directing Plaintiff Williams during the removal and handcuffing process, but denies any allegation or implication that he personally placed Plaintiff Williams in handcuffs. Defendant Lapoint denies any remaining allegations or characterizations in Paragraph 73.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them.

h. Defendant Michael Rosiere admits that Plaintiff George Williams turned around as instructed and that he placed Plaintiff Williams in handcuffs. Defendant Rosiere denies any remaining allegations or characterizations in Paragraph 73.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them. Defendant Hoffman affirmatively alleges that he arrived after all occupants had already been placed in handcuffs.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

74. In response to Paragraph 74 of the Complaint:

a. Defendant City of Omaha admits that Officer Mason Gregurich approached the rear driver's side of the vehicle where Plaintiff Nadia Metoyer was seated.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them.

c. Defendant Mason Gregurich admits that he approached the rear driver's side of the vehicle where Plaintiff Nadia Metoyer was seated.

d.  Defendant James Valencia-Soethout admits that Officer Gregurich approached the rear driver's side of the vehicle where Plaintiff Nadia Metoyer was seated.

e.  Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them.

f.  Defendant Gilberto Riveros-Echague admits that Officer Gregurich approached the rear driver's side of the vehicle where Plaintiff Nadia Metoyer was seated.

g.  Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them.

h.  Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them.

i.  Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them.

j.  Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them.

k.  Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them. Defendant Hoffman affirmatively alleges that he arrived after all occupants had already been placed in handcuffs.

l.  Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m.  Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore

- 61 -

denies them. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

75.   In response to Paragraph 75 of the Complaint:

a.   Defendant City of Omaha denies the allegations in Paragraph 75 as stated. Defendant City of Omaha admits that Officer Mason Gregurich approached Plaintiff Nadia Metoyer and that Plaintiff Metoyer was removed from the vehicle, but denies that Officer Gregurich pointed a firearm at Plaintiff Metoyer. Defendant City of Omaha denies any remaining allegations or characterizations in Paragraph 75.

b.   Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies them.

c.   Defendant Mason Gregurich denies the allegations in Paragraph 75 as stated. Defendant Gregurich admits that he approached Plaintiff Nadia Metoyer and that Plaintiff Metoyer was removed from the vehicle, but denies that he pointed a firearm at Plaintiff Metoyer. Defendant Gregurich denies any remaining allegations or characterizations in Paragraph 75.

d.   Defendant James Valencia-Soethout denies the allegations in Paragraph 75 as stated. Defendant Valencia-Soethout admits that Officer Gregurich approached Plaintiff Nadia Metoyer and that Plaintiff Metoyer was removed from the vehicle, but denies that Officer Gregurich pointed a firearm at Plaintiff Metoyer. Defendant Valencia-Soethout denies any remaining allegations or characterizations in Paragraph 75.

e.   Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies them. To the extent Paragraph 75 alleges or implies that Defendant Lapoint pointed a firearm at Plaintiff Nadia Metoyer, Defendant Lapoint denies the same.

f.   Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 75 as stated. Defendant Riveros-Echague admits that he observed Officer Gregurich

interact with Plaintiff Nadia Metoyer, but denies that Officer Gregurich pointed a firearm at Plaintiff Metoyer. Defendant Riveros-Echague further denies that he pointed a firearm at Plaintiff Metoyer or at any other person. Defendant Riveros-Echague denies any remaining allegations or characterizations in Paragraph 75.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies them. To the extent Paragraph 75 alleges or implies that Defendant Canterbury pointed a firearm at Plaintiff Nadia Metoyer, Defendant Canterbury denies the same.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies them. To the extent Paragraph 75 alleges or implies that Defendant Rosiere pointed a firearm at Plaintiff Nadia Metoyer, Defendant Rosiere denies the same.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies them. To the extent Paragraph 75 alleges or implies that Defendant Flores pointed a firearm at Plaintiff Nadia Metoyer, Defendant Flores denies the same.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies them. To the extent Paragraph 75 alleges or implies that Defendant Gonzalez-Reynoso pointed a firearm at Plaintiff Nadia Metoyer, Defendant Gonzalez-Reynoso denies the same.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies them. Defendant Hoffman affirmatively alleges that he arrived after all occupants had already been placed in handcuffs.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies

them. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies them. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

76. In response to Paragraph 76 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 76 as stated. Defendant City of Omaha admits that Plaintiff Nadia Metoyer was directed to exit the vehicle, but denies that she was ordered to exit the vehicle "at gunpoint." Defendant City of Omaha denies any remaining allegations or characterizations in Paragraph 76.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies them.

c. Defendant Mason Gregurich denies the allegations in Paragraph 76 as stated. Defendant Gregurich admits that Plaintiff Nadia Metoyer was directed to exit the vehicle, but denies that she was ordered to exit the vehicle "at gunpoint." Defendant Gregurich specifically denies that he pointed a firearm at Plaintiff Metoyer. Defendant Gregurich denies any remaining allegations or characterizations in Paragraph 76.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 76 as stated. Defendant Valencia-Soethout admits that Plaintiff Nadia Metoyer was directed to exit the vehicle, but denies that she was ordered to exit the vehicle "at gunpoint." Defendant Valencia-Soethout denies any allegation or implication that he pointed a firearm at Plaintiff Metoyer. Defendant Valencia-Soethout denies any remaining allegations or characterizations in Paragraph 76.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies

them. To the extent Paragraph 76 alleges or implies that Defendant Lapoint ordered Plaintiff Nadia Metoyer to exit the vehicle at gunpoint or pointed a firearm at Plaintiff Metoyer, Defendant Lapoint denies the same.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 76 as stated. Defendant Riveros-Echague admits that Plaintiff Nadia Metoyer was directed to exit the vehicle, but denies that she was ordered to exit the vehicle "at gunpoint." Defendant Riveros-Echague further denies that he pointed a firearm at Plaintiff Metoyer or at any other person. Defendant Riveros-Echague denies any remaining allegations or characterizations in Paragraph 76.

g.  Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies them. To the extent Paragraph 76 alleges or implies that Defendant Canterbury ordered Plaintiff Nadia Metoyer to exit the vehicle at gunpoint or pointed a firearm at Plaintiff Metoyer, Defendant Canterbury denies the same.

h.  Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies them. To the extent Paragraph 76 alleges or implies that Defendant Rosiere ordered Plaintiff Nadia Metoyer to exit the vehicle at gunpoint or pointed a firearm at Plaintiff Metoyer, Defendant Rosiere denies the same.

i.  Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies them. To the extent Paragraph 76 alleges or implies that Defendant Flores ordered Plaintiff Nadia Metoyer to exit the vehicle at gunpoint or pointed a firearm at Plaintiff Metoyer, Defendant Flores denies the same.

j.  Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies them. To the extent Paragraph 76 alleges or implies that Defendant Gonzalez-Reynoso ordered Plaintiff Nadia Metoyer to exit the vehicle at gunpoint or pointed a firearm at Plaintiff Metoyer, Defendant Gonzalez-Reynoso denies the same.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies them. Defendant Hoffman affirmatively alleges that he arrived after all occupants had already been placed in handcuffs.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies them. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and therefore denies them. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

77. In response to Paragraph 77 of the Complaint, the City Defendants admit the allegations in Paragraph 77.

78. In response to Paragraph 78 of the Complaint:

a. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

c. Defendant Mason Gregurich admits the allegations in Paragraph 78.

d. Defendant James Valencia-Soethout admits the allegations in Paragraph 78.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

79. In response to Paragraph 79 of the Complaint:

a. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

c. Defendant Mason Gregurich admits the allegations in Paragraph 79.

d. Defendant James Valencia-Soethout admits the allegations in Paragraph 79.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

80. In response to Paragraph 80 of the Complaint:

a. Defendant City of Omaha admits that Plaintiffs complied with commands to exit the vehicle when instructed.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies them.

c. Defendant Mason Gregurich admits the allegations in Paragraph 80.

d. Defendant James Valencia-Soethout admits the allegations in Paragraph 80.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival at the scene and therefore denies the allegations in Paragraph 80 to that extent. Defendant Lapoint admits that, to the extent he observed Plaintiffs after his arrival, Plaintiffs complied with officer commands.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival at the scene and therefore denies the allegations in Paragraph 80 to that extent. Defendant Riveros-Echague admits that, to the extent he observed Plaintiffs after his arrival, Plaintiffs complied with officer commands.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival at the scene and therefore denies the allegations in Paragraph 80 to that extent. Defendant Canterbury admits that, to the extent she observed Plaintiffs after her arrival, Plaintiffs complied with officer commands.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to what occurred before his arrival at the scene and therefore denies the allegations in Paragraph 80 to that extent. Defendant Rosiere admits that, to the extent he observed Plaintiffs after his arrival, Plaintiffs complied with officer commands.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival at the scene and therefore denies the allegations in Paragraph 80 to that extent. Defendant Flores admits that, to the extent he observed Plaintiffs after his arrival, Plaintiffs complied with officer commands.

j.  Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to what occurred before his arrival at the scene and therefore denies the allegations in Paragraph 80 to that extent. Defendant Gonzalez-Reynoso admits that, to the extent he observed Plaintiffs after his arrival, Plaintiffs complied with officer commands.

k.  Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival at the scene and therefore denies the allegations in Paragraph 80 to that extent. Defendant Hoffman affirmatively alleges that he arrived after all occupants had already been placed in handcuffs.

l.  Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival at the scene and therefore denies the allegations in Paragraph 80 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m.  Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival at the scene and therefore denies the allegations in Paragraph 80 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

81.  In response to Paragraph 81 of the Complaint:

a.  Defendant City of Omaha admits that Plaintiffs complied with commands to exit the vehicle and had their hands visible when exiting. Defendant City of Omaha denies that officers' weapons remained pointed at Plaintiffs as they exited the vehicle.

b.  Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and therefore denies them.

c.  Defendant Mason Gregurich admits that Plaintiffs complied with commands to exit the vehicle and had their hands visible when exiting. Defendant Gregurich denies that officers' weapons remained pointed at Plaintiffs as they

- 70 -

exited the vehicle and further denies that he pointed his service weapon at Plaintiffs.

d. Defendant James Valencia-Soethout admits that Plaintiffs complied with commands to exit the vehicle and had their hands visible when exiting. Defendant Valencia-Soethout denies that officers' weapons remained pointed at Plaintiffs as they exited the vehicle and further denies that he pointed his service weapon at Plaintiffs.

e. Defendant Trevor Lapoint admits that, to the extent he observed Plaintiffs exit the vehicle, Plaintiffs complied with officer commands and had their hands visible. Defendant Lapoint denies that he pointed his weapon at Plaintiffs or at any other person. Defendant Lapoint affirmatively alleges that his firearm remained pointed down.

f. Defendant Gilberto Riveros-Echague admits that, to the extent he observed Plaintiffs exit the vehicle, Plaintiffs complied with officer commands and had their hands visible. Defendant Riveros-Echague denies that he pointed his weapon at Plaintiffs or at any other person. Defendant Riveros-Echague affirmatively alleges that his firearm remained pointed down.

g. Defendant Yuliya Canterbury admits that, to the extent she observed Plaintiffs exit the vehicle, Plaintiffs complied with officer commands and had their hands visible. Defendant Canterbury denies that she pointed a weapon at Plaintiffs or at any other person.

h. Defendant Michael Rosiere admits that, to the extent he observed Plaintiffs exit the vehicle, Plaintiffs complied with officer commands and had their hands visible. Defendant Rosiere denies that he pointed a weapon at Plaintiffs or at any other person.

i. Defendant Matthew Flores admits that, to the extent he observed Plaintiffs exit the vehicle, Plaintiffs complied with officer commands and had their hands visible. Defendant Flores denies that he pointed a weapon at Plaintiffs or at any other person.

j. Defendant Luis Gonzalez-Reynoso admits that, to the extent he observed Plaintiffs exit the vehicle, Plaintiffs complied with officer commands and had

their hands visible. Defendant Gonzalez-Reynoso denies that he pointed a weapon at Plaintiffs or at any other person.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival at the scene and therefore denies the allegations in Paragraph 81 to that extent. Defendant Hoffman affirmatively alleges that he arrived after all occupants had already been placed in handcuffs and denies that he pointed a weapon at Plaintiffs or at any other person.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival at the scene and therefore denies the allegations in Paragraph 81 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle and denies that he pointed a weapon at Plaintiffs or at any other person.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival at the scene and therefore denies the allegations in Paragraph 81 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed, and denies that he pointed a weapon at Plaintiffs or at any other person.

82. In response to Paragraph 82 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 83 as stated. Defendant City of Omaha admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant City of Omaha affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore denies them.

c. Defendant Mason Gregurich denies the allegations in Paragraph 83 as stated. Defendant Gregurich admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Gregurich affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 83 as stated. Defendant Valencia-Soethout admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Valencia-Soethout affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 83 as stated. Defendant Lapoint admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Lapoint affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 83 as stated. Defendant Riveros-Echague admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained

handcuffed for approximately thirty minutes. Defendant Riveros-Echague affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 83 as stated. Defendant Canterbury admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Canterbury affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

h. Defendant Michael Rosiere denies the allegations in Paragraph 83 as stated. Defendant Rosiere admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Rosiere affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

i. Defendant Matthew Flores denies the allegations in Paragraph 83 as stated. Defendant Flores admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Flores affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 83 as stated. Defendant Gonzalez-Reynoso admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Gonzalez-Reynoso affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

k.  Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the duration of time Plaintiffs were handcuffed before his arrival and therefore denies the allegations in Paragraph 83 to that extent. Defendant Hoffman affirmatively alleges that he arrived after all occupants had already been placed in handcuffs.

l.  Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the duration of time Plaintiffs were handcuffed before his arrival and therefore denies the allegations in Paragraph 83 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m.  Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the duration of time Plaintiffs were handcuffed before his arrival and therefore denies the allegations in Paragraph 83 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

83.  In response to Paragraph 83 of the Complaint:

a.  Defendant City of Omaha denies the allegations in Paragraph 83 as stated. Defendant City of Omaha admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant City of Omaha affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen

minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and therefore denies them.

c. Defendant Mason Gregurich denies the allegations in Paragraph 83 as stated. Defendant Gregurich admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Gregurich affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 83 as stated. Defendant Valencia-Soethout admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Valencia-Soethout affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 83 as stated. Defendant Lapoint admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Lapoint affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 83 as stated. Defendant Riveros-Echague admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Riveros-Echague affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 83 as stated. Defendant Canterbury admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Canterbury affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

h.  Defendant Michael Rosiere denies the allegations in Paragraph 83 as stated. Defendant Rosiere admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Rosiere affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

i.  Defendant Matthew Flores denies the allegations in Paragraph 83 as stated. Defendant Flores admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Flores affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was

handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 83 as stated. Defendant Gonzalez-Reynoso admits that Plaintiffs were placed in handcuffs during the traffic stop, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Gonzalez-Reynoso affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 83 as stated. Defendant Hoffman admits that Plaintiffs were in handcuffs when he arrived at the scene, but denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to the duration of time Plaintiffs were handcuffed before his arrival and therefore denies the allegations in Paragraph 83 to that extent.

l. Defendant Sean Sheridan denies the allegations in Paragraph 83 as stated. Defendant Sheridan denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to the duration of time Plaintiffs were handcuffed before his arrival and therefore denies the allegations in Paragraph 83 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 83 as stated. Defendant Dawson Jr. denies that all Plaintiffs remained handcuffed for approximately thirty minutes. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to the duration of time Plaintiffs were handcuffed before his arrival and therefore denies the allegations in Paragraph 83 to that extent. Defendant Dawson Jr. affirmatively alleges that

he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

84. In response to Paragraph 84 of the Complaint:

a. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, fears, beliefs, or emotional state during the traffic stop and therefore denies the allegations in Paragraph 84. Defendant City of Omaha further denies the legal conclusion and characterization that any such belief was reasonable. Defendant City of Omaha affirmatively alleges that nothing observed by officers during the traffic stop suggested that Plaintiffs were experiencing intense fear or terror.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, fears, beliefs, or emotional state during the traffic stop and therefore denies the allegations in Paragraph 84. Defendant Schmaderer further denies the legal conclusion and characterization that any such belief was reasonable.

c. Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, fears, beliefs, or emotional state during the traffic stop and therefore denies the allegations in Paragraph 84. Defendant Gregurich further denies the legal conclusion and characterization that any such belief was reasonable. Defendant Gregurich affirmatively alleges that nothing he observed during the traffic stop suggested that Plaintiffs were experiencing intense fear or terror.

d. Defendant James Valencia-Soethout lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, fears, beliefs, or emotional state during the traffic stop and therefore denies the allegations in Paragraph 84. Defendant Valencia-Soethout further denies the legal conclusion and characterization that any such belief was reasonable. Defendant Valencia-Soethout affirmatively alleges that nothing he observed during the traffic stop suggested that Plaintiffs were experiencing intense fear or terror.

e.  Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, fears, beliefs, or emotional state during the traffic stop and therefore denies the allegations in Paragraph 84. Defendant Lapoint further denies the legal conclusion and characterization that any such belief was reasonable. Defendant Lapoint affirmatively alleges that nothing he observed during the traffic stop suggested that Plaintiffs were experiencing intense fear or terror.

f.  Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, fears, beliefs, or emotional state during the traffic stop and therefore denies the allegations in Paragraph 84. Defendant Riveros-Echague further denies the legal conclusion and characterization that any such belief was reasonable. Defendant Riveros-Echague affirmatively alleges that nothing he observed during the traffic stop suggested that Plaintiffs were experiencing intense fear or terror.

g.  Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, fears, beliefs, or emotional state during the traffic stop and therefore denies the allegations in Paragraph 84. Defendant Canterbury further denies the legal conclusion and characterization that any such belief was reasonable. Defendant Canterbury affirmatively alleges that nothing she observed during the traffic stop suggested that Plaintiffs were experiencing intense fear or terror.

h.  Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, fears, beliefs, or emotional state during the traffic stop and therefore denies the allegations in Paragraph 84. Defendant Rosiere further denies the legal conclusion and characterization that any such belief was reasonable. Defendant Rosiere affirmatively alleges that nothing he observed during the traffic stop suggested that Plaintiffs were experiencing intense fear or terror.

i.  Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, fears, beliefs, or emotional state during the traffic stop and therefore denies the allegations in Paragraph 84.

Defendant Flores further denies the legal conclusion and characterization that any such belief was reasonable. Defendant Flores affirmatively alleges that nothing he observed during the traffic stop suggested that Plaintiffs were experiencing intense fear or terror.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, fears, beliefs, or emotional state during the traffic stop and therefore denies the allegations in Paragraph 84. Defendant Gonzalez-Reynoso further denies the legal conclusion and characterization that any such belief was reasonable. Defendant Gonzalez-Reynoso affirmatively alleges that nothing he observed during the traffic stop suggested that Plaintiffs were experiencing intense fear or terror.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, fears, beliefs, or emotional state during the traffic stop and therefore denies the allegations in Paragraph 84. Defendant Hoffman further denies the legal conclusion and characterization that any such belief was reasonable. Defendant Hoffman affirmatively alleges that nothing he observed after arriving at the scene suggested that Plaintiffs were experiencing intense fear or terror.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, fears, beliefs, or emotional state during the traffic stop and therefore denies the allegations in Paragraph 84. Defendant Sheridan further denies the legal conclusion and characterization that any such belief was reasonable. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, fears, beliefs, or emotional state during the traffic stop and therefore denies the allegations in Paragraph 84. Defendant Dawson Jr. further denies the legal conclusion and characterization that any such belief was reasonable. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

85.    In response to Paragraph 85 of the Complaint:

a.    Defendant City of Omaha denies the characterization that Plaintiffs were subjected to a prolonged detention. Defendant City of Omaha admits that people gathered around or near the scene during the traffic stop.

b.    Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies them.

c.    Defendant Mason Gregurich denies the characterization that Plaintiffs were subjected to a prolonged detention. Defendant Gregurich admits that people gathered around or near the scene during the traffic stop.

d.    Defendant James Valencia-Soethout denies the characterization that Plaintiffs were subjected to a prolonged detention. Defendant Valencia-Soethout admits that people gathered around or near the scene during the traffic stop.

e.    Defendant Trevor Lapoint denies the characterization that Plaintiffs were subjected to a prolonged detention. Defendant Lapoint admits that people gathered around or near the scene during the traffic stop.

f.    Defendant Gilberto Riveros-Echague denies the characterization that Plaintiffs were subjected to a prolonged detention. Defendant Riveros-Echague admits that people gathered around or near the scene during the traffic stop.

g.    Defendant Yuliya Canterbury denies the characterization that Plaintiffs were subjected to a prolonged detention. Defendant Canterbury admits that people gathered around or near the scene during the traffic stop.

h.    Defendant Michael Rosiere denies the characterization that Plaintiffs were subjected to a prolonged detention. Defendant Rosiere admits that people gathered around or near the scene during the traffic stop.

i.    Defendant Matthew Flores denies the characterization that Plaintiffs were subjected to a prolonged detention. Defendant Flores admits that people gathered around or near the scene during the traffic stop.

j.    Defendant Luis Gonzalez-Reynoso denies the characterization that Plaintiffs were subjected to a prolonged detention. Defendant Gonzalez-Reynoso admits that people gathered around or near the scene during the traffic stop.

k.  Defendant Benjamin Hoffman denies the characterization that Plaintiffs were subjected to a prolonged detention. Defendant Hoffman admits that people had gathered around or near the scene by the time he arrived.

l.  Defendant Sean Sheridan denies the characterization that Plaintiffs were subjected to a prolonged detention. Defendant Sheridan admits that people had gathered around or near the scene by the time he arrived.

m.  Defendant William Dawson Jr. denies the characterization that Plaintiffs were subjected to a prolonged detention. Defendant Dawson Jr. admits that people had gathered around or near the scene by the time he arrived.

86.  In response to Paragraph 86 of the Complaint:

a.  Defendant City of Omaha admits that members of the public appeared to be filming or recording the incident on phones or other devices.

b.  Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 and therefore denies them.

c.  Defendant Mason Gregurich admits that members of the public appeared to be filming or recording the incident on phones or other devices.

d.  Defendant James Valencia-Soethout admits that members of the public appeared to be filming or recording the incident on phones or other devices.

e.  Defendant Trevor Lapoint admits that members of the public appeared to be filming or recording the incident on phones or other devices.

f.  Defendant Gilberto Riveros-Echague admits that members of the public appeared to be filming or recording the incident on phones or other devices.

g.  Defendant Yuliya Canterbury admits that members of the public appeared to be filming or recording the incident on phones or other devices, to the extent she observed the same.

h.  Defendant Michael Rosiere admits that members of the public appeared to be filming or recording the incident on phones or other devices, to the extent he observed the same.

i.  Defendant Matthew Flores admits that members of the public appeared to be filming or recording the incident on phones or other devices, to the extent he observed the same.

j.  Defendant Luis Gonzalez-Reynoso admits that members of the public appeared to be filming or recording the incident on phones or other devices, to the extent he observed the same.

k.  Defendant Benjamin Hoffman admits that members of the public appeared to be filming or recording the incident on phones or other devices, to the extent he observed the same after arriving at the scene.

l.  Defendant Sean Sheridan admits that members of the public appeared to be filming or recording the incident on phones or other devices, to the extent he observed the same after arriving at the scene.

m.  Defendant William Dawson Jr. admits that members of the public appeared to be filming or recording the incident on phones or other devices, to the extent he observed the same after arriving at the scene.

87.  In response to Paragraph 87 of the Complaint:

a.  Defendant City of Omaha denies the allegations in Paragraph 87 as stated. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, including any alleged humiliation or indignity, and therefore denies those allegations. Defendant City of Omaha denies that Plaintiffs were treated as dangerous criminals. Defendant City of Omaha affirmatively alleges that, after officers observed people gathering around or near the scene and potentially recording, officers offered to have Plaintiffs placed in police vehicles. Defendant City of Omaha further alleges that Plaintiffs did not report any such alleged feelings to officers during the traffic stop.

b.  Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 and therefore denies them.

c.  Defendant Mason Gregurich denies the allegations in Paragraph 87 as stated. Defendant Gregurich lacks knowledge or information sufficient to form a

belief as to Plaintiffs' subjective feelings, including any alleged humiliation or indignity, and therefore denies those allegations. Defendant Gregurich denies that Plaintiffs were treated as dangerous criminals. Defendant Gregurich affirmatively alleges that, after officers observed people gathering around or near the scene and potentially recording, officers offered to have Plaintiffs placed in police vehicles. Defendant Gregurich further alleges that Plaintiffs did not report any such alleged feelings to him during the traffic stop.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 87 as stated. Defendant Valencia-Soethout lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, including any alleged humiliation or indignity, and therefore denies those allegations. Defendant Valencia-Soethout denies that Plaintiffs were treated as dangerous criminals. Defendant Valencia-Soethout affirmatively alleges that, after officers observed people gathering around or near the scene and potentially recording, officers offered to have Plaintiffs placed in police vehicles. Defendant Valencia-Soethout further alleges that Plaintiffs did not report any such alleged feelings to him during the traffic stop.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 87 as stated. Defendant Lapoint lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, including any alleged humiliation or indignity, and therefore denies those allegations. Defendant Lapoint denies that Plaintiffs were treated as dangerous criminals. Defendant Lapoint affirmatively alleges that, after officers observed people gathering around or near the scene and potentially recording, officers offered to have Plaintiffs placed in police vehicles. Defendant Lapoint further alleges that Plaintiffs did not report any such alleged feelings to him during the traffic stop.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 87 as stated. Defendant Riveros-Echague lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, including any alleged humiliation or indignity, and therefore denies those allegations. Defendant Riveros-Echague denies that Plaintiffs were treated as dangerous criminals.

Defendant Riveros-Echague affirmatively alleges that, after officers observed people gathering around or near the scene and potentially recording, officers offered to have Plaintiffs placed in police vehicles. Defendant Riveros-Echague further alleges that Plaintiffs did not report any such alleged feelings to him during the traffic stop.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 87 as stated. Defendant Canterbury lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, including any alleged humiliation or indignity, and therefore denies those allegations. Defendant Canterbury denies that Plaintiffs were treated as dangerous criminals. Defendant Canterbury further alleges that Plaintiffs did not report any such alleged feelings to her during the traffic stop.

h. Defendant Michael Rosiere denies the allegations in Paragraph 87 as stated. Defendant Rosiere lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, including any alleged humiliation or indignity, and therefore denies those allegations. Defendant Rosiere denies that Plaintiffs were treated as dangerous criminals. Defendant Rosiere further alleges that Plaintiffs did not report any such alleged feelings to him during the traffic stop.

i. Defendant Matthew Flores denies the allegations in Paragraph 87 as stated. Defendant Flores lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, including any alleged humiliation or indignity, and therefore denies those allegations. Defendant Flores denies that Plaintiffs were treated as dangerous criminals. Defendant Flores further alleges that Plaintiffs did not report any such alleged feelings to him during the traffic stop.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 87 as stated. Defendant Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, including any alleged humiliation or indignity, and therefore denies those allegations. Defendant Gonzalez-Reynoso denies that Plaintiffs were treated as dangerous

criminals. Defendant Gonzalez-Reynoso further alleges that Plaintiffs did not report any such alleged feelings to him during the traffic stop.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 87 as stated. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, including any alleged humiliation or indignity, and therefore denies those allegations. Defendant Hoffman denies that Plaintiffs were treated as dangerous criminals. Defendant Hoffman further alleges that Plaintiffs did not report any such alleged feelings to him after he arrived at the scene.

l. Defendant Sean Sheridan denies the allegations in Paragraph 87 as stated. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, including any alleged humiliation or indignity, and therefore denies those allegations. Defendant Sheridan denies that Plaintiffs were treated as dangerous criminals. Defendant Sheridan further alleges that Plaintiffs did not report any such alleged feelings to him after he arrived at the scene.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 87 as stated. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to Plaintiffs' subjective feelings, including any alleged humiliation or indignity, and therefore denies those allegations. Defendant Dawson Jr. denies that Plaintiffs were treated as dangerous criminals. Defendant Dawson Jr. further alleges that Plaintiffs did not report any such alleged feelings to him after he arrived at the scene.

88. In response to Paragraph 88 of the Complaint:

a. Defendant City of Omaha denies the allegation that Plaintiffs were detained for thirty minutes. Defendant City of Omaha admits that Plaintiffs remained calm, cooperative, and compliant during the traffic stop.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 and therefore denies them.

c.  Defendant Mason Gregurich denies the allegation that Plaintiffs were detained for thirty minutes. Defendant Gregurich admits that Plaintiffs remained calm, cooperative, and compliant during the traffic stop.

d.  Defendant James Valencia-Soethout denies the allegation that Plaintiffs were detained for thirty minutes. Defendant Valencia-Soethout admits that Plaintiffs remained calm, cooperative, and compliant during the traffic stop.

e.  Defendant Trevor Lapoint denies the allegation that Plaintiffs were detained for thirty minutes. Defendant Lapoint admits that Plaintiffs remained calm, cooperative, and compliant to the extent he observed them after arriving at the scene.

f.  Defendant Gilberto Riveros-Echague denies the allegation that Plaintiffs were detained for thirty minutes. Defendant Riveros-Echague admits that Plaintiffs remained calm, cooperative, and compliant to the extent he observed them after arriving at the scene.

g.  Defendant Yuliya Canterbury denies the allegation that Plaintiffs were detained for thirty minutes. Defendant Canterbury admits that Plaintiffs remained calm, cooperative, and compliant to the extent she observed them after arriving at the scene.

h.  Defendant Michael Rosiere denies the allegation that Plaintiffs were detained for thirty minutes. Defendant Rosiere admits that Plaintiffs remained calm, cooperative, and compliant to the extent he observed them after arriving at the scene.

i.  Defendant Matthew Flores denies the allegation that Plaintiffs were detained for thirty minutes. Defendant Flores admits that Plaintiffs remained calm, cooperative, and compliant to the extent he observed them after arriving at the scene.

j.  Defendant Luis Gonzalez-Reynoso denies the allegation that Plaintiffs were detained for thirty minutes. Defendant Gonzalez-Reynoso admits that Plaintiffs remained calm, cooperative, and compliant to the extent he observed them after arriving at the scene.

k. Defendant Benjamin Hoffman denies the allegation that Plaintiffs were detained for thirty minutes. Defendant Hoffman admits that Plaintiffs remained calm, cooperative, and compliant to the extent he observed them after arriving at the scene.

l. Defendant Sean Sheridan denies the allegation that Plaintiffs were detained for thirty minutes. Defendant Sheridan admits that Plaintiffs remained calm, cooperative, and compliant to the extent he observed them after arriving at the scene.

m. Defendant William Dawson Jr. denies the allegation that Plaintiffs were detained for thirty minutes. Defendant Dawson Jr. admits that Plaintiffs remained calm, cooperative, and compliant to the extent he observed them after arriving at the scene.

89. In response to Paragraph 89 of the Complaint:

a. Defendant City of Omaha admits the allegations in Paragraph 89.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies them.

c. Defendant Mason Gregurich admits that officers removed two firearms during the traffic stop.

d. Defendant James Valencia-Soethout admits that officers removed two firearms during the traffic stop.

e. Defendant Trevor Lapoint admits that officers removed two firearms during the traffic stop, to the extent he observed the same after arriving at the scene.

f. Defendant Gilberto Riveros-Echague admits that officers removed two firearms during the traffic stop, to the extent he observed the same after arriving at the scene.

g. Defendant Yuliya Canterbury admits that officers removed two firearms during the traffic stop, to the extent she observed the same after arriving at the scene.

h. Defendant Michael Rosiere admits that officers removed two firearms during the traffic stop, to the extent he observed the same after arriving at the scene.

i. Defendant Matthew Flores admits that officers removed two firearms during the traffic stop, to the extent he observed the same after arriving at the scene.

j. Defendant Luis Gonzalez-Reynoso admits that officers removed two firearms during the traffic stop, to the extent he observed the same after arriving at the scene.

k. Defendant Benjamin Hoffman admits that officers removed two firearms during the traffic stop, to the extent he observed the same after arriving at the scene.

l. Defendant Sean Sheridan admits that officers removed two firearms during the traffic stop, to the extent he observed the same after arriving at the scene.

m. Defendant William Dawson Jr. admits that officers removed two firearms during the traffic stop, to the extent he observed the same after arriving at the scene.

90. In response to Paragraph 90 of the Complaint:

a. Defendant City of Omaha admits that officers removed Plaintiff Qasim Shabazz's firearm from his holster during the traffic stop.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them.

c. Defendant Mason Gregurich admits the allegations in Paragraph 90.

d. Defendant James Valencia-Soethout admits the allegations in Paragraph 90.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them.

- 90 -

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies them.

91. In response to Paragraph 91 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 91 as stated. Defendant City of Omaha admits that officers removed Crawford's firearm from the vehicle, but denies that Crawford's firearm was removed from the center console between the driver and front passenger seats. Defendant City of Omaha affirmatively alleges that Crawford's firearm was located on the driver's side of the vehicle and was partially covered beneath the driver's-side floor mat.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them.

c. Defendant Mason Gregurich denies the allegations in Paragraph 91 as stated. Defendant Gregurich admits that Crawford's firearm was removed from the

vehicle, but denies that Crawford's firearm was removed from the center console between the driver and front passenger seats. Defendant Gregurich affirmatively alleges that Crawford's firearm was located on the driver's side of the vehicle and was partially covered beneath the driver's-side floor mat.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 91 as stated. Defendant Valencia-Soethout admits that Crawford's firearm was removed from the vehicle, but denies that Crawford's firearm was removed from the center console between the driver and front passenger seats. Defendant Valencia-Soethout affirmatively alleges that Crawford's firearm was located on the driver's side of the vehicle and was partially covered beneath the driver's-side floor mat.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them.

    k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them.

    l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them.

    m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies them.

92.    In response to Paragraph 92 of the Complaint, the City Defendants admit the allegations in Paragraph 92.

93.    In response to Paragraph 93 of the Complaint, the City Defendants admit the allegations in Paragraph 93.

94.    In response to Paragraph 94 of the Complaint:

    a. Defendant City of Omaha denies the allegation that the firearms were returned after approximately thirty minutes of detention. Defendant City of Omaha admits that officers returned the firearms to Crawford and Plaintiff Qasim Shabazz.

    b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and therefore denies them.

    c. Defendant Mason Gregurich denies the allegation that the firearms were returned after approximately thirty minutes of detention. Defendant Gregurich admits that officers returned the firearms to Crawford and Plaintiff Qasim Shabazz.

    d. Defendant James Valencia-Soethout denies the allegation that the firearms were returned after approximately thirty minutes of detention. Defendant Valencia-Soethout admits that officers returned the firearms to Crawford and Plaintiff Qasim Shabazz.

    e. Defendant Trevor Lapoint denies the allegation that the firearms were returned after approximately thirty minutes of detention. Defendant Lapoint

admits that the firearms were returned to Crawford and Plaintiff Qasim Shabazz, to the extent he observed the same.

f.  Defendant Gilberto Riveros-Echague denies the allegation that the firearms were returned after approximately thirty minutes of detention. Defendant Riveros-Echague admits that the firearms were returned to Crawford and Plaintiff Qasim Shabazz, to the extent he observed the same.

g.  Defendant Yuliya Canterbury denies the allegation that the firearms were returned after approximately thirty minutes of detention. Defendant Canterbury admits that the firearms were returned to Crawford and Plaintiff Qasim Shabazz, to the extent she observed the same.

h.  Defendant Michael Rosiere denies the allegation that the firearms were returned after approximately thirty minutes of detention. Defendant Rosiere admits that the firearms were returned to Crawford and Plaintiff Qasim Shabazz, to the extent he observed the same.

i.  Defendant Matthew Flores denies the allegation that the firearms were returned after approximately thirty minutes of detention. Defendant Flores admits that the firearms were returned to Crawford and Plaintiff Qasim Shabazz, to the extent he observed the same.

j.  Defendant Luis Gonzalez-Reynoso denies the allegation that the firearms were returned after approximately thirty minutes of detention. Defendant Gonzalez-Reynoso admits that the firearms were returned to Crawford and Plaintiff Qasim Shabazz, to the extent he observed the same.

k.  Defendant Benjamin Hoffman denies the allegation that the firearms were returned after approximately thirty minutes of detention. Defendant Hoffman admits that the firearms were returned to Crawford and Plaintiff Qasim Shabazz, to the extent he observed the same.

l.  Defendant Sean Sheridan denies the allegation that the firearms were returned after approximately thirty minutes of detention. Defendant Sheridan admits that the firearms were returned to Crawford and Plaintiff Qasim Shabazz, to the extent he observed the same.

m. Defendant William Dawson Jr. denies the allegation that the firearms were returned after approximately thirty minutes of detention. Defendant Dawson Jr. admits that the firearms were returned to Crawford and Plaintiff Qasim Shabazz, to the extent he observed the same.

95. In response to Paragraph 95 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 95 as stated. Defendant City of Omaha denies that Plaintiff Qasim Shabazz's firearm was confiscated while he was handcuffed. Defendant City of Omaha affirmatively alleges that Plaintiff Shabazz's firearm was removed from his person while he was still seated in the vehicle and before he was placed in handcuffs. Defendant City of Omaha further affirmatively alleges that the firearm was temporarily secured during the traffic stop and later returned. Defendant City of Omaha denies the legal conclusion and characterization that the firearm was "legally carried" and lacks knowledge or information sufficient to form a belief as to whether Plaintiff Shabazz carried the firearm in the performance of any professional duty, and therefore denies the same.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 95 and therefore denies them. Defendant Schmaderer further denies the legal conclusions and characterizations contained in Paragraph 95.

c. Defendant Mason Gregurich denies the allegations in Paragraph 95 as stated. Defendant Gregurich denies that Plaintiff Qasim Shabazz's firearm was confiscated while he was handcuffed. Defendant Gregurich affirmatively alleges that Plaintiff Shabazz's firearm was removed from his person while he was still seated in the vehicle and before he was placed in handcuffs. Defendant Gregurich further affirmatively alleges that the firearm was temporarily secured during the traffic stop and later returned. Defendant Gregurich denies the legal conclusion and characterization that the firearm was "legally carried" and lacks knowledge or information sufficient to form a belief as to whether Plaintiff Shabazz carried the firearm in the performance of any professional duty, and therefore denies the same.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 95 as stated. Defendant Valencia-Soethout denies that Plaintiff Qasim Shabazz's firearm was confiscated while he was handcuffed. Defendant Valencia-Soethout affirmatively alleges that Plaintiff Shabazz's firearm was removed from his person while he was still seated in the vehicle and before he was placed in handcuffs. Defendant Valencia-Soethout further affirmatively alleges that the firearm was temporarily secured during the traffic stop and later returned. Defendant Valencia-Soethout denies the legal conclusion and characterization that the firearm was "legally carried" and lacks knowledge or information sufficient to form a belief as to whether Plaintiff Shabazz carried the firearm in the performance of any professional duty, and therefore denies the same.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 95 as stated. Defendant Lapoint denies that Plaintiff Qasim Shabazz's firearm was confiscated while he was handcuffed. Defendant Lapoint affirmatively alleges that the firearm was temporarily secured during the traffic stop and later returned. Defendant Lapoint denies the legal conclusion and characterization that the firearm was "legally carried" and lacks knowledge or information sufficient to form a belief as to whether Plaintiff Shabazz carried the firearm in the performance of any professional duty, and therefore denies the same.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 95 as stated. Defendant Riveros-Echague denies that Plaintiff Qasim Shabazz's firearm was confiscated while he was handcuffed. Defendant Riveros-Echague affirmatively alleges that the firearm was temporarily secured during the traffic stop and later returned. Defendant Riveros-Echague denies the legal conclusion and characterization that the firearm was "legally carried" and lacks knowledge or information sufficient to form a belief as to whether Plaintiff Shabazz carried the firearm in the performance of any professional duty, and therefore denies the same.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 95 as stated. Defendant Canterbury denies that Plaintiff Qasim Shabazz's firearm was

confiscated while he was handcuffed. Defendant Canterbury affirmatively alleges that the firearm was temporarily secured during the traffic stop and later returned. Defendant Canterbury denies the legal conclusion and characterization that the firearm was "legally carried" and lacks knowledge or information sufficient to form a belief as to whether Plaintiff Shabazz carried the firearm in the performance of any professional duty, and therefore denies the same.

h. Defendant Michael Rosiere denies the allegations in Paragraph 95 as stated. Defendant Rosiere denies that Plaintiff Qasim Shabazz's firearm was confiscated while he was handcuffed. Defendant Rosiere affirmatively alleges that the firearm was temporarily secured during the traffic stop and later returned. Defendant Rosiere denies the legal conclusion and characterization that the firearm was "legally carried" and lacks knowledge or information sufficient to form a belief as to whether Plaintiff Shabazz carried the firearm in the performance of any professional duty, and therefore denies the same.

i. Defendant Matthew Flores denies the allegations in Paragraph 95 as stated. Defendant Flores denies that Plaintiff Qasim Shabazz's firearm was confiscated while he was handcuffed. Defendant Flores affirmatively alleges that the firearm was temporarily secured during the traffic stop and later returned. Defendant Flores denies the legal conclusion and characterization that the firearm was "legally carried" and lacks knowledge or information sufficient to form a belief as to whether Plaintiff Shabazz carried the firearm in the performance of any professional duty, and therefore denies the same.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 95 as stated. Defendant Gonzalez-Reynoso denies that Plaintiff Qasim Shabazz's firearm was confiscated while he was handcuffed. Defendant Gonzalez-Reynoso affirmatively alleges that the firearm was temporarily secured during the traffic stop and later returned. Defendant Gonzalez-Reynoso denies the legal conclusion and characterization that the firearm was "legally carried" and lacks knowledge or information sufficient to form a belief as to whether

Plaintiff Shabazz carried the firearm in the performance of any professional duty, and therefore denies the same.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 95 as stated. Defendant Hoffman denies that Plaintiff Qasim Shabazz's firearm was confiscated while he was handcuffed. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to the circumstances under which the firearm was initially removed before his arrival and therefore denies the allegations in Paragraph 95 to that extent. Defendant Hoffman denies the legal conclusion and characterization that the firearm was "legally carried" and lacks knowledge or information sufficient to form a belief as to whether Plaintiff Shabazz carried the firearm in the performance of any professional duty, and therefore denies the same.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 95 as stated. Defendant Sheridan denies that Plaintiff Qasim Shabazz's firearm was confiscated while he was handcuffed. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to the circumstances under which the firearm was initially removed before his arrival and therefore denies the allegations in Paragraph 95 to that extent. Defendant Sheridan denies the legal conclusion and characterization that the firearm was "legally carried" and lacks knowledge or information sufficient to form a belief as to whether Plaintiff Shabazz carried the firearm in the performance of any professional duty, and therefore denies the same.

m.  Defendant William Dawson Jr. denies the allegations in Paragraph 95 as stated. Defendant Dawson Jr. denies that Plaintiff Qasim Shabazz's firearm was confiscated while he was handcuffed. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to the circumstances under which the firearm was initially removed before his arrival and therefore denies the allegations in Paragraph 95 to that extent. Defendant Dawson Jr. denies the legal conclusion and characterization that the firearm was "legally carried" and lacks knowledge or information sufficient to form a belief as to

whether Plaintiff Shabazz carried the firearm in the performance of any professional duty, and therefore denies the same.

96.    In response to Paragraph 96 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 96 as stated. Defendant City of Omaha admits that Plaintiffs were handcuffed and detained during the traffic stop, but denies that all Plaintiffs remained handcuffed and detained for approximately thirty minutes. Defendant City of Omaha affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 and therefore denies them.

c. Defendant Mason Gregurich denies the allegations in Paragraph 96 as stated. Defendant Gregurich admits that Plaintiffs were handcuffed and detained during the traffic stop, but denies that all Plaintiffs remained handcuffed and detained for approximately thirty minutes. Defendant Gregurich affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 96 as stated. Defendant Valencia-Soethout admits that Plaintiffs were handcuffed and detained during the traffic stop, but denies that all Plaintiffs remained handcuffed and detained for approximately thirty minutes. Defendant Valencia-Soethout affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately

ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 96 as stated. Defendant Lapoint admits that Plaintiffs were handcuffed and detained during the traffic stop, but denies that all Plaintiffs remained handcuffed and detained for approximately thirty minutes. Defendant Lapoint affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 96 as stated. Defendant Riveros-Echague admits that Plaintiffs were handcuffed and detained during the traffic stop, but denies that all Plaintiffs remained handcuffed and detained for approximately thirty minutes. Defendant Riveros-Echague affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 96 as stated. Defendant Canterbury admits that Plaintiffs were handcuffed and detained during the traffic stop, but denies that all Plaintiffs remained handcuffed and detained for approximately thirty minutes. Defendant Canterbury affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

h.  Defendant Michael Rosiere denies the allegations in Paragraph 96 as stated. Defendant Rosiere admits that Plaintiffs were handcuffed and detained during the traffic stop, but denies that all Plaintiffs remained handcuffed and detained

- 100 -

for approximately thirty minutes. Defendant Rosiere affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

i.  Defendant Matthew Flores denies the allegations in Paragraph 96 as stated. Defendant Flores admits that Plaintiffs were handcuffed and detained during the traffic stop, but denies that all Plaintiffs remained handcuffed and detained for approximately thirty minutes. Defendant Flores affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 96 as stated. Defendant Gonzalez-Reynoso admits that Plaintiffs were handcuffed and detained during the traffic stop, but denies that all Plaintiffs remained handcuffed and detained for approximately thirty minutes. Defendant Gonzalez-Reynoso affirmatively alleges that Plaintiff Qasim Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks, Plaintiff George Williams was handcuffed for approximately ten minutes, and Plaintiff Nadia Metoyer was handcuffed for approximately nine and one-half minutes.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 96 as stated. Defendant Hoffman admits that Plaintiffs were in handcuffs when he arrived at the scene, but denies that all Plaintiffs remained handcuffed and detained for approximately thirty minutes. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to the duration of time Plaintiffs were handcuffed before his arrival and therefore denies the allegations in Paragraph 96 to that extent.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 96 as stated. Defendant Sheridan denies that all Plaintiffs remained handcuffed and

detained for approximately thirty minutes. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to the duration of time Plaintiffs were handcuffed before his arrival and therefore denies the allegations in Paragraph 96 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 96 as stated. Defendant Dawson Jr. denies that all Plaintiffs remained handcuffed and detained for approximately thirty minutes. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to the duration of time Plaintiffs were handcuffed before his arrival and therefore denies the allegations in Paragraph 96 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

97. In response to Paragraph 97 of the Complaint:

a. Defendant City of Omaha admits that Plaintiffs did not resist officers' commands during the traffic stop.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and therefore denies them.

c. Defendant Mason Gregurich admits the allegations in Paragraph 97.

d. Defendant James Valencia-Soethout admits the allegations in Paragraph 97.

e. Defendant Trevor Lapoint admits that Plaintiffs did not resist officers' commands to the extent Defendant Lapoint observed Plaintiffs after arriving at the scene.

f. Defendant Gilberto Riveros-Echague admits that Plaintiffs did not resist officers' commands to the extent Defendant Riveros-Echague observed Plaintiffs after arriving at the scene.

g. Defendant Yuliya Canterbury admits that Plaintiffs did not resist officers' commands to the extent Defendant Canterbury observed Plaintiffs after arriving at the scene.

h. Defendant Michael Rosiere admits that Plaintiffs did not resist officers' commands to the extent Defendant Rosiere observed Plaintiffs after arriving at the scene.

i. Defendant Matthew Flores admits that Plaintiffs did not resist officers' commands to the extent Defendant Flores observed Plaintiffs after arriving at the scene.

j. Defendant Luis Gonzalez-Reynoso admits that Plaintiffs did not resist officers' commands to the extent Defendant Gonzalez-Reynoso observed Plaintiffs after arriving at the scene.

k. Defendant Benjamin Hoffman admits that Plaintiffs did not resist officers' commands to the extent Defendant Hoffman observed Plaintiffs after arriving at the scene.

l. Defendant Sean Sheridan admits that Plaintiffs did not resist officers' commands to the extent Defendant Sheridan observed Plaintiffs after arriving at the scene.

m. Defendant William Dawson Jr. admits that Plaintiffs did not resist officers' commands to the extent Defendant Dawson observed Plaintiffs after arriving at the scene.

98. In response to Paragraph 98 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 98 as stated. Defendant City of Omaha admits that Plaintiffs did not make threatening statements to officers during the traffic stop. Defendant City of Omaha denies that officers held Plaintiffs "at gunpoint" and further denies the allegation that no conduct or circumstances justified the officers' actions. Defendant City of Omaha affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle and the discovery of an additional firearm that had not been disclosed to the officers who initially approached the vehicle.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 98 and

- 103 -

therefore denies them. Defendant Schmaderer further denies the legal conclusions and characterizations contained in Paragraph 98.

c. Defendant Mason Gregurich denies the allegations in Paragraph 98 as stated. Defendant Gregurich admits that Plaintiffs did not make threatening statements to him during the traffic stop. Defendant Gregurich denies that he held Plaintiffs "at gunpoint" and further denies the allegation that no conduct or circumstances justified the officers' actions. Defendant Gregurich affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle and the discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 98 as stated. Defendant Valencia-Soethout admits that Plaintiffs did not make threatening statements to him during the traffic stop. Defendant Valencia-Soethout denies that he held Plaintiffs "at gunpoint" and further denies the allegation that no conduct or circumstances justified the officers' actions. Defendant Valencia-Soethout affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including Plaintiff Qasim Shabazz's disclosure of a firearm and the discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 98 as stated. Defendant Lapoint admits that Plaintiffs did not make threatening statements to him to the extent he observed Plaintiffs after arriving at the scene. Defendant Lapoint denies that he held Plaintiffs "at gunpoint" and further denies the allegation that no conduct or circumstances justified the officers' actions. Defendant Lapoint affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle and the discovery of an additional firearm that had not been disclosed to the officers who initially approached the vehicle.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 98 as stated. Defendant Riveros-Echague admits that Plaintiffs did not make threatening statements to him to the extent he observed Plaintiffs after arriving at the scene. Defendant Riveros-Echague denies that he held Plaintiffs "at gunpoint" and further denies the allegation that no conduct or circumstances justified the officers' actions. Defendant Riveros-Echague affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle and the discovery of an additional firearm that had not been disclosed to the officers who initially approached the vehicle.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 98 as stated. Defendant Canterbury admits that Plaintiffs did not make threatening statements to her to the extent she observed Plaintiffs after arriving at the scene. Defendant Canterbury denies that she held Plaintiffs "at gunpoint" and further denies the allegation that no conduct or circumstances justified the officers' actions.

h.  Defendant Michael Rosiere denies the allegations in Paragraph 98 as stated. Defendant Rosiere admits that Plaintiffs did not make threatening statements to him to the extent he observed Plaintiffs after arriving at the scene. Defendant Rosiere denies that he held Plaintiffs "at gunpoint" and further denies the allegation that no conduct or circumstances justified the officers' actions.

i.  Defendant Matthew Flores denies the allegations in Paragraph 98 as stated. Defendant Flores admits that Plaintiffs did not make threatening statements to him to the extent he observed Plaintiffs after arriving at the scene. Defendant Flores denies that he held Plaintiffs "at gunpoint" and further denies the allegation that no conduct or circumstances justified the officers' actions.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 98 as stated. Defendant Gonzalez-Reynoso admits that Plaintiffs did not make threatening statements to him to the extent he observed Plaintiffs after arriving at the scene. Defendant Gonzalez-Reynoso denies that he held Plaintiffs "at

- 105 -

gunpoint" and further denies the allegation that no conduct or circumstances justified the officers' actions.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 98 as stated. Defendant Hoffman admits that Plaintiffs did not make threatening statements to him to the extent he observed Plaintiffs after arriving at the scene. Defendant Hoffman denies that he held Plaintiffs "at gunpoint" and further denies the allegation that no conduct or circumstances justified the officers' actions. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 98 to that extent.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 98 as stated. Defendant Sheridan admits that Plaintiffs did not make threatening statements to him to the extent he observed Plaintiffs after arriving at the scene. Defendant Sheridan denies that he held Plaintiffs "at gunpoint" and further denies the allegation that no conduct or circumstances justified the officers' actions. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 98 to that extent.

m.  Defendant William Dawson Jr. denies the allegations in Paragraph 98 as stated. Defendant Dawson Jr. admits that Plaintiffs did not make threatening statements to him to the extent he observed Plaintiffs after arriving at the scene. Defendant Dawson Jr. denies that he held Plaintiffs "at gunpoint" and further denies the allegation that no conduct or circumstances justified the officers' actions. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 98 to that extent.

99.  In response to Paragraph 99 of the Complaint:

a.  Defendant City of Omaha denies the allegations in Paragraph 99 as stated. Defendant City of Omaha denies any allegation or implication that officers lacked a lawful basis to initiate the traffic stop, investigate the circumstances presented, temporarily detain Plaintiffs, or take reasonable officer-safety

measures. Defendant City of Omaha affirmatively alleges that the traffic stop was initiated after officers observed the vehicle traveling well above the speed limit in a populated area, presenting concerns of reckless driving, and that the circumstances of the stop further included the presence of firearms in the vehicle, including an additional firearm that had not been disclosed to the officers who initially approached the vehicle.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 99 and therefore denies them. Defendant Schmaderer further denies any legal conclusions or characterizations contained in Paragraph 99.

c. Defendant Mason Gregurich denies the allegations in Paragraph 99 as stated. Defendant Gregurich denies any allegation or implication that he lacked a lawful basis to initiate the traffic stop, investigate the circumstances presented, temporarily detain Plaintiffs, or take reasonable officer-safety measures. Defendant Gregurich affirmatively alleges that the traffic stop was initiated after officers observed the vehicle traveling well above the speed limit in a populated area, presenting concerns of reckless driving, and that the circumstances of the stop further included the presence of firearms in the vehicle, including an additional firearm that had not been disclosed to him when he initially approached the vehicle.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 99 as stated. Defendant Valencia-Soethout denies any allegation or implication that he lacked a lawful basis to initiate the traffic stop, investigate the circumstances presented, temporarily detain Plaintiffs, or take reasonable officer-safety measures. Defendant Valencia-Soethout affirmatively alleges that the traffic stop was initiated after officers observed the vehicle traveling well above the speed limit in a populated area, presenting concerns of reckless driving, and that the circumstances of the stop further included Plaintiff Qasim Shabazz's disclosure of a firearm and the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 99 as stated. Defendant Lapoint denies any allegation or implication that officers lacked a lawful basis to investigate the circumstances presented, temporarily detain Plaintiffs, or take reasonable officer-safety measures. Defendant Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 99 to that extent.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 99 as stated. Defendant Riveros-Echague denies any allegation or implication that officers lacked a lawful basis to investigate the circumstances presented, temporarily detain Plaintiffs, or take reasonable officer-safety measures. Defendant Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 99 to that extent.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 99 as stated. Defendant Canterbury denies any allegation or implication that officers lacked a lawful basis to investigate the circumstances presented, temporarily detain Plaintiffs, or take reasonable officer-safety measures. Defendant Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations in Paragraph 99 to that extent.

h.  Defendant Michael Rosiere denies the allegations in Paragraph 99 as stated. Defendant Rosiere denies any allegation or implication that officers lacked a lawful basis to investigate the circumstances presented, temporarily detain Plaintiffs, or take reasonable officer-safety measures. Defendant Rosiere lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 99 to that extent.

i.  Defendant Matthew Flores denies the allegations in Paragraph 99 as stated. Defendant Flores denies any allegation or implication that officers lacked a lawful basis to investigate the circumstances presented, temporarily detain

Plaintiffs, or take reasonable officer-safety measures. Defendant Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 99 to that extent.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 99 as stated. Defendant Gonzalez-Reynoso denies any allegation or implication that officers lacked a lawful basis to investigate the circumstances presented, temporarily detain Plaintiffs, or take reasonable officer-safety measures. Defendant Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 99 to that extent.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 99 as stated. Defendant Hoffman denies any allegation or implication that officers lacked a lawful basis to investigate the circumstances presented, temporarily detain Plaintiffs, or take reasonable officer-safety measures. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 99 to that extent.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 99 as stated. Defendant Sheridan denies any allegation or implication that officers lacked a lawful basis to investigate the circumstances presented, temporarily detain Plaintiffs, or take reasonable officer-safety measures. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 99 to that extent.

m.  Defendant William Dawson Jr. denies the allegations in Paragraph 99 as stated. Defendant Dawson Jr. denies any allegation or implication that officers lacked a lawful basis to investigate the circumstances presented, temporarily detain Plaintiffs, or take reasonable officer-safety measures. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to

what occurred before his arrival and therefore denies the allegations in Paragraph 99 to that extent.

100. In response to Paragraph 100 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 100 as stated. Defendant City of Omaha denies any allegation or implication that officers lacked a lawful basis to initiate the traffic stop, temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures. Defendant City of Omaha affirmatively alleges that the traffic stop was initiated after officers observed the vehicle traveling well above the speed limit in a populated area, presenting concerns of reckless driving. Defendant City of Omaha further affirmatively alleges that the circumstances of the traffic stop included the presence of firearms in the vehicle, including the disclosure of a firearm by Plaintiff Qasim Shabazz and the discovery of an additional firearm that had not been disclosed to the officers who initially approached the vehicle.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 100 and therefore denies them. Defendant Schmaderer further denies the legal conclusions and characterizations contained in Paragraph 100.

c. Defendant Mason Gregurich denies the allegations in Paragraph 100 as stated. Defendant Gregurich denies any allegation or implication that he lacked a lawful basis to initiate the traffic stop, temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures. Defendant Gregurich affirmatively alleges that the traffic stop was initiated after officers observed the vehicle traveling well above the speed limit in a populated area, presenting concerns of reckless driving. Defendant Gregurich further affirmatively alleges that the circumstances of the traffic stop included the presence of firearms in the vehicle, including the discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 100 as stated. Defendant Valencia-Soethout denies any allegation or implication that he lacked a lawful basis to initiate the traffic stop, temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures. Defendant Valencia-Soethout affirmatively alleges that the traffic stop was initiated after officers observed the vehicle traveling well above the speed limit in a populated area, presenting concerns of reckless driving. Defendant Valencia-Soethout further affirmatively alleges that the circumstances of the traffic stop included Plaintiff Qasim Shabazz's disclosure of a firearm and the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 100 as stated. Defendant Lapoint denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures. Defendant Lapoint affirmatively alleges that the circumstances of the traffic stop included the presence of firearms in the vehicle, including the disclosure of a firearm by Plaintiff Qasim Shabazz and the discovery of an additional firearm that had not been disclosed to the officers who initially approached the vehicle. Defendant Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 100 to that extent.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 100 as stated. Defendant Riveros-Echague denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures. Defendant Riveros-Echague affirmatively alleges that the circumstances of the traffic stop included the presence of firearms in the vehicle, including the disclosure of a firearm by Plaintiff Qasim Shabazz and the discovery of an additional firearm that had not been disclosed to the

officers who initially approached the vehicle. Defendant Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 100 to that extent.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 100 as stated. Defendant Canterbury denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures. Defendant Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations in Paragraph 100 to that extent.

h.  Defendant Michael Rosiere denies the allegations in Paragraph 100 as stated. Defendant Rosiere denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures. Defendant Rosiere lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 100 to that extent.

i.  Defendant Matthew Flores denies the allegations in Paragraph 100 as stated. Defendant Flores denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures. Defendant Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 100 to that extent.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 100 as stated. Defendant Gonzalez-Reynoso denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures. Defendant Gonzalez-Reynoso lacks knowledge or

information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 100 to that extent.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 100 as stated. Defendant Hoffman denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 100 to that extent.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 100 as stated. Defendant Sheridan denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 100 to that extent.

m.  Defendant William Dawson Jr. denies the allegations in Paragraph 100 as stated. Defendant Dawson Jr. denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 100 to that extent.

101.  In response to Paragraph 101 of the Complaint:

a.  Defendant City of Omaha denies the allegations in Paragraph 101 as stated. Defendant City of Omaha denies any allegation or implication that probable cause to believe Plaintiffs committed a violent crime was required to initiate the traffic stop, temporarily detain the occupants of the vehicle, investigate the circumstances presented, conduct firearm checks, or take reasonable officer-safety measures. Defendant City of Omaha affirmatively alleges that Plaintiffs were not arrested and that the circumstances of the traffic stop presented

- 113 -

objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle and the discovery of an additional firearm that had not been disclosed to the officers who initially approached the vehicle.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 101 and therefore denies them. Defendant Schmaderer further denies the legal conclusions and characterizations contained in Paragraph 101.

c. Defendant Mason Gregurich denies the allegations in Paragraph 101 as stated. Defendant Gregurich denies any allegation or implication that probable cause to believe Plaintiffs committed a violent crime was required to initiate the traffic stop, temporarily detain the occupants of the vehicle, investigate the circumstances presented, conduct firearm checks, or take reasonable officer-safety measures. Defendant Gregurich affirmatively alleges that Plaintiffs were not arrested and that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle and the discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 101 as stated. Defendant Valencia-Soethout denies any allegation or implication that probable cause to believe Plaintiffs committed a violent crime was required to initiate the traffic stop, temporarily detain the occupants of the vehicle, investigate the circumstances presented, conduct firearm checks, or take reasonable officer-safety measures. Defendant Valencia-Soethout affirmatively alleges that Plaintiffs were not arrested and that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including Plaintiff Qasim Shabazz's disclosure of a firearm and the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 101 as stated. Defendant Lapoint denies any allegation or implication that probable cause to believe Plaintiffs committed a violent crime was required to temporarily

detain the occupants of the vehicle, investigate the circumstances presented, conduct firearm checks, or take reasonable officer-safety measures. Defendant Lapoint affirmatively alleges that Plaintiffs were not arrested and that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle and the discovery of an additional firearm that had not been disclosed to the officers who initially approached the vehicle. Defendant Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 101 to that extent.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 101 as stated. Defendant Riveros-Echague denies any allegation or implication that probable cause to believe Plaintiffs committed a violent crime was required to temporarily detain the occupants of the vehicle, investigate the circumstances presented, conduct firearm checks, or take reasonable officer-safety measures. Defendant Riveros-Echague affirmatively alleges that Plaintiffs were not arrested and that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle and the discovery of an additional firearm that had not been disclosed to the officers who initially approached the vehicle. Defendant Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 101 to that extent.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 101 as stated. Defendant Canterbury denies any allegation or implication that probable cause to believe Plaintiffs committed a violent crime was required to temporarily detain the occupants of the vehicle, investigate the circumstances presented, conduct firearm checks, or take reasonable officer-safety measures. Defendant Canterbury affirmatively alleges that Plaintiffs were not arrested. Defendant Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations in Paragraph 101 to that extent.

h. Defendant Michael Rosiere denies the allegations in Paragraph 101 as stated. Defendant Rosiere denies any allegation or implication that probable cause to believe Plaintiffs committed a violent crime was required to temporarily detain the occupants of the vehicle, investigate the circumstances presented, conduct firearm checks, or take reasonable officer-safety measures. Defendant Rosiere affirmatively alleges that Plaintiffs were not arrested. Defendant Rosiere lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 101 to that extent.

i. Defendant Matthew Flores denies the allegations in Paragraph 101 as stated. Defendant Flores denies any allegation or implication that probable cause to believe Plaintiffs committed a violent crime was required to temporarily detain the occupants of the vehicle, investigate the circumstances presented, conduct firearm checks, or take reasonable officer-safety measures. Defendant Flores affirmatively alleges that Plaintiffs were not arrested. Defendant Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 101 to that extent.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 101 as stated. Defendant Gonzalez-Reynoso denies any allegation or implication that probable cause to believe Plaintiffs committed a violent crime was required to temporarily detain the occupants of the vehicle, investigate the circumstances presented, conduct firearm checks, or take reasonable officer-safety measures. Defendant Gonzalez-Reynoso affirmatively alleges that Plaintiffs were not arrested. Defendant Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 101 to that extent.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 101 as stated. Defendant Hoffman denies any allegation or implication that probable cause to believe Plaintiffs committed a violent crime was required to temporarily detain the occupants of the vehicle, investigate the circumstances

presented, conduct firearm checks, or take reasonable officer-safety measures. Defendant Hoffman affirmatively alleges that Plaintiffs were not arrested. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 101 to that extent.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 101 as stated. Defendant Sheridan denies any allegation or implication that probable cause to believe Plaintiffs committed a violent crime was required to temporarily detain the occupants of the vehicle, investigate the circumstances presented, conduct firearm checks, or take reasonable officer-safety measures. Defendant Sheridan affirmatively alleges that Plaintiffs were not arrested. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 101 to that extent.

m.  Defendant William Dawson Jr. denies the allegations in Paragraph 101 as stated. Defendant Dawson Jr. denies any allegation or implication that probable cause to believe Plaintiffs committed a violent crime was required to temporarily detain the occupants of the vehicle, investigate the circumstances presented, conduct firearm checks, or take reasonable officer-safety measures. Defendant Dawson Jr. affirmatively alleges that Plaintiffs were not arrested. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 101 to that extent.

102.  In response to Paragraph 102 of the Complaint:

a.  Defendant City of Omaha admits that Plaintiffs were not suspected of any violent crime, but denies any allegation or implication that suspicion of a violent crime was required to initiate the traffic stop, temporarily detain the occupants of the vehicle, conduct firearm checks, or take reasonable officer-safety measures.

b.  Defendant Todd Schmaderer admits that Plaintiffs were not suspected of any violent crime, but denies any allegation or implication that suspicion of a

violent crime was required to initiate the traffic stop, temporarily detain the occupants of the vehicle, conduct firearm checks, or take reasonable officer-safety measures.

c. Defendant Mason Gregurich admits that Plaintiffs were not suspected of any violent crime, but denies any allegation or implication that suspicion of a violent crime was required to initiate the traffic stop, temporarily detain the occupants of the vehicle, conduct firearm checks, or take reasonable officer-safety measures.

d. Defendant James Valencia-Soethout admits that Plaintiffs were not suspected of any violent crime, but denies any allegation or implication that suspicion of a violent crime was required to initiate the traffic stop, temporarily detain the occupants of the vehicle, conduct firearm checks, or take reasonable officer-safety measures.

e. Defendant Trevor Lapoint admits that Plaintiffs were not suspected of any violent crime, but denies any allegation or implication that suspicion of a violent crime was required to initiate the traffic stop, temporarily detain the occupants of the vehicle, conduct firearm checks, or take reasonable officer-safety measures.

f. Defendant Gilberto Riveros-Echague admits that Plaintiffs were not suspected of any violent crime, but denies any allegation or implication that suspicion of a violent crime was required to initiate the traffic stop, temporarily detain the occupants of the vehicle, conduct firearm checks, or take reasonable officer-safety measures.

g. Defendant Yuliya Canterbury admits that Plaintiffs were not suspected of any violent crime, but denies any allegation or implication that suspicion of a violent crime was required to initiate the traffic stop, temporarily detain the occupants of the vehicle, conduct firearm checks, or take reasonable officer-safety measures.

h. Defendant Michael Rosiere admits that Plaintiffs were not suspected of any violent crime, but denies any allegation or implication that suspicion of a violent crime was required to initiate the traffic stop, temporarily detain the

occupants of the vehicle, conduct firearm checks, or take reasonable officer-safety measures.

i.  Defendant Matthew Flores admits that Plaintiffs were not suspected of any violent crime, but denies any allegation or implication that suspicion of a violent crime was required to initiate the traffic stop, temporarily detain the occupants of the vehicle, conduct firearm checks, or take reasonable officer-safety measures.

j.  Defendant Luis Gonzalez-Reynoso admits that Plaintiffs were not suspected of any violent crime, but denies any allegation or implication that suspicion of a violent crime was required to initiate the traffic stop, temporarily detain the occupants of the vehicle, conduct firearm checks, or take reasonable officer-safety measures.

k.  Defendant Benjamin Hoffman admits that Plaintiffs were not suspected of any violent crime, but denies any allegation or implication that suspicion of a violent crime was required to initiate the traffic stop, temporarily detain the occupants of the vehicle, conduct firearm checks, or take reasonable officer-safety measures.

l.  Defendant Sean Sheridan admits that Plaintiffs were not suspected of any violent crime, but denies any allegation or implication that suspicion of a violent crime was required to initiate the traffic stop, temporarily detain the occupants of the vehicle, conduct firearm checks, or take reasonable officer-safety measures.

m.  Defendant William Dawson Jr. admits that Plaintiffs were not suspected of any violent crime, but denies any allegation or implication that suspicion of a violent crime was required to initiate the traffic stop, temporarily detain the occupants of the vehicle, conduct firearm checks, or take reasonable officer-safety measures.

103.  In response to Paragraph 103 of the Complaint:

a.  Defendant City of Omaha denies the allegations in Paragraph 103 as stated. Defendant City of Omaha affirmatively alleges that the traffic stop was initiated based on the driver's operation of the vehicle, including the vehicle

traveling well above the speed limit in a populated area and presenting concerns of reckless driving. Defendant City of Omaha denies any allegation or implication that officers lacked a lawful basis to initiate the traffic stop, temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 103 and therefore denies them. Defendant Schmaderer further denies any legal conclusions or characterizations contained in Paragraph 103.

c. Defendant Mason Gregurich denies the allegations in Paragraph 103 as stated. Defendant Gregurich affirmatively alleges that the traffic stop was initiated based on the driver's operation of the vehicle, including the vehicle traveling well above the speed limit in a populated area and presenting concerns of reckless driving. Defendant Gregurich denies any allegation or implication that officers lacked a lawful basis to initiate the traffic stop, temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 103 as stated. Defendant Valencia-Soethout affirmatively alleges that the traffic stop was initiated based on the driver's operation of the vehicle, including the vehicle traveling well above the speed limit in a populated area and presenting concerns of reckless driving. Defendant Valencia-Soethout denies any allegation or implication that officers lacked a lawful basis to initiate the traffic stop, temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the basis for the initial traffic stop before his arrival and therefore denies the allegations in Paragraph 103. Defendant Lapoint further denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures.

- 120 -

f.  Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the basis for the initial traffic stop before his arrival and therefore denies the allegations in Paragraph 103. Defendant Riveros-Echague further denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures.

g.  Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the basis for the initial traffic stop before her arrival and therefore denies the allegations in Paragraph 103. Defendant Canterbury further denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures.

h.  Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the basis for the initial traffic stop before his arrival and therefore denies the allegations in Paragraph 103. Defendant Rosiere further denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures.

i.  Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the basis for the initial traffic stop before his arrival and therefore denies the allegations in Paragraph 103. Defendant Flores further denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures.

j.  Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the basis for the initial traffic stop before his arrival and therefore denies the allegations in Paragraph 103. Defendant Gonzalez-Reynoso further denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures.

- 121 -

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the basis for the initial traffic stop before his arrival and therefore denies the allegations in Paragraph 103. Defendant Hoffman further denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the basis for the initial traffic stop before his arrival and therefore denies the allegations in Paragraph 103. Defendant Sheridan further denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the basis for the initial traffic stop before his arrival and therefore denies the allegations in Paragraph 103. Defendant Dawson Jr. further denies any allegation or implication that officers lacked a lawful basis to temporarily detain the occupants of the vehicle, investigate the circumstances presented, or take reasonable officer-safety measures.

104. In response to Paragraph 104 of the Complaint, the City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 and therefore deny them.

105. In response to Paragraph 105 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 105 as stated. Defendant City of Omaha denies any allegation or implication that Plaintiffs presented no officer-safety concerns during the traffic stop. Defendant City of Omaha affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle, Plaintiff Qasim Shabazz's possession of a firearm, the later discovery of an additional firearm that had not been disclosed to the officers who initially approached the vehicle, multiple occupants in the vehicle, and the

uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 105 and therefore denies them. Defendant Schmaderer further denies the legal conclusions and characterizations contained in Paragraph 105.

c. Defendant Mason Gregurich denies the allegations in Paragraph 105 as stated. Defendant Gregurich denies any allegation or implication that Plaintiffs presented no officer-safety concerns during the traffic stop. Defendant Gregurich affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, multiple occupants in the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 105 as stated. Defendant Valencia-Soethout denies any allegation or implication that Plaintiffs presented no officer-safety concerns during the traffic stop. Defendant Valencia-Soethout affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, multiple occupants in the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 105 as stated. Defendant Lapoint denies any allegation or implication that Plaintiffs presented no officer-safety concerns during the traffic stop. Defendant Lapoint affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle, multiple occupants in the vehicle, and the uncertainty

regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs. Defendant Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 105 to that extent.

f.    Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 105 as stated. Defendant Riveros-Echague denies any allegation or implication that Plaintiffs presented no officer-safety concerns during the traffic stop. Defendant Riveros-Echague affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle, multiple occupants in the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs. Defendant Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 105 to that extent.

g.    Defendant Yuliya Canterbury denies the allegations in Paragraph 105 as stated. Defendant Canterbury denies any allegation or implication that Plaintiffs presented no officer-safety concerns during the traffic stop. Defendant Canterbury affirmatively alleges that, upon her arrival, the circumstances presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle and multiple occupants in the vehicle. Defendant Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations in Paragraph 105 to that extent.

h.    Defendant Michael Rosiere denies the allegations in Paragraph 105 as stated. Defendant Rosiere denies any allegation or implication that Plaintiffs presented no officer-safety concerns during the traffic stop. Defendant Rosiere affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle and multiple occupants in the vehicle. Defendant Rosiere lacks knowledge or information sufficient to form a belief as to what

- 124 -

occurred before his arrival and therefore denies the allegations in Paragraph 105 to that extent.

i.  Defendant Matthew Flores denies the allegations in Paragraph 105 as stated. Defendant Flores denies any allegation or implication that Plaintiffs presented no officer-safety concerns during the traffic stop. Defendant Flores affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle and multiple occupants in the vehicle. Defendant Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 105 to that extent.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 105 as stated. Defendant Gonzalez-Reynoso denies any allegation or implication that Plaintiffs presented no officer-safety concerns during the traffic stop. Defendant Gonzalez-Reynoso affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including the presence of firearms in the vehicle and multiple occupants in the vehicle. Defendant Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 105 to that extent.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 105 as stated. Defendant Hoffman denies any allegation or implication that Plaintiffs presented no officer-safety concerns during the traffic stop. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 105 to that extent. Defendant Hoffman affirmatively alleges that Plaintiffs were already in handcuffs when he arrived at the scene.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 105 as stated. Defendant Sheridan denies any allegation or implication that Plaintiffs presented no officer-safety concerns during the traffic stop. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to what

occurred before his arrival and therefore denies the allegations in Paragraph 105 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 105 as stated. Defendant Dawson Jr. denies any allegation or implication that Plaintiffs presented no officer-safety concerns during the traffic stop. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 105 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

106. In response to Paragraph 106 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 106 as stated. Defendant City of Omaha admits that Plaintiff Nadia Metoyer complied with officers' commands and did not make statements or movements suggesting that she possessed a weapon. Defendant City of Omaha denies any allegation or implication that Plaintiff Metoyer presented no officer-safety concerns based on the circumstances known to officers at the time. Defendant City of Omaha affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle, the presence of firearms in the vehicle, and the discovery of an additional firearm that had not been disclosed to the officers who initially approached the vehicle.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 106 and therefore denies them. Defendant Schmaderer further denies the legal conclusions and characterizations contained in Paragraph 106.

c. Defendant Mason Gregurich denies the allegations in Paragraph 106 as stated. Defendant Gregurich admits that Plaintiff Nadia Metoyer complied with officers' commands and did not make statements or movements suggesting

- 126 -

that she possessed a weapon. Defendant Gregurich denies any allegation or implication that Plaintiff Metoyer presented no officer-safety concerns based on the circumstances known to him at the time. Defendant Gregurich affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle, the presence of firearms in the vehicle, and the discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle.

d.   Defendant James Valencia-Soethout denies the allegations in Paragraph 106 as stated. Defendant Valencia-Soethout admits that Plaintiff Nadia Metoyer complied with officers' commands and did not make statements or movements suggesting that she possessed a weapon. Defendant Valencia-Soethout denies any allegation or implication that Plaintiff Metoyer presented no officer-safety concerns based on the circumstances known to him at the time. Defendant Valencia-Soethout affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, and the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle.

e.   Defendant Trevor Lapoint denies the allegations in Paragraph 106 as stated. Defendant Lapoint denies any allegation or implication that Plaintiff Nadia Metoyer presented no officer-safety concerns based on the circumstances known to officers at the time. Defendant Lapoint affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Lapoint lacks knowledge or information sufficient to form a belief as to Plaintiff Metoyer's conduct before his arrival and therefore denies the allegations in Paragraph 106 to that extent.

- 127 -

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 106 as stated. Defendant Riveros-Echague admits that, to the extent he observed Plaintiff Nadia Metoyer after arriving at the scene, she complied with officers' commands and did not make statements or movements suggesting that she possessed a weapon. Defendant Riveros-Echague denies any allegation or implication that Plaintiff Metoyer presented no officer-safety concerns based on the circumstances known to officers at the time. Defendant Riveros-Echague affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 106 to that extent.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 106 as stated. Defendant Canterbury denies any allegation or implication that Plaintiff Nadia Metoyer presented no officer-safety concerns based on the circumstances known to officers at the time. Defendant Canterbury affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Canterbury lacks knowledge or information sufficient to form a belief as to Plaintiff Metoyer's conduct before her arrival and therefore denies the allegations in Paragraph 106 to that extent.

h. Defendant Michael Rosiere denies the allegations in Paragraph 106 as stated. Defendant Rosiere denies any allegation or implication that Plaintiff Nadia Metoyer presented no officer-safety concerns based on the circumstances known to officers at the time. Defendant Rosiere affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle and the presence of firearms in the

vehicle. Defendant Rosiere lacks knowledge or information sufficient to form a belief as to Plaintiff Metoyer's conduct before his arrival and therefore denies the allegations in Paragraph 106 to that extent.

i.  Defendant Matthew Flores denies the allegations in Paragraph 106 as stated. Defendant Flores denies any allegation or implication that Plaintiff Nadia Metoyer presented no officer-safety concerns based on the circumstances known to officers at the time. Defendant Flores affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Flores lacks knowledge or information sufficient to form a belief as to Plaintiff Metoyer's conduct before his arrival and therefore denies the allegations in Paragraph 106 to that extent.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 106 as stated. Defendant Gonzalez-Reynoso denies any allegation or implication that Plaintiff Nadia Metoyer presented no officer-safety concerns based on the circumstances known to officers at the time. Defendant Gonzalez-Reynoso affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to Plaintiff Metoyer's conduct before his arrival and therefore denies the allegations in Paragraph 106 to that extent.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 106 as stated. Defendant Hoffman denies any allegation or implication that Plaintiff Nadia Metoyer presented no officer-safety concerns based on the circumstances known to officers at the time. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 106 to that

- 129 -

extent. Defendant Hoffman affirmatively alleges that Plaintiffs were already in handcuffs when he arrived at the scene.

l. Defendant Sean Sheridan denies the allegations in Paragraph 106 as stated. Defendant Sheridan denies any allegation or implication that Plaintiff Nadia Metoyer presented no officer-safety concerns based on the circumstances known to officers at the time. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 106 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 106 as stated. Defendant Dawson Jr. denies any allegation or implication that Plaintiff Nadia Metoyer presented no officer-safety concerns based on the circumstances known to officers at the time. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 106 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

107. In response to Paragraph 107 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 107 as stated. Defendant City of Omaha admits that Plaintiff Nadia Metoyer was a rear-seat passenger, complied with officers' commands, did not make threatening statements, did not make movements suggesting that she possessed a weapon, and was not found to possess a weapon. Defendant City of Omaha denies the allegation or characterization that Plaintiff Metoyer presented "no conceivable threat" to officers. Defendant City of Omaha affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle, the presence of firearms in the

vehicle, and the discovery of an additional firearm that had not been disclosed to the officers who initially approached the vehicle.

b. Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 107 and therefore denies them. Defendant Schmaderer further denies the legal conclusions and characterizations contained in Paragraph 107.

c. Defendant Mason Gregurich denies the allegations in Paragraph 107 as stated. Defendant Gregurich admits that Plaintiff Nadia Metoyer was a rear-seat passenger, complied with officers' commands, did not make threatening statements, did not make movements suggesting that she possessed a weapon, and was not found to possess a weapon. Defendant Gregurich denies the allegation or characterization that Plaintiff Metoyer presented "no conceivable threat" to officers. Defendant Gregurich affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle, the presence of firearms in the vehicle, and the discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 107 as stated. Defendant Valencia-Soethout admits that Plaintiff Nadia Metoyer was a rear-seat passenger, complied with officers' commands, did not make threatening statements, did not make movements suggesting that she possessed a weapon, and was not found to possess a weapon. Defendant Valencia-Soethout denies the allegation or characterization that Plaintiff Metoyer presented "no conceivable threat" to officers. Defendant Valencia-Soethout affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, and the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle.

- 131 -

e. Defendant Trevor Lapoint denies the allegations in Paragraph 107 as stated. Defendant Lapoint admits that, to the extent he observed Plaintiff Nadia Metoyer after arriving at the scene, she complied with officers' commands, did not make threatening statements, and did not make movements suggesting that she possessed a weapon. Defendant Lapoint denies the allegation or characterization that Plaintiff Metoyer presented "no conceivable threat" to officers. Defendant Lapoint affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Lapoint lacks knowledge or information sufficient to form a belief as to Plaintiff Metoyer's conduct before his arrival and therefore denies the allegations in Paragraph 107 to that extent.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 107 as stated. Defendant Riveros-Echague admits that, to the extent he observed Plaintiff Nadia Metoyer after arriving at the scene, she was a rear-seat passenger, complied with officers' commands, did not make threatening statements, did not make movements suggesting that she possessed a weapon, and was not found to possess a weapon. Defendant Riveros-Echague denies the allegation or characterization that Plaintiff Metoyer presented "no conceivable threat" to officers. Defendant Riveros-Echague affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 107 to that extent.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 107 as stated. Defendant Canterbury admits that, to the extent she observed Plaintiff Nadia Metoyer after arriving at the scene, Plaintiff Metoyer complied with

officers' commands and did not make threatening statements or movements suggesting that she possessed a weapon. Defendant Canterbury denies the allegation or characterization that Plaintiff Metoyer presented "no conceivable threat" to officers. Defendant Canterbury affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Canterbury lacks knowledge or information sufficient to form a belief as to Plaintiff Metoyer's conduct before her arrival and therefore denies the allegations in Paragraph 107 to that extent.

h. Defendant Michael Rosiere denies the allegations in Paragraph 107 as stated. Defendant Rosiere admits that, to the extent he observed Plaintiff Nadia Metoyer after arriving at the scene, Plaintiff Metoyer complied with officers' commands and did not make threatening statements or movements suggesting that she possessed a weapon. Defendant Rosiere denies the allegation or characterization that Plaintiff Metoyer presented "no conceivable threat" to officers. Defendant Rosiere affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Rosiere lacks knowledge or information sufficient to form a belief as to Plaintiff Metoyer's conduct before his arrival and therefore denies the allegations in Paragraph 107 to that extent.

i. Defendant Matthew Flores denies the allegations in Paragraph 107 as stated. Defendant Flores admits that, to the extent he observed Plaintiff Nadia Metoyer after arriving at the scene, Plaintiff Metoyer complied with officers' commands and did not make threatening statements or movements suggesting that she possessed a weapon. Defendant Flores denies the allegation or characterization that Plaintiff Metoyer presented "no conceivable threat" to officers. Defendant Flores affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the

traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Flores lacks knowledge or information sufficient to form a belief as to Plaintiff Metoyer's conduct before his arrival and therefore denies the allegations in Paragraph 107 to that extent.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 107 as stated. Defendant Gonzalez-Reynoso admits that, to the extent he observed Plaintiff Nadia Metoyer after arriving at the scene, Plaintiff Metoyer complied with officers' commands and did not make threatening statements or movements suggesting that she possessed a weapon. Defendant Gonzalez-Reynoso denies the allegation or characterization that Plaintiff Metoyer presented "no conceivable threat" to officers. Defendant Gonzalez-Reynoso affirmatively alleges that officer-safety concerns must be evaluated based on the information available to officers during the traffic stop, not in hindsight, and that the circumstances included multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to Plaintiff Metoyer's conduct before his arrival and therefore denies the allegations in Paragraph 107 to that extent.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 107 as stated. Defendant Hoffman denies the allegation or characterization that Plaintiff Nadia Metoyer presented "no conceivable threat" to officers. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 107 to that extent. Defendant Hoffman affirmatively alleges that Plaintiffs were already in handcuffs when he arrived at the scene.

l. Defendant Sean Sheridan denies the allegations in Paragraph 107 as stated. Defendant Sheridan denies the allegation or characterization that Plaintiff Nadia Metoyer presented "no conceivable threat" to officers. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph

107 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 107 as stated. Defendant Dawson Jr. denies the allegation or characterization that Plaintiff Nadia Metoyer presented "no conceivable threat" to officers. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 107 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

## Count-I
## Municipal Liability – Ratification by Final Policymaker of Unconstitutional Use-of-Force Policy (42 U.S.C. § 1983)
## Against City of Omaha

108.    In response to Paragraph 108 of the Complaint, the City Defendants incorporate by reference their responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 108 contains legal conclusions or characterizations, the City Defendants deny the same.

109.    In response to Paragraph 109 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 109 as stated. Defendant City of Omaha affirmatively alleges that LB77 is a statutory enactment, not a provision of the Nebraska Constitution. To the extent Paragraph 109 alleges that LB77 created or constitutes a Nebraska constitutional protection, Defendant City of Omaha denies the same. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 109 and therefore denies them.

b. Defendant Todd Schmaderer denies the allegations in Paragraph 109 as stated. Defendant Schmaderer affirmatively alleges that LB77 is a statutory enactment, not a provision of the Nebraska Constitution. To the extent

- 135 -

Paragraph 109 alleges that LB77 created or constitutes a Nebraska constitutional protection, Defendant Schmaderer denies the same. Defendant Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 109 and therefore denies them.

c. Defendant Mason Gregurich denies the allegations in Paragraph 109 as stated. Defendant Gregurich affirmatively alleges that LB77 is a statutory enactment, not a provision of the Nebraska Constitution. To the extent Paragraph 109 alleges that LB77 created or constitutes a Nebraska constitutional protection, Defendant Gregurich denies the same. Defendant Gregurich lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 109 and therefore denies them.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 109 as stated. Defendant Valencia-Soethout affirmatively alleges that LB77 is a statutory enactment, not a provision of the Nebraska Constitution. To the extent Paragraph 109 alleges that LB77 created or constitutes a Nebraska constitutional protection, Defendant Valencia-Soethout denies the same. Defendant Valencia-Soethout lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 109 and therefore denies them.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 109 as stated. Defendant Lapoint affirmatively alleges that LB77 is a statutory enactment, not a provision of the Nebraska Constitution. To the extent Paragraph 109 alleges that LB77 created or constitutes a Nebraska constitutional protection, Defendant Lapoint denies the same. Defendant Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 109 and therefore denies them.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 109 as stated. Defendant Riveros-Echague affirmatively alleges that LB77 is a statutory enactment, not a provision of the Nebraska Constitution. To the extent Paragraph 109 alleges that LB77 created or constitutes a Nebraska

constitutional protection, Defendant Riveros-Echague denies the same. Defendant Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 109 and therefore denies them.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 109 as stated. Defendant Canterbury affirmatively alleges that LB77 is a statutory enactment, not a provision of the Nebraska Constitution. To the extent Paragraph 109 alleges that LB77 created or constitutes a Nebraska constitutional protection, Defendant Canterbury denies the same. Defendant Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 109 and therefore denies them.

h. Defendant Michael Rosiere denies the allegations in Paragraph 109 as stated. Defendant Rosiere affirmatively alleges that LB77 is a statutory enactment, not a provision of the Nebraska Constitution. To the extent Paragraph 109 alleges that LB77 created or constitutes a Nebraska constitutional protection, Defendant Rosiere denies the same. Defendant Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 109 and therefore denies them.

i. Defendant Matthew Flores denies the allegations in Paragraph 109 as stated. Defendant Flores affirmatively alleges that LB77 is a statutory enactment, not a provision of the Nebraska Constitution. To the extent Paragraph 109 alleges that LB77 created or constitutes a Nebraska constitutional protection, Defendant Flores denies the same. Defendant Flores lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 109 and therefore denies them.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 109 as stated. Defendant Gonzalez-Reynoso affirmatively alleges that LB77 is a statutory enactment, not a provision of the Nebraska Constitution. To the extent Paragraph 109 alleges that LB77 created or constitutes a Nebraska constitutional protection, Defendant Gonzalez-Reynoso denies the same.

Defendant Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 109 and therefore denies them.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 109 as stated. Defendant Hoffman affirmatively alleges that LB77 is a statutory enactment, not a provision of the Nebraska Constitution. To the extent Paragraph 109 alleges that LB77 created or constitutes a Nebraska constitutional protection, Defendant Hoffman denies the same. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 109 and therefore denies them.

l. Defendant Sean Sheridan denies the allegations in Paragraph 109 as stated. Defendant Sheridan affirmatively alleges that LB77 is a statutory enactment, not a provision of the Nebraska Constitution. To the extent Paragraph 109 alleges that LB77 created or constitutes a Nebraska constitutional protection, Defendant Sheridan denies the same. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 109 and therefore denies them.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 109 as stated. Defendant Dawson Jr. affirmatively alleges that LB77 is a statutory enactment, not a provision of the Nebraska Constitution. To the extent Paragraph 109 alleges that LB77 created or constitutes a Nebraska constitutional protection, Defendant Dawson Jr. denies the same. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 109 and therefore denies them.

110. In response to Paragraph 110 of the Complaint, the City Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore deny them.

111. In response to Paragraph 111 of the Complaint, the City Defendants state that Paragraph 111 contains legal conclusions and characterizations to which no response is required.

- 138 -

To the extent a response is required, the City Defendants deny the allegations in Paragraph 111 as stated. The City Defendants affirmatively allege that LB77 is a statutory enactment, not a constitutional framework or provision of the Nebraska Constitution. The City Defendants further deny any allegation or implication that the phrase "constitutional carry" converts LB77 or Nebraska's statutory firearm-carry provisions into a separate constitutional framework.

112.    In response to Paragraph 112 of the Complaint:

a.  Defendant City of Omaha denies the allegations in Paragraph 112 as stated. Defendant City of Omaha denies the legal conclusion and characterization that the conduct at issue was based on a "constitutional right" created by LB77. Defendant City of Omaha denies that Defendant Officers pointed their service weapons at Plaintiffs, denies that Plaintiffs posed no danger to officer safety, and denies that any use or display of service weapons was based solely on the lawful disclosure of firearms. Defendant City of Omaha affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to the officers who initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

b.  Defendant Todd Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 112 and therefore denies them. Defendant Schmaderer further denies the legal conclusions and characterizations contained in Paragraph 112.

c.  Defendant Mason Gregurich denies the allegations in Paragraph 112 as stated. Defendant Gregurich denies the legal conclusion and characterization that the conduct at issue was based on a "constitutional right" created by LB77. Defendant Gregurich admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon at Plaintiffs. Defendant Gregurich affirmatively alleges that his service weapon was held in a modified SUL position, pointed downward from a raised position, and was not

- 139 -

pointed directly at any person. Defendant Gregurich denies that Plaintiffs posed no danger to officer safety and denies that any use or display of his service weapon was based solely on the lawful disclosure of firearms. Defendant Gregurich affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

d.  Defendant James Valencia-Soethout denies the allegations in Paragraph 112 as stated. Defendant Valencia-Soethout denies the legal conclusion and characterization that the conduct at issue was based on a "constitutional right" created by LB77. Defendant Valencia-Soethout admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon at Plaintiffs. Defendant Valencia-Soethout affirmatively alleges that his service weapon was held in a SUL position and was not pointed directly at any person. Defendant Valencia-Soethout denies that Plaintiffs posed no danger to officer safety and denies that any use or display of his service weapon was based solely on the lawful disclosure of firearms. Defendant Valencia-Soethout affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 112 as stated. Defendant Lapoint denies the legal conclusion and characterization that the conduct at issue was based on a "constitutional right" created by LB77. Defendant Lapoint admits that he had his firearm withdrawn after arriving at

- 140 -

the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Lapoint affirmatively alleges that his firearm was pointed downward. Defendant Lapoint denies that Plaintiffs posed no danger to officer safety and denies that any use or display of his firearm was based solely on the lawful disclosure of firearms. Defendant Lapoint affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 112 to that extent.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 112 as stated. Defendant Riveros-Echague denies the legal conclusion and characterization that the conduct at issue was based on a "constitutional right" created by LB77. Defendant Riveros-Echague admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Riveros-Echague affirmatively alleges that his firearm was pointed downward. Defendant Riveros-Echague denies that Plaintiffs posed no danger to officer safety and denies that any use or display of his firearm was based solely on the lawful disclosure of firearms. Defendant Riveros-Echague affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 112 to that extent.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 112 as stated. Defendant Canterbury denies the legal conclusion and characterization that the conduct at issue was based on a "constitutional right" created by LB77. Defendant Canterbury denies that she pointed her service weapon at

Plaintiffs. Defendant Canterbury denies that Plaintiffs posed no danger to officer safety and denies that any use or display of service weapons was based solely on the lawful disclosure of firearms. Defendant Canterbury affirmatively alleges that, upon her arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations in Paragraph 112 to that extent.

h. Defendant Michael Rosiere denies the allegations in Paragraph 112 as stated. Defendant Rosiere denies the legal conclusion and characterization that the conduct at issue was based on a "constitutional right" created by LB77. Defendant Rosiere denies that he pointed his service weapon at Plaintiffs. Defendant Rosiere denies that Plaintiffs posed no danger to officer safety and denies that any use or display of service weapons was based solely on the lawful disclosure of firearms. Defendant Rosiere affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Rosiere lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 112 to that extent.

i. Defendant Matthew Flores denies the allegations in Paragraph 112 as stated. Defendant Flores denies the legal conclusion and characterization that the conduct at issue was based on a "constitutional right" created by LB77. Defendant Flores denies that he pointed his service weapon at Plaintiffs. Defendant Flores denies that Plaintiffs posed no danger to officer safety and denies that any use or display of service weapons was based solely on the lawful disclosure of firearms. Defendant Flores affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Flores lacks knowledge or information

sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 112 to that extent.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 112 as stated. Defendant Gonzalez-Reynoso denies the legal conclusion and characterization that the conduct at issue was based on a "constitutional right" created by LB77. Defendant Gonzalez-Reynoso denies that he pointed his service weapon at Plaintiffs. Defendant Gonzalez-Reynoso denies that Plaintiffs posed no danger to officer safety and denies that any use or display of service weapons was based solely on the lawful disclosure of firearms. Defendant Gonzalez-Reynoso affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 112 to that extent.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 112 as stated. Defendant Hoffman denies the legal conclusion and characterization that the conduct at issue was based on a "constitutional right" created by LB77. Defendant Hoffman denies that he pointed his service weapon at Plaintiffs. Defendant Hoffman denies that Plaintiffs posed no danger to officer safety and denies that any use or display of service weapons was based solely on the lawful disclosure of firearms. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 112 to that extent. Defendant Hoffman affirmatively alleges that Plaintiffs were already in handcuffs when he arrived at the scene.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 112 as stated. Defendant Sheridan denies the legal conclusion and characterization that the conduct at issue was based on a "constitutional right" created by LB77. Defendant Sheridan denies that he pointed his service weapon at Plaintiffs. Defendant Sheridan denies that Plaintiffs posed no danger to officer safety

- 143 -

and denies that any use or display of service weapons was based solely on the lawful disclosure of firearms. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 112 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 112 as stated. Defendant Dawson Jr. denies the legal conclusion and characterization that the conduct at issue was based on a "constitutional right" created by LB77. Defendant Dawson Jr. denies that he pointed his service weapon at Plaintiffs. Defendant Dawson Jr. denies that Plaintiffs posed no danger to officer safety and denies that any use or display of service weapons was based solely on the lawful disclosure of firearms. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 112 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

113. In response to Paragraph 113 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 113 as stated. Defendant City of Omaha denies that any official City policy authorizes officers to display or point firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant City of Omaha further denies that Defendant Officers pointed their service weapons at Plaintiffs, denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and denies any allegation or implication that officers knew at the time of the stop that all firearms present were lawfully possessed. Defendant City of Omaha affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of

firearms in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to the officers who initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs. Defendant City of Omaha further affirmatively alleges that the officers' actions were reviewed through an internal affairs investigation and no policy violation was sustained as to the involved officers.

b. Defendant Todd Schmaderer denies the allegations in Paragraph 113 as stated. Defendant Schmaderer denies that any official City policy authorizes officers to display or point firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Schmaderer further denies any allegation or implication that Defendant Officers acted pursuant to such a policy, that any use or display of service weapons was based solely on the disclosure or presence of firearms, or that officers knew at the time of the stop that all firearms present were lawfully possessed. Defendant Schmaderer further denies the legal conclusions and characterizations contained in Paragraph 113.

c. Defendant Mason Gregurich denies the allegations in Paragraph 113 as stated. Defendant Gregurich denies that he acted pursuant to any official City policy authorizing officers to display or point firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Gregurich admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon at Plaintiffs. Defendant Gregurich affirmatively alleges that his service weapon was held in a modified SUL position, pointed downward from a raised position, and was not pointed directly at any person. Defendant Gregurich further denies that any use or display of his service weapon was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all

- 145 -

firearms present were lawfully possessed. Defendant Gregurich affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs. Defendant Gregurich further affirmatively alleges that his actions were reviewed through an internal affairs investigation and no policy violation was sustained as to him.

d.  Defendant James Valencia-Soethout denies the allegations in Paragraph 113 as stated. Defendant Valencia-Soethout denies that he acted pursuant to any official City policy authorizing officers to display or point firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Valencia-Soethout admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon at Plaintiffs. Defendant Valencia-Soethout affirmatively alleges that his service weapon was held in a SUL position and was not pointed directly at any person. Defendant Valencia-Soethout further denies that any use or display of his service weapon was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Valencia-Soethout affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs. Defendant Valencia-Soethout

further affirmatively alleges that his actions were reviewed through an internal affairs investigation and no policy violation was sustained as to him.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 113 as stated. Defendant Lapoint denies that he acted pursuant to any official City policy authorizing officers to display or point firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Lapoint admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Lapoint affirmatively alleges that his firearm was pointed downward. Defendant Lapoint further denies that any use or display of his firearm was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Lapoint affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 113 to that extent. Defendant Lapoint further affirmatively alleges that his actions were reviewed through an internal affairs investigation and no policy violation was sustained as to him.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 113 as stated. Defendant Riveros-Echague denies that he acted pursuant to any official City policy authorizing officers to display or point firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Riveros-Echague admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Riveros-Echague affirmatively alleges that his firearm was pointed

- 147 -

downward. Defendant Riveros-Echague further denies that any use or display of his firearm was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Riveros-Echague affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 113 to that extent. Defendant Riveros-Echague further affirmatively alleges that his actions were reviewed through an internal affairs investigation and no policy violation was sustained as to him.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 113 as stated. Defendant Canterbury denies that she acted pursuant to any official City policy authorizing officers to display or point firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Canterbury denies that she pointed her service weapon at Plaintiffs. Defendant Canterbury further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and denies any allegation or implication that she knew at the time of the stop that all firearms present were lawfully possessed. Defendant Canterbury affirmatively alleges that, upon her arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations in Paragraph 113 to that extent. Defendant Canterbury further affirmatively alleges that her actions were reviewed through an internal affairs investigation and no policy violation was sustained as to her.

h. Defendant Michael Rosiere denies the allegations in Paragraph 113 as stated. Defendant Rosiere denies that he acted pursuant to any official City policy authorizing officers to display or point firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Rosiere denies that he pointed his service weapon at Plaintiffs. Defendant Rosiere further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Rosiere affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Rosiere lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 113 to that extent. Defendant Rosiere further affirmatively alleges that his actions were reviewed through an internal affairs investigation and no policy violation was sustained as to him.

i. Defendant Matthew Flores denies the allegations in Paragraph 113 as stated. Defendant Flores denies that he acted pursuant to any official City policy authorizing officers to display or point firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Flores denies that he pointed his service weapon at Plaintiffs. Defendant Flores further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Flores affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the

- 149 -

allegations in Paragraph 113 to that extent. Defendant Flores further affirmatively alleges that his actions were reviewed through an internal affairs investigation and no policy violation was sustained as to him.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 113 as stated. Defendant Gonzalez-Reynoso denies that he acted pursuant to any official City policy authorizing officers to display or point firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Gonzalez-Reynoso denies that he pointed his service weapon at Plaintiffs. Defendant Gonzalez-Reynoso further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Gonzalez-Reynoso affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 113 to that extent. Defendant Gonzalez-Reynoso further affirmatively alleges that his actions were reviewed through an internal affairs investigation and no policy violation was sustained as to him.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 113 as stated. Defendant Hoffman denies that he acted pursuant to any official City policy authorizing officers to display or point firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Hoffman denies that he pointed his service weapon at Plaintiffs. Defendant Hoffman further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms

- 150 -

present were lawfully possessed. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 113 to that extent. Defendant Hoffman affirmatively alleges that Plaintiffs were already in handcuffs when he arrived at the scene. Defendant Hoffman further affirmatively alleges that his actions were reviewed through an internal affairs investigation and no policy violation was sustained as to him.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 113 as stated. Defendant Sheridan denies that he acted pursuant to any official City policy authorizing officers to display or point firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Sheridan denies that he pointed his service weapon at Plaintiffs. Defendant Sheridan further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 113 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle. Defendant Sheridan further affirmatively alleges that his actions were reviewed through an internal affairs investigation and no policy violation was sustained as to him.

m.  Defendant William Dawson Jr. denies the allegations in Paragraph 113 as stated. Defendant Dawson Jr. denies that he acted pursuant to any official City policy authorizing officers to display or point firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Dawson Jr. denies that he pointed his service weapon at Plaintiffs. Defendant Dawson Jr. further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and

denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 113 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed. Defendant Dawson Jr. further affirmatively alleges that his actions were reviewed through an internal affairs investigation and no policy violation was sustained as to him.

114.    In response to Paragraph 114 of the Complaint, the City Defendants, except Defendant Schmaderer, lack knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 114 and therefore deny them. Defendant Schmaderer denies the allegation. To the extent Paragraph 114 contains legal conclusions or characterizations, the City Defendants, including Defendant Schmaderer, deny the same.

115.    In response to Paragraph 115 of the Complaint, the City Defendants admit the allegations in Paragraph 115.

116.    In response to Paragraph 116 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 116 as stated. Defendant City of Omaha denies that Chief Schmaderer ratified any unconstitutional policy, practice, custom, or use of force. Defendant City of Omaha denies that any official City policy authorizes officers to draw or point loaded firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant City of Omaha further denies that Defendant Officers pointed loaded firearms at Plaintiffs, denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and denies any allegation or implication that officers knew at the time of the stop that all firearms present were lawfully possessed. Defendant City of Omaha affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, Plaintiff

Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to the officers who initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

b. Defendant Schmaderer denies the allegations in Paragraph 116 as stated and denies the legal implications and inferences of same.

c. Defendant Mason Gregurich denies the allegations in Paragraph 116 as stated. Defendant Gregurich denies that Chief Schmaderer ratified any unconstitutional policy, practice, custom, or use of force. Defendant Gregurich denies that he acted pursuant to any official City policy authorizing officers to draw or point loaded firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Gregurich admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon at Plaintiffs. Defendant Gregurich affirmatively alleges that his service weapon was held in a modified SUL position, pointed downward from a raised position, and was not pointed directly at any person. Defendant Gregurich further denies that any use or display of his service weapon was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Gregurich affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 116 as stated. Defendant Valencia-Soethout denies that Chief Schmaderer ratified

- 153 -

any unconstitutional policy, practice, custom, or use of force. Defendant Valencia-Soethout denies that he acted pursuant to any official City policy authorizing officers to draw or point loaded firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Valencia-Soethout admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon at Plaintiffs. Defendant Valencia-Soethout affirmatively alleges that his service weapon was held in a SUL position and was not pointed directly at any person. Defendant Valencia-Soethout further denies that any use or display of his service weapon was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Valencia-Soethout affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 116 as stated. Defendant Lapoint denies that Chief Schmaderer ratified any unconstitutional policy, practice, custom, or use of force. Defendant Lapoint denies that he acted pursuant to any official City policy authorizing officers to draw or point loaded firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Lapoint admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Lapoint affirmatively alleges that his firearm was pointed downward. Defendant Lapoint further denies that any use or display of his

firearm was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Lapoint affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 116 to that extent.

f.   Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 116 as stated. Defendant Riveros-Echague denies that Chief Schmaderer ratified any unconstitutional policy, practice, custom, or use of force. Defendant Riveros-Echague denies that he acted pursuant to any official City policy authorizing officers to draw or point loaded firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Riveros-Echague admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Riveros-Echague affirmatively alleges that his firearm was pointed downward. Defendant Riveros-Echague further denies that any use or display of his firearm was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Riveros-Echague affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 116 to that extent.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 116 as stated. Defendant Canterbury denies that Chief Schmaderer ratified any unconstitutional policy, practice, custom, or use of force. Defendant Canterbury denies that she acted pursuant to any official City policy authorizing officers to draw or point loaded firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Canterbury denies that she pointed her service weapon at Plaintiffs. Defendant Canterbury further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and denies any allegation or implication that she knew at the time of the stop that all firearms present were lawfully possessed. Defendant Canterbury affirmatively alleges that, upon her arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations in Paragraph 116 to that extent.

h. Defendant Michael Rosiere denies the allegations in Paragraph 116 as stated. Defendant Rosiere denies that Chief Schmaderer ratified any unconstitutional policy, practice, custom, or use of force. Defendant Rosiere denies that he acted pursuant to any official City policy authorizing officers to draw or point loaded firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Rosiere denies that he pointed his service weapon at Plaintiffs. Defendant Rosiere further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Rosiere affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Rosiere

lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 116 to that extent.

i. Defendant Matthew Flores denies the allegations in Paragraph 116 as stated. Defendant Flores denies that Chief Schmaderer ratified any unconstitutional policy, practice, custom, or use of force. Defendant Flores denies that he acted pursuant to any official City policy authorizing officers to draw or point loaded firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Flores denies that he pointed his service weapon at Plaintiffs. Defendant Flores further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Flores affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 116 to that extent.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 116 as stated. Defendant Gonzalez-Reynoso denies that Chief Schmaderer ratified any unconstitutional policy, practice, custom, or use of force. Defendant Gonzalez-Reynoso denies that he acted pursuant to any official City policy authorizing officers to draw or point loaded firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Gonzalez-Reynoso denies that he pointed his service weapon at Plaintiffs. Defendant Gonzalez-Reynoso further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that

- 157 -

all firearms present were lawfully possessed. Defendant Gonzalez-Reynoso affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 116 to that extent.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 116 as stated. Defendant Hoffman denies that Chief Schmaderer ratified any unconstitutional policy, practice, custom, or use of force. Defendant Hoffman denies that he acted pursuant to any official City policy authorizing officers to draw or point loaded firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Hoffman denies that he pointed his service weapon at Plaintiffs. Defendant Hoffman further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 116 to that extent. Defendant Hoffman affirmatively alleges that Plaintiffs were already in handcuffs when he arrived at the scene.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 116 as stated. Defendant Sheridan denies that Chief Schmaderer ratified any unconstitutional policy, practice, custom, or use of force. Defendant Sheridan denies that he acted pursuant to any official City policy authorizing officers to draw or point loaded firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Sheridan denies that he pointed his service weapon at Plaintiffs. Defendant Sheridan further denies that any use or display of service weapons was based solely on the disclosure

or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 116 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 116 as stated. Defendant Dawson Jr. denies that Chief Schmaderer ratified any unconstitutional policy, practice, custom, or use of force. Defendant Dawson Jr. denies that he acted pursuant to any official City policy authorizing officers to draw or point loaded firearms at compliant individuals based solely on the disclosure or presence of lawful firearms, without any additional threatening conduct or objective indicators of danger. Defendant Dawson Jr. denies that he pointed his service weapon at Plaintiffs. Defendant Dawson Jr. further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and denies any allegation or implication that he knew at the time of the stop that all firearms present were lawfully possessed. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 116 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

117. In response to Paragraph 117 of the Complaint, the City Defendants state that Paragraph 117 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 117 as stated. The City Defendants deny that Chief Schmaderer ratified any unconstitutional policy, practice, custom, or use of force. The City Defendants further deny that any alleged ratification established an official municipal policy authorizing the conduct alleged by Plaintiffs.

118. In response to Paragraph 118 of the Complaint:

a. Defendant City of Omaha states that Paragraph 118 contains legal conclusions and characterizations to which no response is required. To the extent a

response is required, Defendant City of Omaha denies the allegations in Paragraph 118 as stated. Defendant City of Omaha denies that any official City policy permits officers to point loaded firearms at citizens based solely on the disclosure or presence of lawful firearms, without additional articulable facts or circumstances suggesting threat or danger. Defendant City of Omaha further denies the allegation or characterization that LB77 created or constitutes a separate constitutional right or constitutional framework. Defendant City of Omaha affirmatively alleges that LB77 is a statutory enactment. Defendant City of Omaha further denies that Defendant Officers pointed loaded firearms at Plaintiffs, denies that any use or display of service weapons was based solely on the disclosure or presence of firearms, and affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to the officers who initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

b.  Defendant Schmaderer denies the allegations in Paragraph 118 as stated and denies the legal implications and inferences of same.

c.  Defendant Mason Gregurich states that Paragraph 118 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant Gregurich denies the allegations in Paragraph 118 as stated. Defendant Gregurich denies that he acted pursuant to any official City policy permitting officers to point loaded firearms at citizens based solely on the disclosure or presence of lawful firearms, without additional articulable facts or circumstances suggesting threat or danger. Defendant Gregurich further denies the allegation or characterization that LB77 created or constitutes a separate constitutional right or constitutional framework and affirmatively alleges that LB77 is a statutory enactment.

- 160 -

Defendant Gregurich admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon at Plaintiffs. Defendant Gregurich affirmatively alleges that his service weapon was held in a modified SUL position, pointed downward from a raised position, and was not pointed directly at any person. Defendant Gregurich further denies that any use or display of his service weapon was based solely on the disclosure or presence of firearms. Defendant Gregurich affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

d.  Defendant James Valencia-Soethout states that Paragraph 118 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant Valencia-Soethout denies the allegations in Paragraph 118 as stated. Defendant Valencia-Soethout denies that he acted pursuant to any official City policy permitting officers to point loaded firearms at citizens based solely on the disclosure or presence of lawful firearms, without additional articulable facts or circumstances suggesting threat or danger. Defendant Valencia-Soethout further denies the allegation or characterization that LB77 created or constitutes a separate constitutional right or constitutional framework and affirmatively alleges that LB77 is a statutory enactment. Defendant Valencia-Soethout admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon at Plaintiffs. Defendant Valencia-Soethout affirmatively alleges that his service weapon was held in a SUL position and was not pointed directly at any person. Defendant Valencia-Soethout further denies that any use or display of his service weapon was based solely on the disclosure or presence of firearms. Defendant Valencia-Soethout affirmatively alleges that the circumstances of the traffic stop presented objectively reasonable officer-

safety concerns, including multiple occupants in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

e. Defendant Trevor Lapoint states that Paragraph 118 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant Lapoint denies the allegations in Paragraph 118 as stated. Defendant Lapoint denies that he acted pursuant to any official City policy permitting officers to point loaded firearms at citizens based solely on the disclosure or presence of lawful firearms, without additional articulable facts or circumstances suggesting threat or danger. Defendant Lapoint further denies the allegation or characterization that LB77 created or constitutes a separate constitutional right or constitutional framework and affirmatively alleges that LB77 is a statutory enactment. Defendant Lapoint admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Lapoint affirmatively alleges that his firearm was pointed downward. Defendant Lapoint further denies that any use or display of his firearm was based solely on the disclosure or presence of firearms. Defendant Lapoint affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 118 to that extent.

f. Defendant Gilberto Riveros-Echague states that Paragraph 118 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant Riveros-Echague denies the

allegations in Paragraph 118 as stated. Defendant Riveros-Echague denies that he acted pursuant to any official City policy permitting officers to point loaded firearms at citizens based solely on the disclosure or presence of lawful firearms, without additional articulable facts or circumstances suggesting threat or danger. Defendant Riveros-Echague further denies the allegation or characterization that LB77 created or constitutes a separate constitutional right or constitutional framework and affirmatively alleges that LB77 is a statutory enactment. Defendant Riveros-Echague admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Riveros-Echague affirmatively alleges that his firearm was pointed downward. Defendant Riveros-Echague further denies that any use or display of his firearm was based solely on the disclosure or presence of firearms. Defendant Riveros-Echague affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 118 to that extent.

g. Defendant Yuliya Canterbury states that Paragraph 118 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant Canterbury denies the allegations in Paragraph 118 as stated. Defendant Canterbury denies that she acted pursuant to any official City policy permitting officers to point loaded firearms at citizens based solely on the disclosure or presence of lawful firearms, without additional articulable facts or circumstances suggesting threat or danger. Defendant Canterbury further denies the allegation or characterization that LB77 created or constitutes a separate constitutional right or constitutional framework and affirmatively alleges that LB77 is a statutory enactment. Defendant Canterbury denies that she pointed her service weapon at Plaintiffs. Defendant Canterbury further denies that any use or display of service

- 163 -

weapons was based solely on the disclosure or presence of firearms. Defendant Canterbury affirmatively alleges that, upon her arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations in Paragraph 118 to that extent.

h. Defendant Michael Rosiere states that Paragraph 118 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant Rosiere denies the allegations in Paragraph 118 as stated. Defendant Rosiere denies that he acted pursuant to any official City policy permitting officers to point loaded firearms at citizens based solely on the disclosure or presence of lawful firearms, without additional articulable facts or circumstances suggesting threat or danger. Defendant Rosiere further denies the allegation or characterization that LB77 created or constitutes a separate constitutional right or constitutional framework and affirmatively alleges that LB77 is a statutory enactment. Defendant Rosiere denies that he pointed his service weapon at Plaintiffs. Defendant Rosiere further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms. Defendant Rosiere affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Rosiere lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 118 to that extent.

i. Defendant Matthew Flores states that Paragraph 118 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant Flores denies the allegations in Paragraph 118 as stated. Defendant Flores denies that he acted pursuant to any official City policy permitting officers to point loaded firearms at citizens

based solely on the disclosure or presence of lawful firearms, without additional articulable facts or circumstances suggesting threat or danger. Defendant Flores further denies the allegation or characterization that LB77 created or constitutes a separate constitutional right or constitutional framework and affirmatively alleges that LB77 is a statutory enactment. Defendant Flores denies that he pointed his service weapon at Plaintiffs. Defendant Flores further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms. Defendant Flores affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 118 to that extent.

j.  Defendant Luis Gonzalez-Reynoso states that Paragraph 118 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant Gonzalez-Reynoso denies the allegations in Paragraph 118 as stated. Defendant Gonzalez-Reynoso denies that he acted pursuant to any official City policy permitting officers to point loaded firearms at citizens based solely on the disclosure or presence of lawful firearms, without additional articulable facts or circumstances suggesting threat or danger. Defendant Gonzalez-Reynoso further denies the allegation or characterization that LB77 created or constitutes a separate constitutional right or constitutional framework and affirmatively alleges that LB77 is a statutory enactment. Defendant Gonzalez-Reynoso denies that he pointed his service weapon at Plaintiffs. Defendant Gonzalez-Reynoso further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms. Defendant Gonzalez-Reynoso affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Gonzalez-Reynoso lacks knowledge or

- 165 -

information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 118 to that extent.

k.  Defendant Benjamin Hoffman states that Paragraph 118 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant Hoffman denies the allegations in Paragraph 118 as stated. Defendant Hoffman denies that he acted pursuant to any official City policy permitting officers to point loaded firearms at citizens based solely on the disclosure or presence of lawful firearms, without additional articulable facts or circumstances suggesting threat or danger. Defendant Hoffman further denies the allegation or characterization that LB77 created or constitutes a separate constitutional right or constitutional framework and affirmatively alleges that LB77 is a statutory enactment. Defendant Hoffman denies that he pointed his service weapon at Plaintiffs. Defendant Hoffman further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 118 to that extent. Defendant Hoffman affirmatively alleges that Plaintiffs were already in handcuffs when he arrived at the scene.

l.  Defendant Sean Sheridan states that Paragraph 118 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant Sheridan denies the allegations in Paragraph 118 as stated. Defendant Sheridan denies that he acted pursuant to any official City policy permitting officers to point loaded firearms at citizens based solely on the disclosure or presence of lawful firearms, without additional articulable facts or circumstances suggesting threat or danger. Defendant Sheridan further denies the allegation or characterization that LB77 created or constitutes a separate constitutional right or constitutional framework and affirmatively alleges that LB77 is a statutory enactment. Defendant Sheridan denies that he pointed his service weapon at Plaintiffs. Defendant Sheridan further denies that any use or display of service weapons was based solely on the disclosure

or presence of firearms. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 118 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. states that Paragraph 118 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant Dawson Jr. denies the allegations in Paragraph 118 as stated. Defendant Dawson Jr. denies that he acted pursuant to any official City policy permitting officers to point loaded firearms at citizens based solely on the disclosure or presence of lawful firearms, without additional articulable facts or circumstances suggesting threat or danger. Defendant Dawson Jr. further denies the allegation or characterization that LB77 created or constitutes a separate constitutional right or constitutional framework and affirmatively alleges that LB77 is a statutory enactment. Defendant Dawson Jr. denies that he pointed his service weapon at Plaintiffs. Defendant Dawson Jr. further denies that any use or display of service weapons was based solely on the disclosure or presence of firearms. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 118 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

119.    In response to Paragraph 119 of the Complaint, the City Defendants state that Paragraph 119 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 119 as stated. The City Defendants deny that the City maintained any unconstitutional policy of deploying firearms against compliant individuals based solely on lawful firearm disclosure and without any threatening conduct. The City Defendants further deny that any City policy violated Plaintiffs' Fourth Amendment rights or caused any excessive force.

- 167 -

120.    In response to Paragraph 120 of the Complaint, the City Defendants state that Paragraph 120 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 120 as stated. The City Defendants deny that the City maintained, adopted, ratified, or enforced any unconstitutional policy, practice, or custom that was the moving force behind any violation of Plaintiffs' constitutional rights. The City Defendants further deny that any City policy, practice, custom, or alleged ratification caused Plaintiffs to suffer a constitutional injury.

## COUNT-II
## Municipal Liability – Policy or Custom of Discriminatory Traffic Stops Against African Americans (42 U.S.C. § 1983)
## Against City of Omaha

121.    In response to Paragraph 121 of the Complaint:

a. Defendant City of Omaha incorporates by reference its responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 121 contains legal conclusions or characterizations, Defendant City of Omaha denies the same.

b. Defendant Todd Schmaderer incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 121 contains legal conclusions or characterizations, Defendant Schmaderer denies the same.

c. Defendant Mason Gregurich incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 121 contains legal conclusions or characterizations, Defendant Gregurich denies the same.

d. Defendant James Valencia-Soethout incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 121 contains legal conclusions or characterizations, Defendant Valencia-Soethout denies the same.

e. Defendant Trevor Lapoint incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph

- 168 -

121 contains legal conclusions or characterizations, Defendant Lapoint denies the same.

f.  Defendant Gilberto Riveros-Echague incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 121 contains legal conclusions or characterizations, Defendant Riveros-Echague denies the same.

g.  Defendant Yuliya Canterbury incorporates by reference her responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 121 contains legal conclusions or characterizations, Defendant Canterbury denies the same.

h.  Defendant Michael Rosiere incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 121 contains legal conclusions or characterizations, Defendant Rosiere denies the same.

i.  Defendant Matthew Flores incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 121 contains legal conclusions or characterizations, Defendant Flores denies the same.

j.  Defendant Luis Gonzalez-Reynoso incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 121 contains legal conclusions or characterizations, Defendant Gonzalez-Reynoso denies the same.

k.  Defendant Benjamin Hoffman incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 121 contains legal conclusions or characterizations, Defendant Hoffman denies the same.

l.  Defendant Sean Sheridan incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 121 contains legal conclusions or characterizations, Defendant Sheridan denies the same.

m. Defendant William Dawson Jr. incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 121 contains legal conclusions or characterizations, Defendant Dawson Jr. denies the same.

122. In response to Paragraph 122 of the Complaint:

a. Defendant City of Omaha states that Paragraph 122 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 122 as stated. Defendant City of Omaha denies that it maintains or permits any policy, custom, or practice of initiating, conducting, or escalating traffic stops against African American motorists or passengers in a discriminatory manner. Defendant City of Omaha further denies that it maintains or permits any policy, custom, or practice resulting in disproportionate uses of force or restraints against African American motorists or passengers, including the drawing or pointing of loaded firearms, removal at gunpoint, handcuffing, or prolonged detention without objective justification. Defendant City of Omaha denies that Plaintiffs were stopped, detained, restrained, or subjected to force because of their race. Defendant City of Omaha affirmatively alleges that the traffic stop was initiated based on the driver's operation of the vehicle, including the vehicle traveling well above the speed limit in a populated area and presenting concerns of reckless driving, and that the circumstances of the stop presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms.

b. Defendant Todd Schmaderer states that Paragraph 122 contains legal conclusions and characterizations regarding an alleged municipal policy, custom, or practice to which no response is required from him in his individual capacity. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 122 as stated. Defendant Schmaderer denies that the City of Omaha maintains or permits any policy, custom, or practice of initiating, conducting, or escalating traffic stops against

- 170 -

African American motorists or passengers in a discriminatory manner. Defendant Schmaderer further denies that Plaintiffs were stopped, detained, restrained, or subjected to force because of their race.

c.  Defendant Mason Gregurich states that Paragraph 122 contains legal conclusions and characterizations regarding an alleged municipal policy, custom, or practice to which no response is required from him in his individual capacity. To the extent a response is required, Defendant Gregurich denies the allegations in Paragraph 122 as stated. Defendant Gregurich denies that he acted pursuant to any discriminatory policy, custom, or practice. Defendant Gregurich denies that Plaintiffs were stopped, detained, restrained, or subjected to force because of their race. Defendant Gregurich further denies that the stop, detention, use or display of his service weapon, or any restraint was without objective justification. Defendant Gregurich affirmatively alleges that the traffic stop was initiated based on the driver's operation of the vehicle, including the vehicle traveling well above the speed limit in a populated area and presenting concerns of reckless driving, and that the circumstances of the stop presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

d.  Defendant James Valencia-Soethout states that Paragraph 122 contains legal conclusions and characterizations regarding an alleged municipal policy, custom, or practice to which no response is required from him in his individual capacity. To the extent a response is required, Defendant Valencia-Soethout denies the allegations in Paragraph 122 as stated. Defendant Valencia-Soethout denies that he acted pursuant to any discriminatory policy, custom, or practice. Defendant Valencia-Soethout denies that Plaintiffs were stopped, detained, restrained, or subjected to force because of their race. Defendant Valencia-Soethout further denies that the stop, detention, use or

display of his service weapon, or any restraint was without objective justification. Defendant Valencia-Soethout affirmatively alleges that the traffic stop was initiated based on the driver's operation of the vehicle, including the vehicle traveling well above the speed limit in a populated area and presenting concerns of reckless driving, and that the circumstances of the stop presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

e. Defendant Trevor Lapoint states that Paragraph 122 contains legal conclusions and characterizations regarding an alleged municipal policy, custom, or practice to which no response is required from him in his individual capacity. To the extent a response is required, Defendant Lapoint denies the allegations in Paragraph 122 as stated. Defendant Lapoint denies that he acted pursuant to any discriminatory policy, custom, or practice. Defendant Lapoint denies that Plaintiffs were stopped, detained, restrained, or subjected to force because of their race. Defendant Lapoint further denies that any detention, use or display of his firearm, or restraint was without objective justification. Defendant Lapoint affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms. Defendant Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 122 to that extent.

f. Defendant Gilberto Riveros-Echague states that Paragraph 122 contains legal conclusions and characterizations regarding an alleged municipal policy, custom, or practice to which no response is required from him in his individual capacity. To the extent a response is required, Defendant Riveros-Echague denies the allegations in Paragraph 122 as stated. Defendant Riveros-

Echague denies that he acted pursuant to any discriminatory policy, custom, or practice. Defendant Riveros-Echague denies that Plaintiffs were stopped, detained, restrained, or subjected to force because of their race. Defendant Riveros-Echague further denies that any detention, use or display of his firearm, or restraint was without objective justification. Defendant Riveros-Echague affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms. Defendant Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 122 to that extent.

g. Defendant Yuliya Canterbury states that Paragraph 122 contains legal conclusions and characterizations regarding an alleged municipal policy, custom, or practice to which no response is required from her in her individual capacity. To the extent a response is required, Defendant Canterbury denies the allegations in Paragraph 122 as stated. Defendant Canterbury denies that she acted pursuant to any discriminatory policy, custom, or practice. Defendant Canterbury denies that Plaintiffs were stopped, detained, restrained, or subjected to force because of their race. Defendant Canterbury further denies that any detention, use or display of force, or restraint was without objective justification. Defendant Canterbury affirmatively alleges that, upon her arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms. Defendant Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations in Paragraph 122 to that extent.

h. Defendant Michael Rosiere states that Paragraph 122 contains legal conclusions and characterizations regarding an alleged municipal policy, custom, or practice to which no response is required from him in his individual capacity. To the extent a response is required, Defendant Rosiere denies the allegations in Paragraph 122 as stated. Defendant Rosiere denies

that he acted pursuant to any discriminatory policy, custom, or practice. Defendant Rosiere denies that Plaintiffs were stopped, detained, restrained, or subjected to force because of their race. Defendant Rosiere further denies that any detention, use or display of force, or restraint was without objective justification. Defendant Rosiere affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms. Defendant Rosiere lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 122 to that extent.

i.   Defendant Matthew Flores states that Paragraph 122 contains legal conclusions and characterizations regarding an alleged municipal policy, custom, or practice to which no response is required from him in his individual capacity. To the extent a response is required, Defendant Flores denies the allegations in Paragraph 122 as stated. Defendant Flores denies that he acted pursuant to any discriminatory policy, custom, or practice. Defendant Flores denies that Plaintiffs were stopped, detained, restrained, or subjected to force because of their race. Defendant Flores further denies that any detention, use or display of force, or restraint was without objective justification. Defendant Flores affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms. Defendant Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 122 to that extent.

j.   Defendant Luis Gonzalez-Reynoso states that Paragraph 122 contains legal conclusions and characterizations regarding an alleged municipal policy, custom, or practice to which no response is required from him in his individual capacity. To the extent a response is required, Defendant Gonzalez-Reynoso denies the allegations in Paragraph 122 as stated. Defendant Gonzalez-Reynoso denies that he acted pursuant to any discriminatory policy,

- 174 -

custom, or practice. Defendant Gonzalez-Reynoso denies that Plaintiffs were stopped, detained, restrained, or subjected to force because of their race. Defendant Gonzalez-Reynoso further denies that any detention, use or display of force, or restraint was without objective justification. Defendant Gonzalez-Reynoso affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms. Defendant Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 122 to that extent.

k. Defendant Benjamin Hoffman states that Paragraph 122 contains legal conclusions and characterizations regarding an alleged municipal policy, custom, or practice to which no response is required from him in his individual capacity. To the extent a response is required, Defendant Hoffman denies the allegations in Paragraph 122 as stated. Defendant Hoffman denies that he acted pursuant to any discriminatory policy, custom, or practice. Defendant Hoffman denies that Plaintiffs were stopped, detained, restrained, or subjected to force because of their race. Defendant Hoffman denies that any detention, use or display of force, or restraint was without objective justification. Defendant Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 122 to that extent. Defendant Hoffman affirmatively alleges that Plaintiffs were already in handcuffs when he arrived at the scene.

l. Defendant Sean Sheridan states that Paragraph 122 contains legal conclusions and characterizations regarding an alleged municipal policy, custom, or practice to which no response is required from him in his individual capacity. To the extent a response is required, Defendant Sheridan denies the allegations in Paragraph 122 as stated. Defendant Sheridan denies that he acted pursuant to any discriminatory policy, custom, or practice. Defendant Sheridan denies that Plaintiffs were stopped, detained, restrained, or subjected to force because of their race. Defendant Sheridan denies that any detention,

use or display of force, or restraint was without objective justification. Defendant Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 122 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. states that Paragraph 122 contains legal conclusions and characterizations regarding an alleged municipal policy, custom, or practice to which no response is required from him in his individual capacity. To the extent a response is required, Defendant Dawson Jr. denies the allegations in Paragraph 122 as stated. Defendant Dawson Jr. denies that he acted pursuant to any discriminatory policy, custom, or practice. Defendant Dawson Jr. denies that Plaintiffs were stopped, detained, restrained, or subjected to force because of their race. Defendant Dawson Jr. denies that any detention, use or display of force, or restraint was without objective justification. Defendant Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 122 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

123. In response to Paragraph 123 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 123 as stated. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the statement attributed to Chief Schmaderer and therefore denies the same. Defendant City of Omaha further denies that any such statement establishes municipal knowledge, acquiescence, deliberate indifference, or a discriminatory policy, custom, or practice.

b. Defendant Schmaderer denies the allegations in Paragraph 123 as stated and denies the legal implications and inferences of same.

c. Defendant Mason Gregurich states that Paragraph 123 is directed to Defendant City of Omaha and does not assert a claim against Mason

Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 123 as stated and denies any legal conclusions or characterizations contained therein.

d. Defendant James Valencia-Soethout states that Paragraph 123 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 123 as stated and denies any legal conclusions or characterizations contained therein.

e. Defendant Trevor Lapoint states that Paragraph 123 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 123 as stated and denies any legal conclusions or characterizations contained therein.

f. Defendant Gilberto Riveros-Echague states that Paragraph 123 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 123 as stated and denies any legal conclusions or characterizations contained therein.

g. Defendant Yuliya Canterbury states that Paragraph 123 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 123 as stated and denies any legal conclusions or characterizations contained therein.

h. Defendant Michael Rosiere states that Paragraph 123 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 123 as stated and denies any legal conclusions or characterizations contained therein.

i. Defendant Matthew Flores states that Paragraph 123 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 123 as stated and denies any legal conclusions or characterizations contained therein.

j. Defendant Luis Gonzalez-Reynoso states that Paragraph 123 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 123 as stated and denies any legal conclusions or characterizations contained therein.

k. Defendant Benjamin Hoffman states that Paragraph 123 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 123 as stated and denies any legal conclusions or characterizations contained therein.

l. Defendant Sean Sheridan states that Paragraph 123 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 123 as stated and denies any legal conclusions or characterizations contained therein.

m. Defendant William Dawson Jr. states that Paragraph 123 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 123 as stated and denies any legal conclusions or characterizations contained therein.

124. In response to Paragraph 124 of the Complaint:

a. Defendant City of Omaha states that Paragraph 124 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 124 as stated. Defendant City of Omaha denies that its policymakers were on actual or constructive notice of unconstitutional or

- 178 -

discriminatory traffic-stop practices, denies that it failed to adopt, implement, or enforce adequate policies, training, supervision, data collection, or corrective measures, and denies that it acted with deliberate indifference.

b. Defendant Todd Schmaderer states that Paragraph 124 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 124 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich states that Paragraph 124 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 124 as stated and denies any legal conclusions or characterizations contained therein.

d. Defendant James Valencia-Soethout states that Paragraph 124 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 124 as stated and denies any legal conclusions or characterizations contained therein.

e. Defendant Trevor Lapoint states that Paragraph 124 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 124 as stated and denies any legal conclusions or characterizations contained therein.

f. Defendant Gilberto Riveros-Echague states that Paragraph 124 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 124 as stated and denies any legal conclusions or characterizations contained therein.

g. Defendant Yuliya Canterbury states that Paragraph 124 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 124 as stated and denies any legal conclusions or characterizations contained therein.

h. Defendant Michael Rosiere states that Paragraph 124 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 124 as stated and denies any legal conclusions or characterizations contained therein.

i. Defendant Matthew Flores states that Paragraph 124 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 124 as stated and denies any legal conclusions or characterizations contained therein.

j. Defendant Luis Gonzalez-Reynoso states that Paragraph 124 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 124 as stated and denies any legal conclusions or characterizations contained therein.

k. Defendant Benjamin Hoffman states that Paragraph 124 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 124 as stated and denies any legal conclusions or characterizations contained therein.

l. Defendant Sean Sheridan states that Paragraph 124 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 124 as stated and denies any legal conclusions or characterizations contained therein.

m. Defendant William Dawson Jr. states that Paragraph 124 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 124 as stated and denies any legal conclusions or characterizations contained therein.

125.  In response to Paragraph 125 of the Complaint:

a. Defendant City of Omaha states that Paragraph 125 contains legal conclusions and disputed factual characterizations to which no response is required. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 125 as stated. Defendant City of Omaha denies that any City policy, custom, or ratification was the moving force behind any discriminatory stop, escalation, use of firearms, removal at gunpoint, handcuffing, or prolonged detention. Defendant City of Omaha further denies that Plaintiffs were detained or restrained because of race, denies that Plaintiffs were removed at gunpoint, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies the allegations that Plaintiffs posed no officer-safety concerns or that there was an absence of reasonable suspicion for the traffic stop and related investigation.

b. Defendant Todd Schmaderer states that Paragraph 125 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 125 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich states that Paragraph 125 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 125 as stated and denies any legal conclusions or characterizations contained therein.

d. Defendant James Valencia-Soethout states that Paragraph 125 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required,

- 181 -

Defendant James Valencia-Soethout denies the allegations in Paragraph 125 as stated and denies any legal conclusions or characterizations contained therein.

e.  Defendant Trevor Lapoint states that Paragraph 125 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 125 as stated and denies any legal conclusions or characterizations contained therein.

f.  Defendant Gilberto Riveros-Echague states that Paragraph 125 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 125 as stated and denies any legal conclusions or characterizations contained therein.

g.  Defendant Yuliya Canterbury states that Paragraph 125 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 125 as stated and denies any legal conclusions or characterizations contained therein.

h.  Defendant Michael Rosiere states that Paragraph 125 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 125 as stated and denies any legal conclusions or characterizations contained therein.

i.  Defendant Matthew Flores states that Paragraph 125 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 125 as stated and denies any legal conclusions or characterizations contained therein.

j.  Defendant Luis Gonzalez-Reynoso states that Paragraph 125 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-

Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 125 as stated and denies any legal conclusions or characterizations contained therein.

k. Defendant Benjamin Hoffman states that Paragraph 125 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 125 as stated and denies any legal conclusions or characterizations contained therein.

l. Defendant Sean Sheridan states that Paragraph 125 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 125 as stated and denies any legal conclusions or characterizations contained therein.

m. Defendant William Dawson Jr. states that Paragraph 125 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 125 as stated and denies any legal conclusions or characterizations contained therein.

126. In response to Paragraph 126 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 126 as stated. Defendant City of Omaha denies that any City policy, custom, or deliberate indifference directly or proximately caused Plaintiffs to suffer physical, emotional, psychological, dignitary, reputational, counseling, treatment, or other compensable injuries. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the nature, extent, cause, or duration of Plaintiffs' alleged injuries and damages and therefore denies the same.

b. Defendant Todd Schmaderer states that Paragraph 126 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required,

- 183 -

Defendant Todd Schmaderer denies the allegations in Paragraph 126 as stated and denies any legal conclusions or characterizations contained therein.

c.  Defendant Mason Gregurich states that Paragraph 126 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 126 as stated and denies any legal conclusions or characterizations contained therein.

d.  Defendant James Valencia-Soethout states that Paragraph 126 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 126 as stated and denies any legal conclusions or characterizations contained therein.

e.  Defendant Trevor Lapoint states that Paragraph 126 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 126 as stated and denies any legal conclusions or characterizations contained therein.

f.  Defendant Gilberto Riveros-Echague states that Paragraph 126 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 126 as stated and denies any legal conclusions or characterizations contained therein.

g.  Defendant Yuliya Canterbury states that Paragraph 126 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 126 as stated and denies any legal conclusions or characterizations contained therein.

h.  Defendant Michael Rosiere states that Paragraph 126 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his

- 184 -

individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 126 as stated and denies any legal conclusions or characterizations contained therein.

i. Defendant Matthew Flores states that Paragraph 126 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 126 as stated and denies any legal conclusions or characterizations contained therein.

j. Defendant Luis Gonzalez-Reynoso states that Paragraph 126 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 126 as stated and denies any legal conclusions or characterizations contained therein.

k. Defendant Benjamin Hoffman states that Paragraph 126 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 126 as stated and denies any legal conclusions or characterizations contained therein.

l. Defendant Sean Sheridan states that Paragraph 126 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 126 as stated and denies any legal conclusions or characterizations contained therein.

m. Defendant William Dawson Jr. states that Paragraph 126 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 126 as stated and denies any legal conclusions or characterizations contained therein.

127. In response to Paragraph 127 of the Complaint:

a. Defendant City of Omaha states that Paragraph 127 contains a prayer for relief and legal conclusions to which no response is required. To the extent a

response is required, Defendant City of Omaha denies that Plaintiffs are entitled to compensatory damages, attorneys' fees, costs, or any other relief against the City.

b. Defendant Todd Schmaderer states that Paragraph 127 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 127 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich states that Paragraph 127 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 127 as stated and denies any legal conclusions or characterizations contained therein.

d. Defendant James Valencia-Soethout states that Paragraph 127 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 127 as stated and denies any legal conclusions or characterizations contained therein.

e. Defendant Trevor Lapoint states that Paragraph 127 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 127 as stated and denies any legal conclusions or characterizations contained therein.

f. Defendant Gilberto Riveros-Echague states that Paragraph 127 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 127 as stated and denies any legal conclusions or characterizations contained therein.

g. Defendant Yuliya Canterbury states that Paragraph 127 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 127 as stated and denies any legal conclusions or characterizations contained therein.

h. Defendant Michael Rosiere states that Paragraph 127 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 127 as stated and denies any legal conclusions or characterizations contained therein.

i. Defendant Matthew Flores states that Paragraph 127 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 127 as stated and denies any legal conclusions or characterizations contained therein.

j. Defendant Luis Gonzalez-Reynoso states that Paragraph 127 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 127 as stated and denies any legal conclusions or characterizations contained therein.

k. Defendant Benjamin Hoffman states that Paragraph 127 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 127 as stated and denies any legal conclusions or characterizations contained therein.

l. Defendant Sean Sheridan states that Paragraph 127 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 127 as stated and denies any legal conclusions or characterizations contained therein.

m.  Defendant William Dawson Jr. states that Paragraph 127 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 127 as stated and denies any legal conclusions or characterizations contained therein.

## COUNT-III
### Municipal Liability – Failure to Train (42 U.S.C. § 1983)
### Against City of Omaha

128.  In response to Paragraph 128 of the Complaint:

a.  Defendant City of Omaha incorporates by reference its responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 128 contains legal conclusions or characterizations, Defendant City of Omaha denies the same.

b.  Defendant Todd Schmaderer incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 128 contains legal conclusions or characterizations, Defendant Todd Schmaderer denies the same.

c.  Defendant Mason Gregurich incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 128 contains legal conclusions or characterizations, Defendant Mason Gregurich denies the same.

d.  Defendant James Valencia-Soethout incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 128 contains legal conclusions or characterizations, Defendant James Valencia-Soethout denies the same.

e.  Defendant Trevor Lapoint incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 128 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f.   Defendant Gilberto Riveros-Echague incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 128 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g.   Defendant Yuliya Canterbury incorporates by reference her responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 128 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h.   Defendant Michael Rosiere incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 128 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i.   Defendant Matthew Flores incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 128 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j.   Defendant Luis Gonzalez-Reynoso incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 128 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k.   Defendant Benjamin Hoffman incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 128 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l.   Defendant Sean Sheridan incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 128 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

m.   Defendant William Dawson Jr. incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph

128 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

129.    In response to Paragraph 129 of the Complaint:

a.    Defendant City of Omaha states that Paragraph 129 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 129 as stated and denies that it failed to adequately train Omaha Police Department officers regarding constitutional limitations governing use of force during encounters with citizens carrying firearms.

b.    Defendant Todd Schmaderer states that Paragraph 129 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 129 as stated and denies any legal conclusions or characterizations contained therein.

c.    Defendant Mason Gregurich states that Paragraph 129 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 129 as stated and denies any legal conclusions or characterizations contained therein.

d.    Defendant James Valencia-Soethout states that Paragraph 129 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 129 as stated and denies any legal conclusions or characterizations contained therein.

e.    Defendant Trevor Lapoint states that Paragraph 129 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 129 as stated and denies any legal conclusions or characterizations contained therein.

- 190 -

f.  Defendant Gilberto Riveros-Echague states that Paragraph 129 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 129 as stated and denies any legal conclusions or characterizations contained therein.

g.  Defendant Yuliya Canterbury states that Paragraph 129 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 129 as stated and denies any legal conclusions or characterizations contained therein.

h.  Defendant Michael Rosiere states that Paragraph 129 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 129 as stated and denies any legal conclusions or characterizations contained therein.

i.  Defendant Matthew Flores states that Paragraph 129 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 129 as stated and denies any legal conclusions or characterizations contained therein.

j.  Defendant Luis Gonzalez-Reynoso states that Paragraph 129 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 129 as stated and denies any legal conclusions or characterizations contained therein.

k.  Defendant Benjamin Hoffman states that Paragraph 129 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 129 as stated and denies any legal conclusions or characterizations contained therein.

l. Defendant Sean Sheridan states that Paragraph 129 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 129 as stated and denies any legal conclusions or characterizations contained therein.

m. Defendant William Dawson Jr. states that Paragraph 129 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 129 as stated and denies any legal conclusions or characterizations contained therein.

130. In response to Paragraph 130 of the Complaint:

a. Defendant City of Omaha states that Paragraph 130 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 130 as stated. Defendant City of Omaha denies that it failed to train officers concerning the difference between lawful firearm possession, reasonable suspicion of criminal activity, and objectively reasonable officer-safety measures during traffic stops.

b. Defendant Todd Schmaderer states that Paragraph 130 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 130 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich states that Paragraph 130 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 130 as stated and denies any legal conclusions or characterizations contained therein.

d. Defendant James Valencia-Soethout states that Paragraph 130 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required,

- 192 -

Defendant James Valencia-Soethout denies the allegations in Paragraph 130 as stated and denies any legal conclusions or characterizations contained therein.

e.  Defendant Trevor Lapoint states that Paragraph 130 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 130 as stated and denies any legal conclusions or characterizations contained therein.

f.  Defendant Gilberto Riveros-Echague states that Paragraph 130 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 130 as stated and denies any legal conclusions or characterizations contained therein.

g.  Defendant Yuliya Canterbury states that Paragraph 130 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 130 as stated and denies any legal conclusions or characterizations contained therein.

h.  Defendant Michael Rosiere states that Paragraph 130 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 130 as stated and denies any legal conclusions or characterizations contained therein.

i.  Defendant Matthew Flores states that Paragraph 130 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 130 as stated and denies any legal conclusions or characterizations contained therein.

j.  Defendant Luis Gonzalez-Reynoso states that Paragraph 130 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-

Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 130 as stated and denies any legal conclusions or characterizations contained therein.

k. Defendant Benjamin Hoffman states that Paragraph 130 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 130 as stated and denies any legal conclusions or characterizations contained therein.

l. Defendant Sean Sheridan states that Paragraph 130 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 130 as stated and denies any legal conclusions or characterizations contained therein.

m. Defendant William Dawson Jr. states that Paragraph 130 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 130 as stated and denies any legal conclusions or characterizations contained therein.

131. In response to Paragraph 131 of the Complaint, the City Defendants state that Paragraph 131 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 131 as stated. The City Defendants deny any allegation or implication that the lawful disclosure of a firearm can never be considered as part of the totality of circumstances relevant to officer safety during a traffic stop.

132. In response to Paragraph 132 of the Complaint, the City Defendants state that Paragraph 132 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 132 as stated. The City Defendants deny any allegation or implication that any City Defendant used excessive force or acted without lawful justification under the circumstances known to the officers at the time.

133. In response to Paragraph 133 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 133 as stated. Defendant City of Omaha denies that it failed to provide constitutionally adequate training concerning traffic stops involving lawfully armed citizens, and further denies the characterization of LB77 as Nebraska's constitutional carry law to the extent Plaintiffs allege that LB77 created a separate constitutional framework rather than a statutory enactment.

b. Defendant Todd Schmaderer states that Paragraph 133 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 133 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich states that Paragraph 133 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 133 as stated and denies any legal conclusions or characterizations contained therein.

d. Defendant James Valencia-Soethout states that Paragraph 133 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 133 as stated and denies any legal conclusions or characterizations contained therein.

e. Defendant Trevor Lapoint states that Paragraph 133 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 133 as stated and denies any legal conclusions or characterizations contained therein.

f. Defendant Gilberto Riveros-Echague states that Paragraph 133 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in

Paragraph 133 as stated and denies any legal conclusions or characterizations contained therein.

g.  Defendant Yuliya Canterbury states that Paragraph 133 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 133 as stated and denies any legal conclusions or characterizations contained therein.

h.  Defendant Michael Rosiere states that Paragraph 133 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 133 as stated and denies any legal conclusions or characterizations contained therein.

i.  Defendant Matthew Flores states that Paragraph 133 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 133 as stated and denies any legal conclusions or characterizations contained therein.

j.  Defendant Luis Gonzalez-Reynoso states that Paragraph 133 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 133 as stated and denies any legal conclusions or characterizations contained therein.

k.  Defendant Benjamin Hoffman states that Paragraph 133 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 133 as stated and denies any legal conclusions or characterizations contained therein.

l.  Defendant Sean Sheridan states that Paragraph 133 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean

Sheridan denies the allegations in Paragraph 133 as stated and denies any legal conclusions or characterizations contained therein.

m. Defendant William Dawson Jr. states that Paragraph 133 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 133 as stated and denies any legal conclusions or characterizations contained therein.

134. In response to Paragraph 134 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 134 as stated and denies that it failed to establish adequate policies or protocols governing officer responses to firearm disclosures or officer-safety concerns during traffic stops.

b. Defendant Todd Schmaderer states that Paragraph 134 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 134 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich states that Paragraph 134 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 134 as stated and denies any legal conclusions or characterizations contained therein.

d. Defendant James Valencia-Soethout states that Paragraph 134 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 134 as stated and denies any legal conclusions or characterizations contained therein.

e. Defendant Trevor Lapoint states that Paragraph 134 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor

Lapoint denies the allegations in Paragraph 134 as stated and denies any legal conclusions or characterizations contained therein.

f.  Defendant Gilberto Riveros-Echague states that Paragraph 134 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 134 as stated and denies any legal conclusions or characterizations contained therein.

g.  Defendant Yuliya Canterbury states that Paragraph 134 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 134 as stated and denies any legal conclusions or characterizations contained therein.

h.  Defendant Michael Rosiere states that Paragraph 134 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 134 as stated and denies any legal conclusions or characterizations contained therein.

i.  Defendant Matthew Flores states that Paragraph 134 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 134 as stated and denies any legal conclusions or characterizations contained therein.

j.  Defendant Luis Gonzalez-Reynoso states that Paragraph 134 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 134 as stated and denies any legal conclusions or characterizations contained therein.

k.  Defendant Benjamin Hoffman states that Paragraph 134 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required,

Defendant Benjamin Hoffman denies the allegations in Paragraph 134 as stated and denies any legal conclusions or characterizations contained therein.

l. Defendant Sean Sheridan states that Paragraph 134 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 134 as stated and denies any legal conclusions or characterizations contained therein.

m. Defendant William Dawson Jr. states that Paragraph 134 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 134 as stated and denies any legal conclusions or characterizations contained therein.

135. In response to Paragraph 135 of the Complaint:

a. Defendant City of Omaha admits that LB77 became effective on September 2, 2023, but denies the allegations in Paragraph 135 as stated, including the characterization that LB77 is Nebraska's constitutional carry law or that it fundamentally altered the legal landscape in the manner alleged by Plaintiffs. Defendant City of Omaha affirmatively alleges that LB77 is a statutory enactment.

b. Defendant Todd Schmaderer states that Paragraph 135 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 135 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich states that Paragraph 135 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 135 as stated and denies any legal conclusions or characterizations contained therein.

d. Defendant James Valencia-Soethout states that Paragraph 135 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-

Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 135 as stated and denies any legal conclusions or characterizations contained therein.

e.  Defendant Trevor Lapoint states that Paragraph 135 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 135 as stated and denies any legal conclusions or characterizations contained therein.

f.  Defendant Gilberto Riveros-Echague states that Paragraph 135 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 135 as stated and denies any legal conclusions or characterizations contained therein.

g.  Defendant Yuliya Canterbury states that Paragraph 135 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 135 as stated and denies any legal conclusions or characterizations contained therein.

h.  Defendant Michael Rosiere states that Paragraph 135 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 135 as stated and denies any legal conclusions or characterizations contained therein.

i.  Defendant Matthew Flores states that Paragraph 135 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 135 as stated and denies any legal conclusions or characterizations contained therein.

j.  Defendant Luis Gonzalez-Reynoso states that Paragraph 135 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 135 as stated and denies any legal conclusions or characterizations contained therein.

k.  Defendant Benjamin Hoffman states that Paragraph 135 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 135 as stated and denies any legal conclusions or characterizations contained therein.

l.  Defendant Sean Sheridan states that Paragraph 135 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 135 as stated and denies any legal conclusions or characterizations contained therein.

m.  Defendant William Dawson Jr. states that Paragraph 135 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 135 as stated and denies any legal conclusions or characterizations contained therein.

136.  In response to Paragraph 136 of the Complaint:

a.  Defendant City of Omaha states that Paragraph 136 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 136 as stated and denies that LB77 created an obvious, unmet constitutional need for specialized training in the manner alleged by Plaintiffs.

b.  Defendant Todd Schmaderer states that Paragraph 136 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 136 as stated and denies any legal conclusions or characterizations contained therein.

- 201 -

c. Defendant Mason Gregurich states that Paragraph 136 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 136 as stated and denies any legal conclusions or characterizations contained therein.

d. Defendant James Valencia-Soethout states that Paragraph 136 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 136 as stated and denies any legal conclusions or characterizations contained therein.

e. Defendant Trevor Lapoint states that Paragraph 136 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 136 as stated and denies any legal conclusions or characterizations contained therein.

f. Defendant Gilberto Riveros-Echague states that Paragraph 136 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 136 as stated and denies any legal conclusions or characterizations contained therein.

g. Defendant Yuliya Canterbury states that Paragraph 136 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 136 as stated and denies any legal conclusions or characterizations contained therein.

h. Defendant Michael Rosiere states that Paragraph 136 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael

Rosiere denies the allegations in Paragraph 136 as stated and denies any legal conclusions or characterizations contained therein.

i. Defendant Matthew Flores states that Paragraph 136 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 136 as stated and denies any legal conclusions or characterizations contained therein.

j. Defendant Luis Gonzalez-Reynoso states that Paragraph 136 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 136 as stated and denies any legal conclusions or characterizations contained therein.

k. Defendant Benjamin Hoffman states that Paragraph 136 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 136 as stated and denies any legal conclusions or characterizations contained therein.

l. Defendant Sean Sheridan states that Paragraph 136 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 136 as stated and denies any legal conclusions or characterizations contained therein.

m. Defendant William Dawson Jr. states that Paragraph 136 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 136 as stated and denies any legal conclusions or characterizations contained therein.

137. In response to Paragraph 137 of the Complaint:

a. Defendant City of Omaha states that Paragraph 137 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant City of Omaha denies the allegations in

Paragraph 137 as stated and denies that the statutory disclosure requirement established the obvious training deficiency alleged by Plaintiffs.

b.  Defendant Todd Schmaderer states that Paragraph 137 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 137 as stated and denies any legal conclusions or characterizations contained therein.

c.  Defendant Mason Gregurich states that Paragraph 137 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 137 as stated and denies any legal conclusions or characterizations contained therein.

d.  Defendant James Valencia-Soethout states that Paragraph 137 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 137 as stated and denies any legal conclusions or characterizations contained therein.

e.  Defendant Trevor Lapoint states that Paragraph 137 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 137 as stated and denies any legal conclusions or characterizations contained therein.

f.  Defendant Gilberto Riveros-Echague states that Paragraph 137 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 137 as stated and denies any legal conclusions or characterizations contained therein.

g.  Defendant Yuliya Canterbury states that Paragraph 137 is directed to Defendant City of Omaha and does not assert a claim against Yuliya

Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 137 as stated and denies any legal conclusions or characterizations contained therein.

h. Defendant Michael Rosiere states that Paragraph 137 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 137 as stated and denies any legal conclusions or characterizations contained therein.

i. Defendant Matthew Flores states that Paragraph 137 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 137 as stated and denies any legal conclusions or characterizations contained therein.

j. Defendant Luis Gonzalez-Reynoso states that Paragraph 137 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 137 as stated and denies any legal conclusions or characterizations contained therein.

k. Defendant Benjamin Hoffman states that Paragraph 137 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 137 as stated and denies any legal conclusions or characterizations contained therein.

l. Defendant Sean Sheridan states that Paragraph 137 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 137 as stated and denies any legal conclusions or characterizations contained therein.

m. Defendant William Dawson Jr. states that Paragraph 137 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant

William Dawson Jr. denies the allegations in Paragraph 137 as stated and denies any legal conclusions or characterizations contained therein.

138. In response to Paragraph 138 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 138 as stated. Defendant City of Omaha denies that it had actual notice of an unconstitutional training deficiency and denies that it failed to develop or implement constitutionally adequate training during the period alleged.

b. Defendant Todd Schmaderer states that Paragraph 138 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 138 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich states that Paragraph 138 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 138 as stated and denies any legal conclusions or characterizations contained therein.

d. Defendant James Valencia-Soethout states that Paragraph 138 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 138 as stated and denies any legal conclusions or characterizations contained therein.

e. Defendant Trevor Lapoint states that Paragraph 138 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 138 as stated and denies any legal conclusions or characterizations contained therein.

f. Defendant Gilberto Riveros-Echague states that Paragraph 138 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is

required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 138 as stated and denies any legal conclusions or characterizations contained therein.

g. Defendant Yuliya Canterbury states that Paragraph 138 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 138 as stated and denies any legal conclusions or characterizations contained therein.

h. Defendant Michael Rosiere states that Paragraph 138 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 138 as stated and denies any legal conclusions or characterizations contained therein.

i. Defendant Matthew Flores states that Paragraph 138 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 138 as stated and denies any legal conclusions or characterizations contained therein.

j. Defendant Luis Gonzalez-Reynoso states that Paragraph 138 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 138 as stated and denies any legal conclusions or characterizations contained therein.

k. Defendant Benjamin Hoffman states that Paragraph 138 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 138 as stated and denies any legal conclusions or characterizations contained therein.

l. Defendant Sean Sheridan states that Paragraph 138 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean

Sheridan denies the allegations in Paragraph 138 as stated and denies any legal conclusions or characterizations contained therein.

m. Defendant William Dawson Jr. states that Paragraph 138 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 138 as stated and denies any legal conclusions or characterizations contained therein.

139. In response to Paragraph 139 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 139 as stated. Defendant City of Omaha denies that any post-incident discussion, review, acknowledgment, or training commitment establishes a prior constitutional deficiency, deliberate indifference, or causation.

b. Defendant Todd Schmaderer states that Paragraph 139 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 139 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich states that Paragraph 139 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 139 as stated and denies any legal conclusions or characterizations contained therein.

d. Defendant James Valencia-Soethout states that Paragraph 139 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 139 as stated and denies any legal conclusions or characterizations contained therein.

e. Defendant Trevor Lapoint states that Paragraph 139 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor

Lapoint denies the allegations in Paragraph 139 as stated and denies any legal conclusions or characterizations contained therein.

f.  Defendant Gilberto Riveros-Echague states that Paragraph 139 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 139 as stated and denies any legal conclusions or characterizations contained therein.

g.  Defendant Yuliya Canterbury states that Paragraph 139 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 139 as stated and denies any legal conclusions or characterizations contained therein.

h.  Defendant Michael Rosiere states that Paragraph 139 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 139 as stated and denies any legal conclusions or characterizations contained therein.

i.  Defendant Matthew Flores states that Paragraph 139 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 139 as stated and denies any legal conclusions or characterizations contained therein.

j.  Defendant Luis Gonzalez-Reynoso states that Paragraph 139 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 139 as stated and denies any legal conclusions or characterizations contained therein.

k.  Defendant Benjamin Hoffman states that Paragraph 139 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required,

Defendant Benjamin Hoffman denies the allegations in Paragraph 139 as stated and denies any legal conclusions or characterizations contained therein.

l.  Defendant Sean Sheridan states that Paragraph 139 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 139 as stated and denies any legal conclusions or characterizations contained therein.

m. Defendant William Dawson Jr. states that Paragraph 139 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 139 as stated and denies any legal conclusions or characterizations contained therein.

## COUNT-IV

### Municipal Liability – Failure to Supervise (42 U.S.C. § 1983)

### Against City of Omaha

140. In response to Paragraph 140 of the Complaint:

a.  Defendant City of Omaha incorporates by reference its responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 140 contains legal conclusions or characterizations, Defendant City of Omaha denies the same.

b.  Defendant Todd Schmaderer incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 140 contains legal conclusions or characterizations, Defendant Todd Schmaderer denies the same.

c.  Defendant Mason Gregurich incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 140 contains legal conclusions or characterizations, Defendant Mason Gregurich denies the same.

d.  Defendant James Valencia-Soethout incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent

- 210 -

Paragraph 140 contains legal conclusions or characterizations, Defendant James Valencia-Soethout denies the same.

e. Defendant Trevor Lapoint incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 140 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f. Defendant Gilberto Riveros-Echague incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 140 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g. Defendant Yuliya Canterbury incorporates by reference her responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 140 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h. Defendant Michael Rosiere incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 140 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i. Defendant Matthew Flores incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 140 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j. Defendant Luis Gonzalez-Reynoso incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 140 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k. Defendant Benjamin Hoffman incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 140 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l. Defendant Sean Sheridan incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 140 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

m. Defendant William Dawson Jr. incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 140 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

141. In response to Paragraph 141 of the Complaint:

a. Defendant City of Omaha admits that the Omaha Police Department has supervisory responsibility over its officers, but states that Paragraph 141 otherwise contains legal conclusions and characterizations to which no response is required. To the extent Paragraph 141 alleges that the City or its policymakers failed to ensure constitutional conduct, failed to supervise officers adequately, or caused any constitutional violation, Defendant City of Omaha denies the same.

b. Defendant Todd Schmaderer states that Paragraph 141 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 141 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich states that Paragraph 141 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 141 as stated and denies any legal conclusions or characterizations contained therein.

d. Defendant James Valencia-Soethout states that Paragraph 141 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 141

- 212 -

as stated and denies any legal conclusions or characterizations contained therein.

e. Defendant Trevor Lapoint states that Paragraph 141 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 141 as stated and denies any legal conclusions or characterizations contained therein.

f. Defendant Gilberto Riveros-Echague states that Paragraph 141 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 141 as stated and denies any legal conclusions or characterizations contained therein.

g. Defendant Yuliya Canterbury states that Paragraph 141 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 141 as stated and denies any legal conclusions or characterizations contained therein.

h. Defendant Michael Rosiere states that Paragraph 141 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 141 as stated and denies any legal conclusions or characterizations contained therein.

i. Defendant Matthew Flores states that Paragraph 141 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 141 as stated and denies any legal conclusions or characterizations contained therein.

j. Defendant Luis Gonzalez-Reynoso states that Paragraph 141 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required,

- 213 -

Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 141 as stated and denies any legal conclusions or characterizations contained therein.

k. Defendant Benjamin Hoffman states that Paragraph 141 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 141 as stated and denies any legal conclusions or characterizations contained therein.

l. Defendant Sean Sheridan states that Paragraph 141 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 141 as stated and denies any legal conclusions or characterizations contained therein.

m. Defendant William Dawson Jr. states that Paragraph 141 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 141 as stated and denies any legal conclusions or characterizations contained therein.

142. In response to Paragraph 142 of the Complaint:

a. Defendant City of Omaha states that Paragraph 142 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 142 as stated. Defendant City of Omaha denies that it maintained or permitted any widespread practice, custom, or policy of failing to supervise officers in interactions with citizens carrying firearms, and denies that officers deployed force based solely on lawful disclosure or presence of a firearm.

b. Defendant Todd Schmaderer states that Paragraph 142 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 142 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich states that Paragraph 142 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 142 as stated and denies any legal conclusions or characterizations contained therein.

d. Defendant James Valencia-Soethout states that Paragraph 142 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 142 as stated and denies any legal conclusions or characterizations contained therein.

e. Defendant Trevor Lapoint states that Paragraph 142 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 142 as stated and denies any legal conclusions or characterizations contained therein.

f. Defendant Gilberto Riveros-Echague states that Paragraph 142 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 142 as stated and denies any legal conclusions or characterizations contained therein.

g. Defendant Yuliya Canterbury states that Paragraph 142 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 142 as stated and denies any legal conclusions or characterizations contained therein.

h. Defendant Michael Rosiere states that Paragraph 142 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael

Rosiere denies the allegations in Paragraph 142 as stated and denies any legal conclusions or characterizations contained therein.

i.  Defendant Matthew Flores states that Paragraph 142 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 142 as stated and denies any legal conclusions or characterizations contained therein.

j.  Defendant Luis Gonzalez-Reynoso states that Paragraph 142 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 142 as stated and denies any legal conclusions or characterizations contained therein.

k.  Defendant Benjamin Hoffman states that Paragraph 142 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 142 as stated and denies any legal conclusions or characterizations contained therein.

l.  Defendant Sean Sheridan states that Paragraph 142 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 142 as stated and denies any legal conclusions or characterizations contained therein.

m.  Defendant William Dawson Jr. states that Paragraph 142 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 142 as stated and denies any legal conclusions or characterizations contained therein.

143.  In response to Paragraph 143 of the Complaint:

a.  Defendant City of Omaha denies the allegations in Paragraph 143 as stated. Defendant City of Omaha denies that it failed to provide adequate supervisory review or discipline with actual or constructive knowledge of unconstitutional

conduct. Defendant City of Omaha further denies that Defendant Officers immediately escalated to unconstitutional force, denies that Plaintiffs posed no officer-safety concerns, and denies that the stop, detention, use or display of service weapons, or handcuffing was without objective justification.

b. Defendant Todd Schmaderer states that Paragraph 143 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 143 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich states that Paragraph 143 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 143 as stated and denies any legal conclusions or characterizations contained therein.

d. Defendant James Valencia-Soethout states that Paragraph 143 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 143 as stated and denies any legal conclusions or characterizations contained therein.

e. Defendant Trevor Lapoint states that Paragraph 143 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 143 as stated and denies any legal conclusions or characterizations contained therein.

f. Defendant Gilberto Riveros-Echague states that Paragraph 143 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 143 as stated and denies any legal conclusions or characterizations contained therein.

g. Defendant Yuliya Canterbury states that Paragraph 143 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 143 as stated and denies any legal conclusions or characterizations contained therein.

h. Defendant Michael Rosiere states that Paragraph 143 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 143 as stated and denies any legal conclusions or characterizations contained therein.

i. Defendant Matthew Flores states that Paragraph 143 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 143 as stated and denies any legal conclusions or characterizations contained therein.

j. Defendant Luis Gonzalez-Reynoso states that Paragraph 143 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 143 as stated and denies any legal conclusions or characterizations contained therein.

k. Defendant Benjamin Hoffman states that Paragraph 143 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 143 as stated and denies any legal conclusions or characterizations contained therein.

l. Defendant Sean Sheridan states that Paragraph 143 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 143 as stated and denies any legal conclusions or characterizations contained therein.

m. Defendant William Dawson Jr. states that Paragraph 143 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 143 as stated and denies any legal conclusions or characterizations contained therein.

144. In response to Paragraph 144 of the Complaint:

a. Defendant City of Omaha states that Paragraph 144 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 144 as stated. Defendant City of Omaha denies that it had actual notice of any need for additional supervision in the manner alleged, denies that LB77 created a constitutional framework as alleged by Plaintiffs, denies that it failed to implement effective supervisory mechanisms, and denies that it created a substantial risk of constitutional violations.

b. Defendant Todd Schmaderer states that Paragraph 144 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 144 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich states that Paragraph 144 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 144 as stated and denies any legal conclusions or characterizations contained therein.

d. Defendant James Valencia-Soethout states that Paragraph 144 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 144 as stated and denies any legal conclusions or characterizations contained therein.

e. Defendant Trevor Lapoint states that Paragraph 144 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 144 as stated and denies any legal conclusions or characterizations contained therein.

f. Defendant Gilberto Riveros-Echague states that Paragraph 144 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 144 as stated and denies any legal conclusions or characterizations contained therein.

g. Defendant Yuliya Canterbury states that Paragraph 144 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 144 as stated and denies any legal conclusions or characterizations contained therein.

h. Defendant Michael Rosiere states that Paragraph 144 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 144 as stated and denies any legal conclusions or characterizations contained therein.

i. Defendant Matthew Flores states that Paragraph 144 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 144 as stated and denies any legal conclusions or characterizations contained therein.

j. Defendant Luis Gonzalez-Reynoso states that Paragraph 144 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 144 as stated and denies any legal conclusions or characterizations contained therein.

- 220 -

k. Defendant Benjamin Hoffman states that Paragraph 144 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 144 as stated and denies any legal conclusions or characterizations contained therein.

l. Defendant Sean Sheridan states that Paragraph 144 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 144 as stated and denies any legal conclusions or characterizations contained therein.

m. Defendant William Dawson Jr. states that Paragraph 144 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 144 as stated and denies any legal conclusions or characterizations contained therein.

145. In response to Paragraph 145 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 145 as stated. Defendant City of Omaha denies that there was any widespread or persistent lack of effective supervision, denies that it acknowledged systemic supervisory deficiencies, and denies that Chief Schmaderer's statement regarding department policy establishes or evidences a constitutional violation, policy deficiency, or failure to supervise.

b. Defendant Todd Schmaderer states that Paragraph 145 is directed to Defendant City of Omaha and does not assert a claim against Todd Schmaderer in his individual capacity. To the extent a response is required, Defendant Todd Schmaderer denies the allegations in Paragraph 145 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich states that Paragraph 145 is directed to Defendant City of Omaha and does not assert a claim against Mason Gregurich in his individual capacity. To the extent a response is required,

Defendant Mason Gregurich denies the allegations in Paragraph 145 as stated and denies any legal conclusions or characterizations contained therein.

d.  Defendant James Valencia-Soethout states that Paragraph 145 is directed to Defendant City of Omaha and does not assert a claim against James Valencia-Soethout in his individual capacity. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 145 as stated and denies any legal conclusions or characterizations contained therein.

e.  Defendant Trevor Lapoint states that Paragraph 145 is directed to Defendant City of Omaha and does not assert a claim against Trevor Lapoint in his individual capacity. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 145 as stated and denies any legal conclusions or characterizations contained therein.

f.  Defendant Gilberto Riveros-Echague states that Paragraph 145 is directed to Defendant City of Omaha and does not assert a claim against Gilberto Riveros-Echague in his individual capacity. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 145 as stated and denies any legal conclusions or characterizations contained therein.

g.  Defendant Yuliya Canterbury states that Paragraph 145 is directed to Defendant City of Omaha and does not assert a claim against Yuliya Canterbury in her individual capacity. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 145 as stated and denies any legal conclusions or characterizations contained therein.

h.  Defendant Michael Rosiere states that Paragraph 145 is directed to Defendant City of Omaha and does not assert a claim against Michael Rosiere in his individual capacity. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 145 as stated and denies any legal conclusions or characterizations contained therein.

i.  Defendant Matthew Flores states that Paragraph 145 is directed to Defendant City of Omaha and does not assert a claim against Matthew Flores in his

individual capacity. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 145 as stated and denies any legal conclusions or characterizations contained therein.

j.  Defendant Luis Gonzalez-Reynoso states that Paragraph 145 is directed to Defendant City of Omaha and does not assert a claim against Luis Gonzalez-Reynoso in his individual capacity. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 145 as stated and denies any legal conclusions or characterizations contained therein.

k.  Defendant Benjamin Hoffman states that Paragraph 145 is directed to Defendant City of Omaha and does not assert a claim against Benjamin Hoffman in his individual capacity. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 145 as stated and denies any legal conclusions or characterizations contained therein.

l.  Defendant Sean Sheridan states that Paragraph 145 is directed to Defendant City of Omaha and does not assert a claim against Sean Sheridan in his individual capacity. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 145 as stated and denies any legal conclusions or characterizations contained therein.

m.  Defendant William Dawson Jr. states that Paragraph 145 is directed to Defendant City of Omaha and does not assert a claim against William Dawson Jr. in his individual capacity. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 145 as stated and denies any legal conclusions or characterizations contained therein.

146.  In response to Paragraph 146 of the Complaint, the City Defendants state that Paragraph 146 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 146 as stated. Defendant City of Omaha denies that it or any final policymaker acted with deliberate indifference to the need for supervision, monitoring, review, or discipline of officers. Defendant City of Omaha further denies that any alleged failure to supervise, monitor, review, or discipline directly or proximately caused, or was the moving force behind, any violation of Plaintiffs' rights under the Fourth or Fourteenth Amendments. The remaining City Defendants state that

Paragraph 146 is directed to Defendant City of Omaha and does not assert a claim against them in their individual capacities. To the extent a response is required from the remaining City Defendants, they deny the allegations in Paragraph 146 as stated.

147. In response to Paragraph 147 of the Complaint, the City Defendants state that Paragraph 147 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 147 as stated. Defendant City of Omaha denies that any failure to supervise directly or proximately caused Plaintiffs to suffer physical, emotional, psychological, dignitary, or other compensable injuries. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the nature, extent, cause, or duration of Plaintiffs' alleged injuries and therefore denies the same. The remaining City Defendants state that Paragraph 147 is directed to Defendant City of Omaha and does not assert a claim against them in their individual capacities. To the extent a response is required from the remaining City Defendants, they deny the allegations in Paragraph 147 as stated.

**COUNT-V**

**Equal Protection Violation (42 U.S.C. § 1983)**

**Against Defendants Gregurich, Valencia-Soethout, Lapoint, Riveros-Echague, Canterbury, Rosiere, Flores, Gonzalez-Reynoso, Hoffman, Sheridan, and Dawson Jr.**

148. In response to Paragraph 148 of the Complaint:

    a. Defendant City of Omaha incorporates by reference its responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 148 contains legal conclusions or characterizations, Defendant City of Omaha denies the same.

    b. Defendant Todd Schmaderer incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 148 contains legal conclusions or characterizations, Defendant Todd Schmaderer denies the same.

    c. Defendant Mason Gregurich incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph

148 contains legal conclusions or characterizations, Defendant Mason Gregurich denies the same.

d. Defendant James Valencia-Soethout incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 148 contains legal conclusions or characterizations, Defendant James Valencia-Soethout denies the same.

e. Defendant Trevor Lapoint incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 148 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f. Defendant Gilberto Riveros-Echague incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 148 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g. Defendant Yuliya Canterbury incorporates by reference her responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 148 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h. Defendant Michael Rosiere incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 148 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i. Defendant Matthew Flores incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 148 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j. Defendant Luis Gonzalez-Reynoso incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 148 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k.  Defendant Benjamin Hoffman incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 148 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l.  Defendant Sean Sheridan incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 148 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

m.  Defendant William Dawson Jr. incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 148 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

149.  In response to Paragraph 149 of the Complaint:

a.  Defendant City of Omaha states that Paragraph 149 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 149 as stated and denies any legal conclusions or characterizations contained therein.

b.  Defendant Todd Schmaderer states that Paragraph 149 is not directed to him. To the extent a response is required, Defendant Schmaderer lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 and therefore denies them.

c.  Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to Plaintiffs' racial self-identification and therefore denies the allegations in Paragraph 149.

d.  Defendant James Valencia-Soethout lacks knowledge or information sufficient to form a belief as to Plaintiffs' racial self-identification and therefore denies the allegations in Paragraph 149.

e.  Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to Plaintiffs' racial self-identification and therefore denies the allegations in Paragraph 149.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to Plaintiffs' racial self-identification and therefore denies the allegations in Paragraph 149.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to Plaintiffs' racial self-identification and therefore denies the allegations in Paragraph 149.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to Plaintiffs' racial self-identification and therefore denies the allegations in Paragraph 149.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to Plaintiffs' racial self-identification and therefore denies the allegations in Paragraph 149.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to Plaintiffs' racial self-identification and therefore denies the allegations in Paragraph 149.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to Plaintiffs' racial self-identification and therefore denies the allegations in Paragraph 149.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to Plaintiffs' racial self-identification and therefore denies the allegations in Paragraph 149.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to Plaintiffs' racial self-identification and therefore denies the allegations in Paragraph 149.

150. In response to Paragraph 150 of the Complaint:

a. Defendant City of Omaha states that Paragraph 150 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 150 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 150 is not directed to him. To the extent a response is required, Defendant Schmaderer lacks knowledge

- 227 -

or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 and therefore denies them.

c. Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to Terence Crawford's racial self-identification and therefore denies the allegations in Paragraph 150.

d. Defendant James Valencia-Soethout lacks knowledge or information sufficient to form a belief as to Terence Crawford's racial self-identification and therefore denies the allegations in Paragraph 150.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to Terence Crawford's racial self-identification and therefore denies the allegations in Paragraph 150.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to Terence Crawford's racial self-identification and therefore denies the allegations in Paragraph 150.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to Terence Crawford's racial self-identification and therefore denies the allegations in Paragraph 150.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to Terence Crawford's racial self-identification and therefore denies the allegations in Paragraph 150.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to Terence Crawford's racial self-identification and therefore denies the allegations in Paragraph 150.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to Terence Crawford's racial self-identification and therefore denies the allegations in Paragraph 150.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to Terence Crawford's racial self-identification and therefore denies the allegations in Paragraph 150.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to Terence Crawford's racial self-identification and therefore denies the allegations in Paragraph 150.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to Terence Crawford's racial self-identification and therefore denies the allegations in Paragraph 150.

151. In response to Paragraph 151 of the Complaint:

a. Defendant City of Omaha states that Paragraph 151 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 151 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 151 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 151 as stated and denies any implication that any officer's actions were based on race.

c. Defendant Mason Gregurich admits that he approached the vehicle and observed the occupants, but denies the allegations in Paragraph 151 as stated and denies any implication that his actions were based on Plaintiffs' race.

d. Defendant James Valencia-Soethout admits that he approached the vehicle and observed the occupants, but denies the allegations in Paragraph 151 as stated and denies any implication that his actions were based on Plaintiffs' race.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 151 as stated. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to what was observed before his arrival and therefore denies the allegations to that extent. Defendant Trevor Lapoint further denies any implication that his actions were based on Plaintiffs' race.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 151 as stated. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to what was observed before his arrival and therefore denies the allegations to that extent. Defendant Gilberto

- 229 -

Riveros-Echague further denies any implication that his actions were based on Plaintiffs' race.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 151 as stated. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to what was observed before her arrival and therefore denies the allegations to that extent. Defendant Yuliya Canterbury further denies any implication that her actions were based on Plaintiffs' race.

h. Defendant Michael Rosiere denies the allegations in Paragraph 151 as stated. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to what was observed before his arrival and therefore denies the allegations to that extent. Defendant Michael Rosiere further denies any implication that his actions were based on Plaintiffs' race.

i. Defendant Matthew Flores denies the allegations in Paragraph 151 as stated. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to what was observed before his arrival and therefore denies the allegations to that extent. Defendant Matthew Flores further denies any implication that his actions were based on Plaintiffs' race.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 151 as stated. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to what was observed before his arrival and therefore denies the allegations to that extent. Defendant Luis Gonzalez-Reynoso further denies any implication that his actions were based on Plaintiffs' race.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 151 as stated. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to what was observed before his arrival and therefore denies the allegations to that extent. Defendant Benjamin Hoffman further denies any implication that his actions were based on Plaintiffs' race.

l. Defendant Sean Sheridan denies the allegations in Paragraph 151 as stated. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to what was observed before his arrival and therefore denies the

allegations to that extent. Defendant Sean Sheridan further denies any implication that his actions were based on Plaintiffs' race.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 151 as stated. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to what was observed before his arrival and therefore denies the allegations to that extent. Defendant William Dawson Jr. further denies any implication that his actions were based on Plaintiffs' race.

152. In response to Paragraph 152 of the Complaint:

a. Defendant City of Omaha states that Paragraph 152 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 152 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 152 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 152 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich denies the allegations in Paragraph 152 as stated. Defendant Gregurich admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon directly at Plaintiffs or any person. Defendant Gregurich affirmatively alleges that his service weapon was held in a modified SUL position, pointed downward from a raised position. Defendant Gregurich denies that Plaintiffs were removed at gunpoint, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that any use or display of his service weapon was based on race or lawful firearm disclosure alone. Defendant Gregurich affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed

- 231 -

passenger would react while the driver was removed from the vehicle and placed in handcuffs.

d.  Defendant James Valencia-Soethout denies the allegations in Paragraph 152 as stated. Defendant Valencia-Soethout admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon directly at Plaintiffs or any person. Defendant Valencia-Soethout affirmatively alleges that his service weapon was held in a SUL position. Defendant Valencia-Soethout denies that Plaintiffs were removed at gunpoint, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that any use or display of his service weapon was based on race or lawful firearm disclosure alone. Defendant Valencia-Soethout affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 152 as stated. Defendant Trevor Lapoint admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Trevor Lapoint affirmatively alleges that his firearm was pointed downward. Defendant Trevor Lapoint denies that any use or display of his firearm was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to what occurred

- 232 -

before his arrival and therefore denies the allegations in Paragraph 152 to that extent.

f.   Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 152 as stated. Defendant Gilberto Riveros-Echague admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Gilberto Riveros-Echague affirmatively alleges that his firearm was pointed downward. Defendant Gilberto Riveros-Echague denies that any use or display of his firearm was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 152 to that extent.

g.   Defendant Yuliya Canterbury denies the allegations in Paragraph 152 as stated. Defendant Yuliya Canterbury denies that she pointed a service weapon at Plaintiffs, denies that any use or display of force by she was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that she violated Plaintiffs' constitutional rights. Defendant Yuliya Canterbury affirmatively alleges that, upon her arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations in Paragraph 152 to that extent.

h.   Defendant Michael Rosiere denies the allegations in Paragraph 152 as stated. Defendant Michael Rosiere denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or

lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Michael Rosiere affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 152 to that extent.

i.  Defendant Matthew Flores denies the allegations in Paragraph 152 as stated. Defendant Matthew Flores denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Matthew Flores affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 152 to that extent.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 152 as stated. Defendant Luis Gonzalez-Reynoso denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Luis Gonzalez-Reynoso affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief

as to what occurred before his arrival and therefore denies the allegations in Paragraph 152 to that extent.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 152 as stated. Defendant Benjamin Hoffman denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Benjamin Hoffman affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 152 to that extent. Defendant Hoffman affirmatively alleges that Plaintiffs were already in handcuffs when he arrived at the scene.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 152 as stated. Defendant Sean Sheridan denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Sean Sheridan affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 152 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m.  Defendant William Dawson Jr. denies the allegations in Paragraph 152 as stated. Defendant William Dawson Jr. denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or

lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant William Dawson Jr. affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 152 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

153.    In response to Paragraph 153 of the Complaint:

a.  Defendant City of Omaha states that Paragraph 153 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 153 as stated and denies any legal conclusions or characterizations contained therein.

b.  Defendant Todd Schmaderer states that Paragraph 153 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 153 as stated and denies any legal conclusions or characterizations contained therein.

c.  Defendant Mason Gregurich denies the allegations in Paragraph 153 as stated. Defendant Mason Gregurich admits that Plaintiffs were generally compliant to the extent he observed them, but denies the allegations that no officer-safety concerns existed, that no Plaintiff was reasonably subject to investigation or temporary detention, that the officers' actions were based solely on firearm disclosure, or that any force used was unconstitutional. Defendant Mason Gregurich affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed

- 236 -

passenger would react while the driver was removed from the vehicle and placed in handcuffs.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 153 as stated. Defendant James Valencia-Soethout admits that Plaintiffs were generally compliant to the extent he observed them, but denies the allegations that no officer-safety concerns existed, that no Plaintiff was reasonably subject to investigation or temporary detention, that the officers' actions were based solely on firearm disclosure, or that any force used was unconstitutional. Defendant James Valencia-Soethout affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 153 as stated. Defendant Trevor Lapoint admits that Plaintiffs were generally compliant to the extent he observed them, but denies the allegations that no officer-safety concerns existed, that no Plaintiff was reasonably subject to investigation or temporary detention, that the officers' actions were based solely on firearm disclosure, or that any force used was unconstitutional. Defendant Trevor Lapoint affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 153 as stated. Defendant Gilberto Riveros-Echague admits that Plaintiffs were generally compliant to the extent he observed them, but denies the allegations that no officer-safety concerns existed, that no Plaintiff was reasonably subject to investigation or temporary detention, that the officers' actions were based solely on firearm disclosure, or that any force used was

- 237 -

unconstitutional. Defendant Gilberto Riveros-Echague affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 153 as stated. Defendant Yuliya Canterbury admits that Plaintiffs were generally compliant to the extent she observed them, but denies the allegations that no officer-safety concerns existed, that no Plaintiff was reasonably subject to investigation or temporary detention, that the officers' actions were based solely on firearm disclosure, or that any force used was unconstitutional. Defendant Yuliya Canterbury affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

h.  Defendant Michael Rosiere denies the allegations in Paragraph 153 as stated. Defendant Michael Rosiere admits that Plaintiffs were generally compliant to the extent he observed them, but denies the allegations that no officer-safety concerns existed, that no Plaintiff was reasonably subject to investigation or temporary detention, that the officers' actions were based solely on firearm disclosure, or that any force used was unconstitutional. Defendant Michael Rosiere affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

i.  Defendant Matthew Flores denies the allegations in Paragraph 153 as stated. Defendant Matthew Flores admits that Plaintiffs were generally compliant to the extent he observed them, but denies the allegations that no officer-safety concerns existed, that no Plaintiff was reasonably subject to investigation or temporary detention, that the officers' actions were based solely on firearm disclosure, or that any force used was unconstitutional. Defendant Matthew Flores affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 153 as stated. Defendant Luis Gonzalez-Reynoso admits that Plaintiffs were generally compliant to the extent he observed them, but denies the allegations that no officer-safety concerns existed, that no Plaintiff was reasonably subject to investigation or temporary detention, that the officers' actions were based solely on firearm disclosure, or that any force used was unconstitutional. Defendant Luis Gonzalez-Reynoso affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 153 as stated. Defendant Benjamin Hoffman admits that Plaintiffs were generally compliant to the extent he observed them, but denies the allegations that no officer-safety concerns existed, that no Plaintiff was reasonably subject to investigation or temporary detention, that the officers' actions were based solely on firearm disclosure, or that any force used was unconstitutional. Defendant Benjamin Hoffman affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 153 as stated. Defendant Sean Sheridan admits that Plaintiffs were generally compliant to the extent he observed them, but denies the allegations that no officer-safety concerns existed, that no Plaintiff was reasonably subject to investigation or temporary detention, that the officers' actions were based solely on firearm disclosure, or that any force used was unconstitutional. Defendant Sean Sheridan affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

m.  Defendant William Dawson Jr. denies the allegations in Paragraph 153 as stated. Defendant William Dawson Jr. admits that Plaintiffs were generally compliant to the extent he observed them, but denies the allegations that no

officer-safety concerns existed, that no Plaintiff was reasonably subject to investigation or temporary detention, that the officers' actions were based solely on firearm disclosure, or that any force used was unconstitutional. Defendant William Dawson Jr. affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

154. In response to Paragraph 154 of the Complaint:

a. Defendant City of Omaha states that Paragraph 154 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 154 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 154 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 154 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich denies the allegations in Paragraph 154 as stated. Defendant Mason Gregurich denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 154 contains legal conclusions or characterizations, Defendant Mason Gregurich denies the same.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 154 as stated. Defendant James Valencia-Soethout denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 154 contains legal conclusions or characterizations, Defendant James Valencia-Soethout denies the same.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 154 as stated. Defendant Trevor Lapoint denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 154 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 154 as stated. Defendant Gilberto Riveros-Echague denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 154 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 154 as stated. Defendant Yuliya Canterbury denies that she acted because of Plaintiffs' race, denies that she acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by she under comparable circumstances, and denies that she violated Plaintiffs' equal protection rights. To the extent Paragraph 154 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h.  Defendant Michael Rosiere denies the allegations in Paragraph 154 as stated. Defendant Michael Rosiere denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 154 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i. Defendant Matthew Flores denies the allegations in Paragraph 154 as stated. Defendant Matthew Flores denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 154 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 154 as stated. Defendant Luis Gonzalez-Reynoso denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 154 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 154 as stated. Defendant Benjamin Hoffman denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 154 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l. Defendant Sean Sheridan denies the allegations in Paragraph 154 as stated. Defendant Sean Sheridan denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 154 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 154 as stated. Defendant William Dawson Jr. denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 154 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

155. In response to Paragraph 155 of the Complaint:

a. Defendant City of Omaha states that Paragraph 155 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 155 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 155 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 155 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich denies the allegations in Paragraph 155 as stated. Defendant Mason Gregurich denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 155 contains legal conclusions or characterizations, Defendant Mason Gregurich denies the same.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 155 as stated. Defendant James Valencia-Soethout denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent

- 243 -

Paragraph 155 contains legal conclusions or characterizations, Defendant James Valencia-Soethout denies the same.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 155 as stated. Defendant Trevor Lapoint denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 155 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 155 as stated. Defendant Gilberto Riveros-Echague denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 155 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 155 as stated. Defendant Yuliya Canterbury denies that she acted because of Plaintiffs' race, denies that she acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by she under comparable circumstances, and denies that she violated Plaintiffs' equal protection rights. To the extent Paragraph 155 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h. Defendant Michael Rosiere denies the allegations in Paragraph 155 as stated. Defendant Michael Rosiere denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated

Plaintiffs' equal protection rights. To the extent Paragraph 155 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i.  Defendant Matthew Flores denies the allegations in Paragraph 155 as stated. Defendant Matthew Flores denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 155 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 155 as stated. Defendant Luis Gonzalez-Reynoso denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 155 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 155 as stated. Defendant Benjamin Hoffman denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 155 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 155 as stated. Defendant Sean Sheridan denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated

Plaintiffs' equal protection rights. To the extent Paragraph 155 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 155 as stated. Defendant William Dawson Jr. denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 155 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

156. In response to Paragraph 156 of the Complaint:

a. Defendant City of Omaha denies the allegations in Paragraph 156 as stated. Defendant City of Omaha lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the statement attributed to Chief Schmaderer and therefore denies the same. Defendant City of Omaha further denies that any such statement establishes discriminatory intent, a discriminatory policy, custom, or practice, or liability for the incident involving Plaintiffs.

b. Defendant Schmaderer denies that the allegations in Paragraph 156 as stated capture the full context of his statement and, therefore, denies the legal implications and inferences of same.

c. Defendant Mason Gregurich denies the allegations in Paragraph 156 as stated. Defendant Mason Gregurich denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 156 contains legal conclusions or characterizations, Defendant Mason Gregurich denies the same.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 156 as stated. Defendant James Valencia-Soethout denies that he acted because of

- 246 -

Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 156 contains legal conclusions or characterizations, Defendant James Valencia-Soethout denies the same.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 156 as stated. Defendant Trevor Lapoint denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 156 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 156 as stated. Defendant Gilberto Riveros-Echague denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 156 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 156 as stated. Defendant Yuliya Canterbury denies that she acted because of Plaintiffs' race, denies that she acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by she under comparable circumstances, and denies that she violated Plaintiffs' equal protection rights. To the extent Paragraph 156 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h. Defendant Michael Rosiere denies the allegations in Paragraph 156 as stated. Defendant Michael Rosiere denies that he acted because of Plaintiffs' race,

- 247 -

denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 156 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i.  Defendant Matthew Flores denies the allegations in Paragraph 156 as stated. Defendant Matthew Flores denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 156 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 156 as stated. Defendant Luis Gonzalez-Reynoso denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 156 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 156 as stated. Defendant Benjamin Hoffman denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 156 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 156 as stated. Defendant Sean Sheridan denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice,

denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 156 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 156 as stated. Defendant William Dawson Jr. denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 156 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

157. In response to Paragraph 157 of the Complaint:

a. Defendant City of Omaha states that Paragraph 157 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 157 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 157 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 157 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich denies the allegations in Paragraph 157 as stated. Defendant Mason Gregurich denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 157 contains legal conclusions or characterizations, Defendant Mason Gregurich denies the same.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 157 as stated. Defendant James Valencia-Soethout denies that he acted because of

Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 157 contains legal conclusions or characterizations, Defendant James Valencia-Soethout denies the same.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 157 as stated. Defendant Trevor Lapoint denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 157 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 157 as stated. Defendant Gilberto Riveros-Echague denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 157 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 157 as stated. Defendant Yuliya Canterbury denies that she acted because of Plaintiffs' race, denies that she acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by she under comparable circumstances, and denies that she violated Plaintiffs' equal protection rights. To the extent Paragraph 157 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h. Defendant Michael Rosiere denies the allegations in Paragraph 157 as stated. Defendant Michael Rosiere denies that he acted because of Plaintiffs' race,

- 250 -

denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 157 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i. Defendant Matthew Flores denies the allegations in Paragraph 157 as stated. Defendant Matthew Flores denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 157 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 157 as stated. Defendant Luis Gonzalez-Reynoso denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 157 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 157 as stated. Defendant Benjamin Hoffman denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 157 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l. Defendant Sean Sheridan denies the allegations in Paragraph 157 as stated. Defendant Sean Sheridan denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice,

denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 157 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

m.  Defendant William Dawson Jr. denies the allegations in Paragraph 157 as stated. Defendant William Dawson Jr. denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 157 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

158.  In response to Paragraph 158 of the Complaint:

a.  Defendant City of Omaha states that Paragraph 158 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 158 as stated and denies any legal conclusions or characterizations contained therein.

b.  Defendant Todd Schmaderer states that Paragraph 158 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 158 as stated and denies any legal conclusions or characterizations contained therein.

c.  Defendant Mason Gregurich denies the allegations in Paragraph 158 as stated. Defendant Mason Gregurich denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 158 contains legal conclusions or characterizations, Defendant Mason Gregurich denies the same.

d.  Defendant James Valencia-Soethout denies the allegations in Paragraph 158 as stated. Defendant James Valencia-Soethout denies that he acted because of

Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 158 contains legal conclusions or characterizations, Defendant James Valencia-Soethout denies the same.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 158 as stated. Defendant Trevor Lapoint denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 158 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 158 as stated. Defendant Gilberto Riveros-Echague denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 158 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 158 as stated. Defendant Yuliya Canterbury denies that she acted because of Plaintiffs' race, denies that she acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by she under comparable circumstances, and denies that she violated Plaintiffs' equal protection rights. To the extent Paragraph 158 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h.  Defendant Michael Rosiere denies the allegations in Paragraph 158 as stated. Defendant Michael Rosiere denies that he acted because of Plaintiffs' race,

denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 158 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i. Defendant Matthew Flores denies the allegations in Paragraph 158 as stated. Defendant Matthew Flores denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 158 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 158 as stated. Defendant Luis Gonzalez-Reynoso denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 158 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 158 as stated. Defendant Benjamin Hoffman denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 158 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l. Defendant Sean Sheridan denies the allegations in Paragraph 158 as stated. Defendant Sean Sheridan denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice,

denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 158 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 158 as stated. Defendant William Dawson Jr. denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 158 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

159. In response to Paragraph 159 of the Complaint:

a. Defendant City of Omaha states that Paragraph 159 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 159 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 159 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 159 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich denies the allegations in Paragraph 159 as stated. Defendant Mason Gregurich denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 159 contains legal conclusions or characterizations, Defendant Mason Gregurich denies the same.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 159 as stated. Defendant James Valencia-Soethout denies that he acted because of

Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 159 contains legal conclusions or characterizations, Defendant James Valencia-Soethout denies the same.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 159 as stated. Defendant Trevor Lapoint denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 159 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 159 as stated. Defendant Gilberto Riveros-Echague denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 159 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 159 as stated. Defendant Yuliya Canterbury denies that she acted because of Plaintiffs' race, denies that she acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by she under comparable circumstances, and denies that she violated Plaintiffs' equal protection rights. To the extent Paragraph 159 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h. Defendant Michael Rosiere denies the allegations in Paragraph 159 as stated. Defendant Michael Rosiere denies that he acted because of Plaintiffs' race,

denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 159 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i. Defendant Matthew Flores denies the allegations in Paragraph 159 as stated. Defendant Matthew Flores denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 159 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 159 as stated. Defendant Luis Gonzalez-Reynoso denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 159 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 159 as stated. Defendant Benjamin Hoffman denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 159 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l. Defendant Sean Sheridan denies the allegations in Paragraph 159 as stated. Defendant Sean Sheridan denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice,

denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 159 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 159 as stated. Defendant William Dawson Jr. denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 159 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

160. In response to Paragraph 160 of the Complaint:

a. Defendant City of Omaha states that Paragraph 160 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 160 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 160 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 160 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich denies the allegations in Paragraph 160 as stated. Defendant Mason Gregurich denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 160 contains legal conclusions or characterizations, Defendant Mason Gregurich denies the same.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 160 as stated. Defendant James Valencia-Soethout denies that he acted because of

Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 160 contains legal conclusions or characterizations, Defendant James Valencia-Soethout denies the same.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 160 as stated. Defendant Trevor Lapoint denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 160 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 160 as stated. Defendant Gilberto Riveros-Echague denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 160 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 160 as stated. Defendant Yuliya Canterbury denies that she acted because of Plaintiffs' race, denies that she acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by she under comparable circumstances, and denies that she violated Plaintiffs' equal protection rights. To the extent Paragraph 160 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h.  Defendant Michael Rosiere denies the allegations in Paragraph 160 as stated. Defendant Michael Rosiere denies that he acted because of Plaintiffs' race,

denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 160 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i.  Defendant Matthew Flores denies the allegations in Paragraph 160 as stated. Defendant Matthew Flores denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 160 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 160 as stated. Defendant Luis Gonzalez-Reynoso denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 160 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 160 as stated. Defendant Benjamin Hoffman denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 160 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 160 as stated. Defendant Sean Sheridan denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice,

denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 160 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

m.  Defendant William Dawson Jr. denies the allegations in Paragraph 160 as stated. Defendant William Dawson Jr. denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 160 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

161.  In response to Paragraph 161 of the Complaint:

a.  Defendant City of Omaha states that Paragraph 161 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 161 as stated and denies any legal conclusions or characterizations contained therein.

b.  Defendant Todd Schmaderer states that Paragraph 161 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 161 as stated and denies any legal conclusions or characterizations contained therein.

c.  Defendant Mason Gregurich denies the allegations in Paragraph 161 as stated. Defendant Mason Gregurich denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 161 contains legal conclusions or characterizations, Defendant Mason Gregurich denies the same.

d.  Defendant James Valencia-Soethout denies the allegations in Paragraph 161 as stated. Defendant James Valencia-Soethout denies that he acted because of

Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 161 contains legal conclusions or characterizations, Defendant James Valencia-Soethout denies the same.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 161 as stated. Defendant Trevor Lapoint denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 161 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 161 as stated. Defendant Gilberto Riveros-Echague denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 161 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 161 as stated. Defendant Yuliya Canterbury denies that she acted because of Plaintiffs' race, denies that she acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by she under comparable circumstances, and denies that she violated Plaintiffs' equal protection rights. To the extent Paragraph 161 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h.  Defendant Michael Rosiere denies the allegations in Paragraph 161 as stated. Defendant Michael Rosiere denies that he acted because of Plaintiffs' race,

denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 161 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i.  Defendant Matthew Flores denies the allegations in Paragraph 161 as stated. Defendant Matthew Flores denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 161 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 161 as stated. Defendant Luis Gonzalez-Reynoso denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 161 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 161 as stated. Defendant Benjamin Hoffman denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 161 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 161 as stated. Defendant Sean Sheridan denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice,

denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 161 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 161 as stated. Defendant William Dawson Jr. denies that he acted because of Plaintiffs' race, denies that he acted pursuant to any discriminatory policy, custom, or practice, denies that similarly situated persons of another race would have been treated differently by he under comparable circumstances, and denies that he violated Plaintiffs' equal protection rights. To the extent Paragraph 161 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

### COUNT-VI

**Excessive Force in Violation of the Fourth Amendment (42 U.S.C. § 1983)**

**Against Defendants Gregurich, Valencia-Soethout, Lapoint, Riveros-Echague, Canterbury, Rosiere, Flores, Gonzalez-Reynoso, Hoffman, Sheridan, and Dawson Jr.**

162. In response to Paragraph 162 of the Complaint:

a. Defendant City of Omaha incorporates by reference its responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 162 contains legal conclusions or characterizations, Defendant City of Omaha denies the same.

b. Defendant Todd Schmaderer incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 162 contains legal conclusions or characterizations, Defendant Todd Schmaderer denies the same.

c. Defendant Mason Gregurich incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 162 contains legal conclusions or characterizations, Defendant Mason Gregurich denies the same.

d. Defendant James Valencia-Soethout incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 162 contains legal conclusions or characterizations, Defendant James Valencia-Soethout denies the same.

e. Defendant Trevor Lapoint incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 162 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f. Defendant Gilberto Riveros-Echague incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 162 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g. Defendant Yuliya Canterbury incorporates by reference her responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 162 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h. Defendant Michael Rosiere incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 162 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i. Defendant Matthew Flores incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 162 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j. Defendant Luis Gonzalez-Reynoso incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 162 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k. Defendant Benjamin Hoffman incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph

162 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l. Defendant Sean Sheridan incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 162 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

m. Defendant William Dawson Jr. incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 162 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

163. In response to Paragraph 163 of the Complaint, the City Defendants admit that the Fourth Amendment to the United States Constitution protects individuals from unreasonable seizures and prohibits excessive force. The City Defendants deny that any City Defendant violated Plaintiffs' Fourth Amendment rights or used excessive force.

164. In response to Paragraph 164 of the Complaint:

a. Defendant City of Omaha states that Paragraph 164 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 164 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 164 is not directed to him. To the extent a response is required, Defendant Schmaderer lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 164 and therefore denies it. Defendant Schmaderer further denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 164 and therefore denies it. To the extent Paragraph 164 contains legal conclusions or characterizations, Defendant Mason Gregurich denies the same.

- 266 -

d. Defendant James Valencia-Soethout lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 164 and therefore denies it. To the extent Paragraph 164 contains legal conclusions or characterizations, Defendant James Valencia-Soethout denies the same.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 164 and therefore denies it. To the extent Paragraph 164 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 164 and therefore denies it. To the extent Paragraph 164 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 164 and therefore denies it. To the extent Paragraph 164 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 164 and therefore denies it. To the extent Paragraph 164 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 164 and therefore denies it. To the extent Paragraph 164 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 164 and therefore denies it. To the extent Paragraph 164 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 164 and therefore denies it. To the extent Paragraph 164 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 164 and therefore denies it. To the extent Paragraph 164 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 164 and therefore denies it. To the extent Paragraph 164 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

165. In response to Paragraph 165 of the Complaint:

a. Defendant City of Omaha states that Paragraph 165 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 165 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 165 is not directed to him. To the extent a response is required, Defendant Schmaderer lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 165 and therefore denies it. Defendant Schmaderer further denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 165 and therefore denies it. To the extent Paragraph 165 contains legal conclusions or characterizations, Defendant Mason Gregurich denies the same.

d. Defendant James Valencia-Soethout lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 165 and therefore denies it. To the extent Paragraph 165 contains legal conclusions or characterizations, Defendant James Valencia-Soethout denies the same.

e. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 165 and therefore denies it. To the extent Paragraph 165 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 165 and therefore denies it. To the extent Paragraph 165 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 165 and therefore denies it. To the extent Paragraph 165 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 165 and therefore denies it. To the extent Paragraph 165 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 165 and therefore denies it. To the extent Paragraph 165 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 165 and therefore denies it. To the extent Paragraph 165 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 165 and therefore denies it. To the extent Paragraph 165 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 165 and therefore denies it. To the extent Paragraph 165 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the complete context, wording, and accuracy of the quoted statement in Paragraph 165 and therefore denies it. To the extent Paragraph 165 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

166. In response to Paragraph 166 of the Complaint, the City Defendants state that Paragraph 166 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 166 as stated. The City Defendants affirmatively allege that LB77 is a statutory enactment, not a constitutional framework or provision of the Nebraska Constitution. The City Defendants further deny any allegation or implication that the required disclosure of a firearm, the presence of

firearms, or the possession of firearms can never be considered as part of the totality of circumstances relevant to reasonable suspicion, officer safety, or the reasonableness of officer conduct during a traffic stop.

167. In response to Paragraph 167 of the Complaint:

   a. Defendant City of Omaha states that Paragraph 167 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 167 as stated and denies any legal conclusions or characterizations contained therein.

   b. Defendant Todd Schmaderer states that Paragraph 167 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 167 as stated and denies any legal conclusions or characterizations contained therein.

   c. Defendant Mason Gregurich states that Paragraph 167 is directed to Defendant Valencia-Soethout and not to Mason Gregurich. To the extent a response is required, Defendant Mason Gregurich denies the allegations in Paragraph 167 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant Mason Gregurich lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

   d. Defendant James Valencia-Soethout denies the allegations in Paragraph 167 as stated. Defendant Valencia-Soethout admits that he drew his service weapon during the traffic stop and removed Plaintiff Qasim Shabazz's firearm from its holster while Plaintiff Shabazz was still seated in the vehicle, but denies that he pointed a loaded firearm directly at Plaintiff Shabazz, denies that he ordered Plaintiff Shabazz to remove his own firearm, denies that he forcibly removed Plaintiff Shabazz from the vehicle at gunpoint, denies that Plaintiff Shabazz was handcuffed for approximately thirty minutes, and denies that he used excessive force. Defendant Valencia-Soethout affirmatively alleges that his service weapon was held in a SUL position and was not pointed directly at any person, that Plaintiff Shabazz initiated the removal of

the firearm by saying words to the effect of, "You can take it off of me," and that Plaintiff Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks.

e. Defendant Trevor Lapoint states that Paragraph 167 is directed to Defendant Valencia-Soethout and not to Trevor Lapoint. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 167 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

f. Defendant Gilberto Riveros-Echague states that Paragraph 167 is directed to Defendant Valencia-Soethout and not to Gilberto Riveros-Echague. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 167 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

g. Defendant Yuliya Canterbury states that Paragraph 167 is directed to Defendant Valencia-Soethout and not to Yuliya Canterbury. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 167 as stated, denies that she used excessive force against Plaintiff Qasim Shabazz, and denies that she violated Plaintiff Shabazz's constitutional rights. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations to that extent.

h. Defendant Michael Rosiere states that Paragraph 167 is directed to Defendant Valencia-Soethout and not to Michael Rosiere. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 167 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz,

- 272 -

and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

i.  Defendant Matthew Flores states that Paragraph 167 is directed to Defendant Valencia-Soethout and not to Matthew Flores. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 167 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

j.  Defendant Luis Gonzalez-Reynoso states that Paragraph 167 is directed to Defendant Valencia-Soethout and not to Luis Gonzalez-Reynoso. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 167 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

k.  Defendant Benjamin Hoffman states that Paragraph 167 is directed to Defendant Valencia-Soethout and not to Benjamin Hoffman. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 167 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

l.  Defendant Sean Sheridan states that Paragraph 167 is directed to Defendant Valencia-Soethout and not to Sean Sheridan. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 167 as

stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

m. Defendant William Dawson Jr. states that Paragraph 167 is directed to Defendant Valencia-Soethout and not to William Dawson Jr.. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 167 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

168. In response to Paragraph 168 of the Complaint:

a. Defendant City of Omaha states that Paragraph 168 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 168 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 168 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 168 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich denies the allegations in Paragraph 168 as stated. Defendant Gregurich admits that he drew his service weapon during the traffic stop, but denies that he pointed a loaded firearm directly at Plaintiff Qasim Shabazz, denies that he ordered Plaintiff Shabazz from the vehicle at gunpoint, denies that Plaintiff Shabazz was detained in handcuffs for approximately thirty minutes, and denies that he used excessive force. Defendant Gregurich affirmatively alleges that his service weapon was held in a modified SUL position, pointed downward from a raised position, and was

- 274 -

not pointed directly at any person, and that Plaintiff Shabazz was handcuffed for approximately seventeen minutes while officers conducted firearm checks.

d. Defendant James Valencia-Soethout states that Paragraph 168 is directed to Defendant Gregurich and not to James Valencia-Soethout. To the extent a response is required, Defendant James Valencia-Soethout denies the allegations in Paragraph 168 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant James Valencia-Soethout lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

e. Defendant Trevor Lapoint states that Paragraph 168 is directed to Defendant Gregurich and not to Trevor Lapoint. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 168 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

f. Defendant Gilberto Riveros-Echague states that Paragraph 168 is directed to Defendant Gregurich and not to Gilberto Riveros-Echague. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 168 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

g. Defendant Yuliya Canterbury states that Paragraph 168 is directed to Defendant Gregurich and not to Yuliya Canterbury. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 168 as stated, denies that she used excessive force against Plaintiff Qasim Shabazz, and denies that she violated Plaintiff Shabazz's constitutional rights.

Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations to that extent.

h. Defendant Michael Rosiere states that Paragraph 168 is directed to Defendant Gregurich and not to Michael Rosiere. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 168 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

i. Defendant Matthew Flores states that Paragraph 168 is directed to Defendant Gregurich and not to Matthew Flores. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 168 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

j. Defendant Luis Gonzalez-Reynoso states that Paragraph 168 is directed to Defendant Gregurich and not to Luis Gonzalez-Reynoso. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 168 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

k. Defendant Benjamin Hoffman states that Paragraph 168 is directed to Defendant Gregurich and not to Benjamin Hoffman. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 168 as stated, denies that he used excessive force against Plaintiff Qasim

Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

l.  Defendant Sean Sheridan states that Paragraph 168 is directed to Defendant Gregurich and not to Sean Sheridan. To the extent a response is required, Defendant Sean Sheridan denies the allegations in Paragraph 168 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

m.  Defendant William Dawson Jr. states that Paragraph 168 is directed to Defendant Gregurich and not to William Dawson Jr.. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 168 as stated, denies that he used excessive force against Plaintiff Qasim Shabazz, and denies that he violated Plaintiff Shabazz's constitutional rights. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations to that extent.

169.    In response to Paragraph 169 of the Complaint:

a.  Defendant City of Omaha states that Paragraph 169 refers to an unidentified "Defendant Officer John Doe" and contains legal conclusions and disputed factual characterizations. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 169 as stated. Defendant City of Omaha denies that any officer pointed a loaded firearm directly at Plaintiff George Williams's face, denies that Williams was removed from the vehicle at gunpoint, denies that Williams was handcuffed for approximately thirty minutes, and denies that excessive force was used against Williams.

b.  Defendant Todd Schmaderer states that Paragraph 169 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the

- 277 -

allegations in Paragraph 169 as stated and denies any legal conclusions or characterizations contained therein.

c.  Defendant Mason Gregurich denies the allegations in Paragraph 169 as stated. Defendant Mason Gregurich denies that he pointed a loaded firearm directly at Plaintiff George Williams's face, forcibly removed Williams at gunpoint, handcuffed Williams for approximately thirty minutes, or used excessive force against Williams.

d.  Defendant James Valencia-Soethout denies the allegations in Paragraph 169 as stated. Defendant James Valencia-Soethout denies that he pointed a loaded firearm directly at Plaintiff George Williams's face, forcibly removed Williams at gunpoint, handcuffed Williams for approximately thirty minutes, or used excessive force against Williams.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 169 as stated. Defendant Lapoint admits that he instructed Plaintiff George Williams to unbuckle his seatbelt and step out of the vehicle, but denies that he pointed a loaded firearm directly at Williams's face, denies that he removed Williams's seatbelt, denies that he forcibly removed Williams from the vehicle at gunpoint, denies that Williams was detained in handcuffs for approximately thirty minutes, and denies that he used excessive force. Defendant Lapoint affirmatively alleges that Williams removed his own seatbelt and that Lapoint directed Williams to provide his hands so Defendant Rosiere could place him in handcuffs.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 169 as stated. Defendant Gilberto Riveros-Echague denies that he pointed a loaded firearm directly at Plaintiff George Williams's face, forcibly removed Williams at gunpoint, handcuffed Williams for approximately thirty minutes, or used excessive force against Williams.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 169 as stated. Defendant Yuliya Canterbury denies that she pointed a loaded firearm directly at Plaintiff George Williams's face, forcibly removed Williams at

- 278 -

gunpoint, handcuffed Williams for approximately thirty minutes, or used excessive force against Williams.

h.  Defendant Michael Rosiere denies the allegations in Paragraph 169 as stated. Defendant Rosiere admits that he placed Plaintiff George Williams in handcuffs, but denies that he pointed a loaded firearm directly at Williams's face, denies that he ordered Williams to unbuckle his seatbelt, denies that he removed Williams's seatbelt, denies that he forcibly removed Williams from the vehicle at gunpoint, denies that Williams was detained in handcuffs for approximately thirty minutes, and denies that he used excessive force. Defendant Rosiere affirmatively alleges that Williams was handcuffed for approximately ten minutes.

i.  Defendant Matthew Flores denies the allegations in Paragraph 169 as stated. Defendant Matthew Flores denies that he pointed a loaded firearm directly at Plaintiff George Williams's face, forcibly removed Williams at gunpoint, handcuffed Williams for approximately thirty minutes, or used excessive force against Williams.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 169 as stated. Defendant Luis Gonzalez-Reynoso denies that he pointed a loaded firearm directly at Plaintiff George Williams's face, forcibly removed Williams at gunpoint, handcuffed Williams for approximately thirty minutes, or used excessive force against Williams.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 169 as stated. Defendant Benjamin Hoffman denies that he pointed a loaded firearm directly at Plaintiff George Williams's face, forcibly removed Williams at gunpoint, handcuffed Williams for approximately thirty minutes, or used excessive force against Williams.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 169 as stated. Defendant Sean Sheridan denies that he pointed a loaded firearm directly at Plaintiff George Williams's face, forcibly removed Williams at gunpoint, handcuffed Williams for approximately thirty minutes, or used excessive force against Williams.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 169 as stated. Defendant William Dawson Jr. denies that he pointed a loaded firearm directly at Plaintiff George Williams's face, forcibly removed Williams at gunpoint, handcuffed Williams for approximately thirty minutes, or used excessive force against Williams.

170. In response to Paragraph 178 of the Complaint:

a. Defendant City of Omaha states that Paragraph 170 refers to an unidentified "Defendant Officer Jane Doe" and contains legal conclusions and disputed factual characterizations. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 170 as stated. Defendant City of Omaha denies that any officer pointed a loaded firearm directly at Plaintiff Nadia Metoyer, denies that Metoyer was ordered from the vehicle at gunpoint, denies that Metoyer was detained in handcuffs for approximately thirty minutes, and denies that excessive force was used against Metoyer.

b. Defendant Todd Schmaderer states that Paragraph 170 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 170 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich denies the allegations in Paragraph 170 as stated. Defendant Gregurich denies that he pointed a loaded firearm directly at Plaintiff Nadia Metoyer, denies that he ordered her from the vehicle at gunpoint, denies that she was detained in handcuffs for approximately thirty minutes, and denies that he used excessive force. Defendant Gregurich affirmatively alleges that Plaintiff Metoyer was handcuffed for approximately nine and one-half minutes.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 170 as stated. Defendant James Valencia-Soethout denies that he pointed a loaded firearm directly at Plaintiff Nadia Metoyer, ordered her from the vehicle at gunpoint, detained her in handcuffs for approximately thirty minutes, or used excessive force against her.

- 280 -

e.   Defendant Trevor Lapoint denies the allegations in Paragraph 170 as stated. Defendant Trevor Lapoint denies that he pointed a loaded firearm directly at Plaintiff Nadia Metoyer, ordered her from the vehicle at gunpoint, detained her in handcuffs for approximately thirty minutes, or used excessive force against her.

f.   Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 170 as stated. Defendant Riveros-Echague admits that he observed Defendant Gregurich interact with Plaintiff Nadia Metoyer, but denies that he pointed a loaded firearm directly at Plaintiff Metoyer, denies that she was ordered from the vehicle at gunpoint, denies that she was detained in handcuffs for approximately thirty minutes, and denies that he used excessive force.

g.   Defendant Yuliya Canterbury denies the allegations in Paragraph 170 as stated. Defendant Yuliya Canterbury denies that she pointed a loaded firearm directly at Plaintiff Nadia Metoyer, ordered her from the vehicle at gunpoint, detained her in handcuffs for approximately thirty minutes, or used excessive force against her.

h.   Defendant Michael Rosiere denies the allegations in Paragraph 170 as stated. Defendant Michael Rosiere denies that he pointed a loaded firearm directly at Plaintiff Nadia Metoyer, ordered her from the vehicle at gunpoint, detained her in handcuffs for approximately thirty minutes, or used excessive force against her.

i.   Defendant Matthew Flores denies the allegations in Paragraph 170 as stated. Defendant Matthew Flores denies that he pointed a loaded firearm directly at Plaintiff Nadia Metoyer, ordered her from the vehicle at gunpoint, detained her in handcuffs for approximately thirty minutes, or used excessive force against her.

j.   Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 170 as stated. Defendant Luis Gonzalez-Reynoso denies that he pointed a loaded firearm directly at Plaintiff Nadia Metoyer, ordered her from the vehicle at gunpoint, detained her in handcuffs for approximately thirty minutes, or used excessive force against her.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 170 as stated. Defendant Benjamin Hoffman denies that he pointed a loaded firearm directly at Plaintiff Nadia Metoyer, ordered her from the vehicle at gunpoint, detained her in handcuffs for approximately thirty minutes, or used excessive force against her.

l. Defendant Sean Sheridan denies the allegations in Paragraph 170 as stated. Defendant Sean Sheridan denies that he pointed a loaded firearm directly at Plaintiff Nadia Metoyer, ordered her from the vehicle at gunpoint, detained her in handcuffs for approximately thirty minutes, or used excessive force against her.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 170 as stated. Defendant William Dawson Jr. denies that he pointed a loaded firearm directly at Plaintiff Nadia Metoyer, ordered her from the vehicle at gunpoint, detained her in handcuffs for approximately thirty minutes, or used excessive force against her.

171. In response to Paragraph 171 of the Complaint:

a. Defendant City of Omaha states that Paragraph 171 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 171 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 171 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 171 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich denies the allegations in Paragraph 171 as stated. Defendant Gregurich admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon directly at Plaintiffs or any person. Defendant Gregurich affirmatively alleges that his service weapon was held in a modified SUL position, pointed downward from a raised position. Defendant Gregurich denies that Plaintiffs were removed at gunpoint, denies that all Plaintiffs were detained in handcuffs for

- 282 -

approximately thirty minutes, and denies that any use or display of his service weapon was based on race or lawful firearm disclosure alone. Defendant Gregurich affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

d.  Defendant James Valencia-Soethout denies the allegations in Paragraph 171 as stated. Defendant Valencia-Soethout admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon directly at Plaintiffs or any person. Defendant Valencia-Soethout affirmatively alleges that his service weapon was held in a SUL position. Defendant Valencia-Soethout denies that Plaintiffs were removed at gunpoint, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that any use or display of his service weapon was based on race or lawful firearm disclosure alone. Defendant Valencia-Soethout affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 171 as stated. Defendant Trevor Lapoint admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Trevor Lapoint affirmatively alleges that his firearm was pointed downward. Defendant Trevor Lapoint denies that any use or display of his firearm was

based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 171 to that extent.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 171 as stated. Defendant Gilberto Riveros-Echague admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Gilberto Riveros-Echague affirmatively alleges that his firearm was pointed downward. Defendant Gilberto Riveros-Echague denies that any use or display of his firearm was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 171 to that extent.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 171 as stated. Defendant Yuliya Canterbury denies that she pointed a service weapon at Plaintiffs, denies that any use or display of force by she was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that she violated Plaintiffs' constitutional rights. Defendant Yuliya Canterbury affirmatively alleges that, upon her arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Yuliya Canterbury

- 284 -

lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations in Paragraph 171 to that extent.

h. Defendant Michael Rosiere denies the allegations in Paragraph 171 as stated. Defendant Michael Rosiere denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Michael Rosiere affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 171 to that extent.

i. Defendant Matthew Flores denies the allegations in Paragraph 171 as stated. Defendant Matthew Flores denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Matthew Flores affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 171 to that extent.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 171 as stated. Defendant Luis Gonzalez-Reynoso denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were

- 285 -

detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Luis Gonzalez-Reynoso affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 171 to that extent.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 171 as stated. Defendant Benjamin Hoffman denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Benjamin Hoffman affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 171 to that extent. Defendant Hoffman affirmatively alleges that Plaintiffs were already in handcuffs when he arrived at the scene.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 171 as stated. Defendant Sean Sheridan denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Sean Sheridan affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival

- 286 -

and therefore denies the allegations in Paragraph 171 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 171 as stated. Defendant William Dawson Jr. denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant William Dawson Jr. affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 171 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

172. In response to Paragraph 172 of the Complaint:

a. Defendant City of Omaha states that Paragraph 172 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 172 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 172 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 172 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich denies the allegations in Paragraph 172 as stated. Defendant Gregurich admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon directly at Plaintiffs or any person. Defendant Gregurich affirmatively alleges that his service weapon was held in a modified SUL position, pointed downward from a raised

- 287 -

position. Defendant Gregurich denies that Plaintiffs were removed at gunpoint, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that any use or display of his service weapon was based on race or lawful firearm disclosure alone. Defendant Gregurich affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

d.  Defendant James Valencia-Soethout denies the allegations in Paragraph 172 as stated. Defendant Valencia-Soethout admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon directly at Plaintiffs or any person. Defendant Valencia-Soethout affirmatively alleges that his service weapon was held in a SUL position. Defendant Valencia-Soethout denies that Plaintiffs were removed at gunpoint, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that any use or display of his service weapon was based on race or lawful firearm disclosure alone. Defendant Valencia-Soethout affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 172 as stated. Defendant Trevor Lapoint admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant

Trevor Lapoint affirmatively alleges that his firearm was pointed downward. Defendant Trevor Lapoint denies that any use or display of his firearm was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 172 to that extent.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 172 as stated. Defendant Gilberto Riveros-Echague admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Gilberto Riveros-Echague affirmatively alleges that his firearm was pointed downward. Defendant Gilberto Riveros-Echague denies that any use or display of his firearm was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 172 to that extent.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 172 as stated. Defendant Yuliya Canterbury denies that she pointed a service weapon at Plaintiffs, denies that any use or display of force by she was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that she violated Plaintiffs' constitutional rights. Defendant Yuliya Canterbury affirmatively alleges that, upon her arrival, the circumstances presented objectively

- 289 -

reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations in Paragraph 172 to that extent.

h.  Defendant Michael Rosiere denies the allegations in Paragraph 172 as stated. Defendant Michael Rosiere denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Michael Rosiere affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 172 to that extent.

i.  Defendant Matthew Flores denies the allegations in Paragraph 172 as stated. Defendant Matthew Flores denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Matthew Flores affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 172 to that extent.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 172 as stated. Defendant Luis Gonzalez-Reynoso denies that he pointed a service

weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Luis Gonzalez-Reynoso affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 172 to that extent.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 172 as stated. Defendant Benjamin Hoffman denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Benjamin Hoffman affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 172 to that extent. Defendant Hoffman affirmatively alleges that Plaintiffs were already in handcuffs when he arrived at the scene.

l. Defendant Sean Sheridan denies the allegations in Paragraph 172 as stated. Defendant Sean Sheridan denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Sean Sheridan affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of

firearms in the vehicle. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 172 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 172 as stated. Defendant William Dawson Jr. denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant William Dawson Jr. affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 172 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

173.    In response to Paragraph 173 of the Complaint:

a. Defendant City of Omaha states that Paragraph 173 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 173 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 173 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 173 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich denies the allegations in Paragraph 173 as stated. Defendant Gregurich admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon directly at Plaintiffs or any

person. Defendant Gregurich affirmatively alleges that his service weapon was held in a modified SUL position, pointed downward from a raised position. Defendant Gregurich denies that Plaintiffs were removed at gunpoint, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that any use or display of his service weapon was based on race or lawful firearm disclosure alone. Defendant Gregurich affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

d.  Defendant James Valencia-Soethout denies the allegations in Paragraph 173 as stated. Defendant Valencia-Soethout admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon directly at Plaintiffs or any person. Defendant Valencia-Soethout affirmatively alleges that his service weapon was held in a SUL position. Defendant Valencia-Soethout denies that Plaintiffs were removed at gunpoint, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that any use or display of his service weapon was based on race or lawful firearm disclosure alone. Defendant Valencia-Soethout affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 173 as stated. Defendant Trevor Lapoint admits that he had his firearm withdrawn after

- 293 -

arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Trevor Lapoint affirmatively alleges that his firearm was pointed downward. Defendant Trevor Lapoint denies that any use or display of his firearm was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 173 to that extent.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 173 as stated. Defendant Gilberto Riveros-Echague admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Gilberto Riveros-Echague affirmatively alleges that his firearm was pointed downward. Defendant Gilberto Riveros-Echague denies that any use or display of his firearm was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 173 to that extent.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 173 as stated. Defendant Yuliya Canterbury denies that she pointed a service weapon at Plaintiffs, denies that any use or display of force by she was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that she violated

Plaintiffs' constitutional rights. Defendant Yuliya Canterbury affirmatively alleges that, upon her arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations in Paragraph 173 to that extent.

h. Defendant Michael Rosiere denies the allegations in Paragraph 173 as stated. Defendant Michael Rosiere denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Michael Rosiere affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 173 to that extent.

i. Defendant Matthew Flores denies the allegations in Paragraph 173 as stated. Defendant Matthew Flores denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Matthew Flores affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 173 to that extent.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 173 as stated. Defendant Luis Gonzalez-Reynoso denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Luis Gonzalez-Reynoso affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 173 to that extent.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 173 as stated. Defendant Benjamin Hoffman denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Benjamin Hoffman affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 173 to that extent. Defendant Hoffman affirmatively alleges that Plaintiffs were already in handcuffs when he arrived at the scene.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 173 as stated. Defendant Sean Sheridan denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Sean Sheridan affirmatively alleges that, upon

- 296 -

his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 173 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 173 as stated. Defendant William Dawson Jr. denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant William Dawson Jr. affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 173 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

174. In response to Paragraph 174 of the Complaint:

a. Defendant City of Omaha states that Paragraph 174 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 174 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 174 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 174 as stated and denies any legal conclusions or characterizations contained therein.

c.  Defendant Mason Gregurich denies the allegations in Paragraph 174 as stated. Defendant Gregurich admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon directly at Plaintiffs or any person. Defendant Gregurich affirmatively alleges that his service weapon was held in a modified SUL position, pointed downward from a raised position. Defendant Gregurich denies that Plaintiffs were removed at gunpoint, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that any use or display of his service weapon was based on race or lawful firearm disclosure alone. Defendant Gregurich affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

d.  Defendant James Valencia-Soethout denies the allegations in Paragraph 174 as stated. Defendant Valencia-Soethout admits that he drew his service weapon during the traffic stop, but denies that he pointed his service weapon directly at Plaintiffs or any person. Defendant Valencia-Soethout affirmatively alleges that his service weapon was held in a SUL position. Defendant Valencia-Soethout denies that Plaintiffs were removed at gunpoint, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that any use or display of his service weapon was based on race or lawful firearm disclosure alone. Defendant Valencia-Soethout affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed

passenger would react while the driver was removed from the vehicle and placed in handcuffs.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 174 as stated. Defendant Trevor Lapoint admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Trevor Lapoint affirmatively alleges that his firearm was pointed downward. Defendant Trevor Lapoint denies that any use or display of his firearm was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 174 to that extent.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 174 as stated. Defendant Gilberto Riveros-Echague admits that he had his firearm withdrawn after arriving at the scene and observing another officer with a firearm out, but denies that he pointed his firearm at Plaintiffs or any person. Defendant Gilberto Riveros-Echague affirmatively alleges that his firearm was pointed downward. Defendant Gilberto Riveros-Echague denies that any use or display of his firearm was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 174 to that extent.

- 299 -

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 174 as stated. Defendant Yuliya Canterbury denies that she pointed a service weapon at Plaintiffs, denies that any use or display of force by she was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that she violated Plaintiffs' constitutional rights. Defendant Yuliya Canterbury affirmatively alleges that, upon her arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to what occurred before her arrival and therefore denies the allegations in Paragraph 174 to that extent.

h. Defendant Michael Rosiere denies the allegations in Paragraph 174 as stated. Defendant Michael Rosiere denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Michael Rosiere affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 174 to that extent.

i. Defendant Matthew Flores denies the allegations in Paragraph 174 as stated. Defendant Matthew Flores denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Matthew Flores affirmatively alleges that, upon his arrival, the circumstances presented objectively

- 300 -

reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 174 to that extent.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 174 as stated. Defendant Luis Gonzalez-Reynoso denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Luis Gonzalez-Reynoso affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 174 to that extent.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 174 as stated. Defendant Benjamin Hoffman denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Benjamin Hoffman affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 174 to that extent. Defendant Hoffman affirmatively alleges that Plaintiffs were already in handcuffs when he arrived at the scene.

l. Defendant Sean Sheridan denies the allegations in Paragraph 174 as stated. Defendant Sean Sheridan denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant Sean Sheridan affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 174 to that extent. Defendant Sheridan affirmatively alleges that he arrived after all occupants were already out of the vehicle.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 174 as stated. Defendant William Dawson Jr. denies that he pointed a service weapon at Plaintiffs, denies that any use or display of force by he was based on race or lawful firearm disclosure alone, denies that all Plaintiffs were detained in handcuffs for approximately thirty minutes, and denies that he violated Plaintiffs' constitutional rights. Defendant William Dawson Jr. affirmatively alleges that, upon his arrival, the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to what occurred before his arrival and therefore denies the allegations in Paragraph 174 to that extent. Defendant Dawson Jr. affirmatively alleges that he arrived after all occupants were already out of the vehicle and while Plaintiff Qasim Shabazz was being uncuffed.

175. In response to Paragraph 175 of the Complaint, the City Defendants state that Paragraph 175 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 175 as stated. The City Defendants deny that Plaintiffs were held at gunpoint based solely on the

lawful exercise of constitutional rights or lawful firearm disclosure. The City Defendants further deny that any City Defendant acted in a constitutionally excessive or unreasonable manner under the Fourth Amendment.

176.     In response to Paragraph 176 of the Complaint, the City Defendants state that Paragraph 176 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 176 as stated. The City Defendants deny any allegation or implication that a reasonable officer would understand that the circumstances alleged by Plaintiffs prohibited the actions taken during the traffic stop. The City Defendants further deny that any City Defendant violated clearly established law.

177.     In response to Paragraph 177 of the Complaint, the City Defendants state that Paragraph 177 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 177 as stated. The City Defendants deny that Plaintiffs were unlawfully seized, deny that any officer pointed a loaded firearm at Plaintiffs, and deny that any City Defendant violated Plaintiffs' Fourth Amendment rights.

178.     In response to Paragraph 178 of the Complaint, the City Defendants state that Paragraph 178 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 178 as stated. The City Defendants deny that any City Defendant pointed a loaded firearm at Plaintiffs and deny that any use or display of force was excessive or unreasonable under the circumstances.

179.     In response to Paragraph 179 of the Complaint:

    a.  Defendant City of Omaha states that Paragraph 179 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 179 as stated and denies any legal conclusions or characterizations contained therein.

    b.  Defendant Todd Schmaderer states that Paragraph 179 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 179 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich denies the allegations in Paragraph 179 as stated and denies any legal conclusions or characterizations contained therein. Defendant Mason Gregurich denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Mason Gregurich affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 179 as stated and denies any legal conclusions or characterizations contained therein. Defendant James Valencia-Soethout denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant James Valencia-Soethout affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 179 as stated and denies any legal conclusions or characterizations contained therein. Defendant Trevor Lapoint denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-

safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Trevor Lapoint affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 179 as stated and denies any legal conclusions or characterizations contained therein. Defendant Gilberto Riveros-Echague denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Gilberto Riveros-Echague affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 179 as stated and denies any legal conclusions or characterizations contained therein. Defendant Yuliya Canterbury denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by she was excessive or unreasonable, and denies that she violated Plaintiffs' Fourth Amendment rights. Defendant Yuliya Canterbury affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

h. Defendant Michael Rosiere denies the allegations in Paragraph 179 as stated and denies any legal conclusions or characterizations contained therein. Defendant Michael Rosiere denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment

rights. Defendant Michael Rosiere affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

i. Defendant Matthew Flores denies the allegations in Paragraph 179 as stated and denies any legal conclusions or characterizations contained therein. Defendant Matthew Flores denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Matthew Flores affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 179 as stated and denies any legal conclusions or characterizations contained therein. Defendant Luis Gonzalez-Reynoso denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Luis Gonzalez-Reynoso affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 179 as stated and denies any legal conclusions or characterizations contained therein. Defendant Benjamin Hoffman denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Benjamin Hoffman affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns,

including multiple occupants in the vehicle and the presence of firearms in the vehicle.

l. Defendant Sean Sheridan denies the allegations in Paragraph 179 as stated and denies any legal conclusions or characterizations contained therein. Defendant Sean Sheridan denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Sean Sheridan affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 179 as stated and denies any legal conclusions or characterizations contained therein. Defendant William Dawson Jr. denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant William Dawson Jr. affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

180. In response to Paragraph 180 of the Complaint, the City Defendants state that Paragraph 180 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 180 as stated. The City Defendants deny that any use or display of force was excessive, unreasonable, or constituted an unlawful intrusion on Plaintiffs' liberty interests.

181. In response to Paragraph 181 of the Complaint, the City Defendants state that Paragraph 181 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 181 as stated. The City Defendants deny any allegation or implication that the presence, disclosure,

- 307 -

or discovery of firearms can never be considered as part of the totality of circumstances relevant to officer safety during a traffic stop.

182. In response to Paragraph 182 of the Complaint:

a. Defendant City of Omaha states that Paragraph 182 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 182 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 182 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 182 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich denies the allegations in Paragraph 182 as stated and denies any legal conclusions or characterizations contained therein. Defendant Mason Gregurich denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Mason Gregurich affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 182 as stated and denies any legal conclusions or characterizations contained therein. Defendant James Valencia-Soethout denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant James Valencia-Soethout affirmatively alleges

that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, Plaintiff Qasim Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 182 as stated and denies any legal conclusions or characterizations contained therein. Defendant Trevor Lapoint denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Trevor Lapoint affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 182 as stated and denies any legal conclusions or characterizations contained therein. Defendant Gilberto Riveros-Echague denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Gilberto Riveros-Echague affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 182 as stated and denies any legal conclusions or characterizations contained therein. Defendant Yuliya Canterbury denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by she was excessive or

unreasonable, and denies that she violated Plaintiffs' Fourth Amendment rights. Defendant Yuliya Canterbury affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

h. Defendant Michael Rosiere denies the allegations in Paragraph 182 as stated and denies any legal conclusions or characterizations contained therein. Defendant Michael Rosiere denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Michael Rosiere affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

i. Defendant Matthew Flores denies the allegations in Paragraph 182 as stated and denies any legal conclusions or characterizations contained therein. Defendant Matthew Flores denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Matthew Flores affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 182 as stated and denies any legal conclusions or characterizations contained therein. Defendant Luis Gonzalez-Reynoso denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Luis Gonzalez-Reynoso affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns,

including multiple occupants in the vehicle and the presence of firearms in the vehicle.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 182 as stated and denies any legal conclusions or characterizations contained therein. Defendant Benjamin Hoffman denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Benjamin Hoffman affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 182 as stated and denies any legal conclusions or characterizations contained therein. Defendant Sean Sheridan denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Sean Sheridan affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

m.  Defendant William Dawson Jr. denies the allegations in Paragraph 182 as stated and denies any legal conclusions or characterizations contained therein. Defendant William Dawson Jr. denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant William Dawson Jr. affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

183. In response to Paragraph 183 of the Complaint:

    a. Defendant City of Omaha states that Paragraph 183 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 183 as stated and denies any legal conclusions or characterizations contained therein.

    b. Defendant Todd Schmaderer states that Paragraph 183 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 183 as stated and denies any legal conclusions or characterizations contained therein.

    c. Defendant Mason Gregurich denies the allegations in Paragraph 183 as stated and denies any legal conclusions or characterizations contained therein. Defendant Mason Gregurich denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Mason Gregurich affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, the presence of firearms in the vehicle, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

    d. Defendant James Valencia-Soethout denies the allegations in Paragraph 183 as stated and denies any legal conclusions or characterizations contained therein. Defendant James Valencia-Soethout denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant James Valencia-Soethout affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle, Plaintiff Qasim

Shabazz's disclosure and possession of a firearm, the later discovery of an additional firearm that had not been disclosed to him when he initially approached the vehicle, and the uncertainty regarding how an armed passenger would react while the driver was removed from the vehicle and placed in handcuffs.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 183 as stated and denies any legal conclusions or characterizations contained therein. Defendant Trevor Lapoint denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Trevor Lapoint affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 183 as stated and denies any legal conclusions or characterizations contained therein. Defendant Gilberto Riveros-Echague denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Gilberto Riveros-Echague affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 183 as stated and denies any legal conclusions or characterizations contained therein. Defendant Yuliya Canterbury denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by she was excessive or unreasonable, and denies that she violated Plaintiffs' Fourth Amendment rights. Defendant Yuliya Canterbury affirmatively alleges that the

circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

h. Defendant Michael Rosiere denies the allegations in Paragraph 183 as stated and denies any legal conclusions or characterizations contained therein. Defendant Michael Rosiere denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Michael Rosiere affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

i. Defendant Matthew Flores denies the allegations in Paragraph 183 as stated and denies any legal conclusions or characterizations contained therein. Defendant Matthew Flores denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Matthew Flores affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 183 as stated and denies any legal conclusions or characterizations contained therein. Defendant Luis Gonzalez-Reynoso denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Luis Gonzalez-Reynoso affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 183 as stated and denies any legal conclusions or characterizations contained therein. Defendant Benjamin Hoffman denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Benjamin Hoffman affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

l. Defendant Sean Sheridan denies the allegations in Paragraph 183 as stated and denies any legal conclusions or characterizations contained therein. Defendant Sean Sheridan denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant Sean Sheridan affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 183 as stated and denies any legal conclusions or characterizations contained therein. Defendant William Dawson Jr. denies that Plaintiffs were held at gunpoint based solely on lawful firearm disclosure, denies that Plaintiffs posed no officer-safety concerns, denies that any force used by he was excessive or unreasonable, and denies that he violated Plaintiffs' Fourth Amendment rights. Defendant William Dawson Jr. affirmatively alleges that the circumstances presented objectively reasonable officer-safety concerns, including multiple occupants in the vehicle and the presence of firearms in the vehicle.

184. In response to Paragraph 184 of the Complaint, Defendant City of Omaha and Defendant Todd Schmaderer state that Paragraph 184 is not directed to them. To the extent a

- 315 -

response is required, Defendant City of Omaha and Defendant Schmaderer deny the allegations in Paragraph 184 as stated. The individual Officer Defendants state that Paragraph 184 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the individual Officer Defendants deny the allegations in Paragraph 184 as stated. The individual Officer Defendants deny that any act or omission by them directly or proximately caused Plaintiffs to suffer physical, emotional, psychological, dignitary, or other compensable injuries. The individual Officer Defendants further lack knowledge or information sufficient to form a belief as to the nature, extent, cause, or duration of Plaintiffs' alleged injuries and therefore deny the same.

## COUNT-VII

**Against Defendants Gregurich, Valencia-Soethout, Lapoint, Riveros-Echague, Canterbury, Rosiere, Flores, Gonzalez-Reynoso, Hoffman, Sheridan, and Dawson Jr.**

185. In response to Paragraph 185 of the Complaint:

   a. Defendant City of Omaha incorporates by reference its responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 185 contains legal conclusions or characterizations, Defendant City of Omaha denies the same.

   b. Defendant Todd Schmaderer incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 185 contains legal conclusions or characterizations, Defendant Todd Schmaderer denies the same.

   c. Defendant Mason Gregurich incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 185 contains legal conclusions or characterizations, Defendant Mason Gregurich denies the same.

   d. Defendant James Valencia-Soethout incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 185 contains legal conclusions or characterizations, Defendant James Valencia-Soethout denies the same.

e. Defendant Trevor Lapoint incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 185 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f. Defendant Gilberto Riveros-Echague incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 185 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g. Defendant Yuliya Canterbury incorporates by reference her responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 185 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h. Defendant Michael Rosiere incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 185 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i. Defendant Matthew Flores incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 185 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j. Defendant Luis Gonzalez-Reynoso incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 185 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k. Defendant Benjamin Hoffman incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 185 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l. Defendant Sean Sheridan incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph

- 317 -

185 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

    m. Defendant William Dawson Jr. incorporates by reference his responses to the preceding paragraphs as though fully set forth herein. To the extent Paragraph 185 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

186.     In response to Paragraph 186 of the Complaint, the City Defendants state that Paragraph 186 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 186 as stated. The City Defendants deny that any City Defendant violated Plaintiffs' constitutional rights or failed to intervene in any constitutional violation.

187.     In response to Paragraph 187 of the Complaint, the City Defendants state that Paragraph 187 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 187 as stated. The City Defendants deny that any City Defendant observed a constitutional violation, had a realistic opportunity to intervene to prevent a constitutional violation, or failed to intervene in any constitutional violation.

188.     In response to Paragraph 188 of the Complaint:

    a. Defendant City of Omaha states that Paragraph 188 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 188 as stated and denies any legal conclusions or characterizations contained therein.

    b. Defendant Todd Schmaderer states that Paragraph 188 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 188 as stated.

    c. Defendant Mason Gregurich admits that he was present from the initial stop, but denies any allegation or implication that he observed, participated in, or failed to intervene to prevent any constitutional violation.

    d. Defendant James Valencia-Soethout admits that he was present from the initial stop, but denies any allegation or implication that he observed, participated in, or failed to intervene to prevent any constitutional violation.

e.  Defendant Trevor Lapoint states that Paragraph 188 is directed to Defendants Gregurich and Valencia-Soethout and not to Trevor Lapoint. To the extent a response is required, Defendant Trevor Lapoint denies the allegations in Paragraph 188 as stated.

f.  Defendant Gilberto Riveros-Echague states that Paragraph 188 is directed to Defendants Gregurich and Valencia-Soethout and not to Gilberto Riveros-Echague. To the extent a response is required, Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 188 as stated.

g.  Defendant Yuliya Canterbury states that Paragraph 188 is directed to Defendants Gregurich and Valencia-Soethout and not to Yuliya Canterbury. To the extent a response is required, Defendant Yuliya Canterbury denies the allegations in Paragraph 188 as stated.

h.  Defendant Michael Rosiere states that Paragraph 188 is directed to Defendants Gregurich and Valencia-Soethout and not to Michael Rosiere. To the extent a response is required, Defendant Michael Rosiere denies the allegations in Paragraph 188 as stated.

i.  Defendant Matthew Flores states that Paragraph 188 is directed to Defendants Gregurich and Valencia-Soethout and not to Matthew Flores. To the extent a response is required, Defendant Matthew Flores denies the allegations in Paragraph 188 as stated.

j.  Defendant Luis Gonzalez-Reynoso states that Paragraph 188 is directed to Defendants Gregurich and Valencia-Soethout and not to Luis Gonzalez-Reynoso. To the extent a response is required, Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 188 as stated.

k.  Defendant Benjamin Hoffman states that Paragraph 188 is directed to Defendants Gregurich and Valencia-Soethout and not to Benjamin Hoffman. To the extent a response is required, Defendant Benjamin Hoffman denies the allegations in Paragraph 188 as stated.

l.  Defendant Sean Sheridan states that Paragraph 188 is directed to Defendants Gregurich and Valencia-Soethout and not to Sean Sheridan. To the extent a

response is required, Defendant Sean Sheridan denies the allegations in Paragraph 188 as stated.

m. Defendant William Dawson Jr. states that Paragraph 188 is directed to Defendants Gregurich and Valencia-Soethout and not to William Dawson Jr.. To the extent a response is required, Defendant William Dawson Jr. denies the allegations in Paragraph 188 as stated.

189. In response to Paragraph 189 of the Complaint:

a. Defendant City of Omaha states that Paragraph 189 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 189 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 189 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 189 as stated.

c. Defendant Mason Gregurich denies the allegations in Paragraph 189 as stated. Defendant Mason Gregurich denies that he is a Defendant Officer John Doe or Defendant Officer Jane Doe, denies that he pointed a weapon at Plaintiffs George Williams or Nadia Metoyer, and denies any allegation or implication that he participated in excessive force.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 189 as stated. Defendant James Valencia-Soethout denies that he is a Defendant Officer John Doe or Defendant Officer Jane Doe, denies that he pointed a weapon at Plaintiffs George Williams or Nadia Metoyer, and denies any allegation or implication that he participated in excessive force.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 189 as stated. Defendant Trevor Lapoint denies that he is a Defendant Officer John Doe or Defendant Officer Jane Doe, denies that he pointed a weapon at Plaintiffs George Williams or Nadia Metoyer, and denies any allegation or implication that he participated in excessive force.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 189 as stated. Defendant Gilberto Riveros-Echague denies that he is a Defendant

Officer John Doe or Defendant Officer Jane Doe, denies that he pointed a weapon at Plaintiffs George Williams or Nadia Metoyer, and denies any allegation or implication that he participated in excessive force.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 189 as stated. Defendant Yuliya Canterbury denies that she is a Defendant Officer John Doe or Defendant Officer Jane Doe, denies that she pointed a weapon at Plaintiffs George Williams or Nadia Metoyer, and denies any allegation or implication that she participated in excessive force.

h. Defendant Michael Rosiere denies the allegations in Paragraph 189 as stated. Defendant Michael Rosiere denies that he is a Defendant Officer John Doe or Defendant Officer Jane Doe, denies that he pointed a weapon at Plaintiffs George Williams or Nadia Metoyer, and denies any allegation or implication that he participated in excessive force.

i. Defendant Matthew Flores denies the allegations in Paragraph 189 as stated. Defendant Matthew Flores denies that he is a Defendant Officer John Doe or Defendant Officer Jane Doe, denies that he pointed a weapon at Plaintiffs George Williams or Nadia Metoyer, and denies any allegation or implication that he participated in excessive force.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 189 as stated. Defendant Luis Gonzalez-Reynoso denies that he is a Defendant Officer John Doe or Defendant Officer Jane Doe, denies that he pointed a weapon at Plaintiffs George Williams or Nadia Metoyer, and denies any allegation or implication that he participated in excessive force.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 189 as stated. Defendant Benjamin Hoffman denies that he is a Defendant Officer John Doe or Defendant Officer Jane Doe, denies that he pointed a weapon at Plaintiffs George Williams or Nadia Metoyer, and denies any allegation or implication that he participated in excessive force.

l. Defendant Sean Sheridan denies the allegations in Paragraph 189 as stated. Defendant Sean Sheridan denies that he is a Defendant Officer John Doe or Defendant Officer Jane Doe, denies that he pointed a weapon at Plaintiffs

George Williams or Nadia Metoyer, and denies any allegation or implication that he participated in excessive force.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 189 as stated. Defendant William Dawson Jr. denies that he is a Defendant Officer John Doe or Defendant Officer Jane Doe, denies that he pointed a weapon at Plaintiffs George Williams or Nadia Metoyer, and denies any allegation or implication that he participated in excessive force.

190. In response to Paragraph 190 of the Complaint:

a. Defendant City of Omaha states that Paragraph 190 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 190 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 190 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 190 as stated.

c. Defendant Mason Gregurich denies the allegations in Paragraph 190 as stated. Defendant Mason Gregurich was present from the initial stop and therefore was not a backup officer who arrived in response to a radio transmission.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 190 as stated. Defendant James Valencia-Soethout was present from the initial stop and therefore was not a backup officer who arrived in response to a radio transmission.

e. Defendant Trevor Lapoint admits that he arrived after the initial stop, but denies the allegations in Paragraph 190 as stated, denies any implication that he observed or failed to intervene to prevent a constitutional violation, and lacks knowledge or information sufficient to form a belief as to all communications or circumstances before his arrival and therefore denies the same.

f. Defendant Gilberto Riveros-Echague admits that he arrived after the initial stop, but denies the allegations in Paragraph 190 as stated, denies any implication that he observed or failed to intervene to prevent a constitutional

- 322 -

violation, and lacks knowledge or information sufficient to form a belief as to all communications or circumstances before his arrival and therefore denies the same.

g. Defendant Yuliya Canterbury admits that she arrived after the initial stop, but denies the allegations in Paragraph 190 as stated, denies any implication that she observed or failed to intervene to prevent a constitutional violation, and lacks knowledge or information sufficient to form a belief as to all communications or circumstances before her arrival and therefore denies the same.

h. Defendant Michael Rosiere admits that he arrived after the initial stop, but denies the allegations in Paragraph 190 as stated, denies any implication that he observed or failed to intervene to prevent a constitutional violation, and lacks knowledge or information sufficient to form a belief as to all communications or circumstances before his arrival and therefore denies the same.

i. Defendant Matthew Flores admits that he arrived after the initial stop, but denies the allegations in Paragraph 190 as stated, denies any implication that he observed or failed to intervene to prevent a constitutional violation, and lacks knowledge or information sufficient to form a belief as to all communications or circumstances before his arrival and therefore denies the same.

j. Defendant Luis Gonzalez-Reynoso admits that he arrived after the initial stop, but denies the allegations in Paragraph 190 as stated, denies any implication that he observed or failed to intervene to prevent a constitutional violation, and lacks knowledge or information sufficient to form a belief as to all communications or circumstances before his arrival and therefore denies the same.

k. Defendant Benjamin Hoffman admits that he arrived after the initial stop, but denies the allegations in Paragraph 190 as stated, denies any implication that he observed or failed to intervene to prevent a constitutional violation, and lacks knowledge or information sufficient to form a belief as to all

communications or circumstances before his arrival and therefore denies the same.

l.  Defendant Sean Sheridan admits that he arrived after the initial stop, but denies the allegations in Paragraph 190 as stated, denies any implication that he observed or failed to intervene to prevent a constitutional violation, and lacks knowledge or information sufficient to form a belief as to all communications or circumstances before his arrival and therefore denies the same.

m.  Defendant William Dawson Jr. admits that he arrived after the initial stop, but denies the allegations in Paragraph 190 as stated, denies any implication that he observed or failed to intervene to prevent a constitutional violation, and lacks knowledge or information sufficient to form a belief as to all communications or circumstances before his arrival and therefore denies the same.

191.  In response to Paragraph 191 of the Complaint:

a.  Defendant City of Omaha states that Paragraph 191 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 191 as stated and denies any legal conclusions or characterizations contained therein.

b.  Defendant Todd Schmaderer states that Paragraph 191 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 191 as stated.

c.  Defendant Mason Gregurich denies the allegations in Paragraph 191 as stated. Defendant Mason Gregurich denies that all Defendant Officers were present at the same time or in close proximity to one another during the entire incident.

d.  Defendant James Valencia-Soethout denies the allegations in Paragraph 191 as stated. Defendant James Valencia-Soethout denies that all Defendant Officers were present at the same time or in close proximity to one another during the entire incident.

- 324 -

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 191 as stated. Defendant Trevor Lapoint denies that all Defendant Officers were present at the same time or in close proximity to one another during the entire incident.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 191 as stated. Defendant Gilberto Riveros-Echague denies that all Defendant Officers were present at the same time or in close proximity to one another during the entire incident.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 191 as stated. Defendant Yuliya Canterbury denies that all Defendant Officers were present at the same time or in close proximity to one another during the entire incident.

h.  Defendant Michael Rosiere denies the allegations in Paragraph 191 as stated. Defendant Michael Rosiere denies that all Defendant Officers were present at the same time or in close proximity to one another during the entire incident.

i.  Defendant Matthew Flores denies the allegations in Paragraph 191 as stated. Defendant Matthew Flores denies that all Defendant Officers were present at the same time or in close proximity to one another during the entire incident.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 191 as stated. Defendant Luis Gonzalez-Reynoso denies that all Defendant Officers were present at the same time or in close proximity to one another during the entire incident.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 191 as stated. Defendant Benjamin Hoffman denies that all Defendant Officers were present at the same time or in close proximity to one another during the entire incident.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 191 as stated. Defendant Sean Sheridan denies that all Defendant Officers were present at the same time or in close proximity to one another during the entire incident.

m.  Defendant William Dawson Jr. denies the allegations in Paragraph 191 as stated. Defendant William Dawson Jr. denies that all Defendant Officers were

present at the same time or in close proximity to one another during the entire incident.

192.    In response to Paragraph 192 of the Complaint:

a.    Defendant City of Omaha states that Paragraph 192 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 192 as stated and denies any legal conclusions or characterizations contained therein.

b.    Defendant Todd Schmaderer states that Paragraph 192 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 192 as stated.

c.    Defendant Mason Gregurich denies the allegations in Paragraph 192 as stated. Defendant Mason Gregurich denies that he was aware of or observed every other officer's conduct toward Plaintiffs, denies that he observed a constitutional violation, and denies that he failed to intervene.

d.    Defendant James Valencia-Soethout denies the allegations in Paragraph 192 as stated. Defendant James Valencia-Soethout denies that he was aware of or observed every other officer's conduct toward Plaintiffs, denies that he observed a constitutional violation, and denies that he failed to intervene.

e.    Defendant Trevor Lapoint denies the allegations in Paragraph 192 as stated. Defendant Trevor Lapoint denies that he was aware of or observed every other officer's conduct toward Plaintiffs, denies that he observed a constitutional violation, and denies that he failed to intervene.

f.    Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 192 as stated. Defendant Gilberto Riveros-Echague denies that he was aware of or observed every other officer's conduct toward Plaintiffs, denies that he observed a constitutional violation, and denies that he failed to intervene.

g.    Defendant Yuliya Canterbury denies the allegations in Paragraph 192 as stated. Defendant Yuliya Canterbury denies that she was aware of or observed every other officer's conduct toward Plaintiffs, denies that she observed a constitutional violation, and denies that she failed to intervene.

- 326 -

h.  Defendant Michael Rosiere denies the allegations in Paragraph 192 as stated. Defendant Michael Rosiere denies that he was aware of or observed every other officer's conduct toward Plaintiffs, denies that he observed a constitutional violation, and denies that he failed to intervene.

i.  Defendant Matthew Flores denies the allegations in Paragraph 192 as stated. Defendant Matthew Flores denies that he was aware of or observed every other officer's conduct toward Plaintiffs, denies that he observed a constitutional violation, and denies that he failed to intervene.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 192 as stated. Defendant Luis Gonzalez-Reynoso denies that he was aware of or observed every other officer's conduct toward Plaintiffs, denies that he observed a constitutional violation, and denies that he failed to intervene.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 192 as stated. Defendant Benjamin Hoffman denies that he was aware of or observed every other officer's conduct toward Plaintiffs, denies that he observed a constitutional violation, and denies that he failed to intervene.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 192 as stated. Defendant Sean Sheridan denies that he was aware of or observed every other officer's conduct toward Plaintiffs, denies that he observed a constitutional violation, and denies that he failed to intervene.

m.  Defendant William Dawson Jr. denies the allegations in Paragraph 192 as stated. Defendant William Dawson Jr. denies that he was aware of or observed every other officer's conduct toward Plaintiffs, denies that he observed a constitutional violation, and denies that he failed to intervene.

193.  In response to Paragraph 193 of the Complaint:

a.  Defendant City of Omaha states that Paragraph 193 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 193 as stated and denies any legal conclusions or characterizations contained therein.

- 327 -

b.  Defendant Todd Schmaderer states that Paragraph 193 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 193 as stated.

c.  Defendant Mason Gregurich denies the allegations in Paragraph 193 as stated. Defendant Mason Gregurich admits that officers communicated during the incident, but denies that all officers communicated with each other, denies any implication that such communication was unlawful, and denies that he failed to intervene.

d.  Defendant James Valencia-Soethout denies the allegations in Paragraph 193 as stated. Defendant James Valencia-Soethout admits that officers communicated during the incident, but denies that all officers communicated with each other, denies any implication that such communication was unlawful, and denies that he failed to intervene.

e.  Defendant Trevor Lapoint denies the allegations in Paragraph 193 as stated. Defendant Trevor Lapoint admits that officers communicated during the incident, but denies that all officers communicated with each other, denies any implication that such communication was unlawful, and denies that he failed to intervene.

f.  Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 193 as stated. Defendant Gilberto Riveros-Echague admits that officers communicated during the incident, but denies that all officers communicated with each other, denies any implication that such communication was unlawful, and denies that he failed to intervene.

g.  Defendant Yuliya Canterbury denies the allegations in Paragraph 193 as stated. Defendant Yuliya Canterbury admits that officers communicated during the incident, but denies that all officers communicated with each other, denies any implication that such communication was unlawful, and denies that she failed to intervene.

h.  Defendant Michael Rosiere denies the allegations in Paragraph 193 as stated. Defendant Michael Rosiere admits that officers communicated during the incident, but denies that all officers communicated with each other, denies any

- 328 -

implication that such communication was unlawful, and denies that he failed to intervene.

i.  Defendant Matthew Flores denies the allegations in Paragraph 193 as stated. Defendant Matthew Flores admits that officers communicated during the incident, but denies that all officers communicated with each other, denies any implication that such communication was unlawful, and denies that he failed to intervene.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 193 as stated. Defendant Luis Gonzalez-Reynoso admits that officers communicated during the incident, but denies that all officers communicated with each other, denies any implication that such communication was unlawful, and denies that he failed to intervene.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 193 as stated. Defendant Benjamin Hoffman admits that officers communicated during the incident, but denies that all officers communicated with each other, denies any implication that such communication was unlawful, and denies that he failed to intervene.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 193 as stated. Defendant Sean Sheridan admits that officers communicated during the incident, but denies that all officers communicated with each other, denies any implication that such communication was unlawful, and denies that he failed to intervene.

m.  Defendant William Dawson Jr. denies the allegations in Paragraph 193 as stated. Defendant William Dawson Jr. admits that officers communicated during the incident, but denies that all officers communicated with each other, denies any implication that such communication was unlawful, and denies that he failed to intervene.

194.  In response to Paragraph 194 of the Complaint:

a.  Defendant City of Omaha states that Paragraph 194 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant

City of Omaha denies the allegations in Paragraph 194 as stated and denies any legal conclusions or characterizations contained therein.

b.  Defendant Todd Schmaderer states that Paragraph 194 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 194 as stated.

c.  Defendant Mason Gregurich admits that he communicated with Defendant Valencia-Soethout during the incident, but denies the allegations in Paragraph 194 as stated and denies any allegation or implication that the communication was unlawful, unconstitutional, or evidence of excessive force or a failure to intervene.

d.  Defendant James Valencia-Soethout admits that Defendant Gregurich communicated with him during the incident, but denies the allegations in Paragraph 194 as stated and denies any allegation or implication that the communication was unlawful, unconstitutional, or evidence of excessive force or a failure to intervene.

e.  Defendant Trevor Lapoint lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore denies them. To the extent Paragraph 194 contains legal conclusions or characterizations, Defendant Trevor Lapoint denies the same.

f.  Defendant Gilberto Riveros-Echague lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore denies them. To the extent Paragraph 194 contains legal conclusions or characterizations, Defendant Gilberto Riveros-Echague denies the same.

g.  Defendant Yuliya Canterbury lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore denies them. To the extent Paragraph 194 contains legal conclusions or characterizations, Defendant Yuliya Canterbury denies the same.

h.  Defendant Michael Rosiere lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore denies

them. To the extent Paragraph 194 contains legal conclusions or characterizations, Defendant Michael Rosiere denies the same.

i. Defendant Matthew Flores lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore denies them. To the extent Paragraph 194 contains legal conclusions or characterizations, Defendant Matthew Flores denies the same.

j. Defendant Luis Gonzalez-Reynoso lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore denies them. To the extent Paragraph 194 contains legal conclusions or characterizations, Defendant Luis Gonzalez-Reynoso denies the same.

k. Defendant Benjamin Hoffman lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore denies them. To the extent Paragraph 194 contains legal conclusions or characterizations, Defendant Benjamin Hoffman denies the same.

l. Defendant Sean Sheridan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore denies them. To the extent Paragraph 194 contains legal conclusions or characterizations, Defendant Sean Sheridan denies the same.

m. Defendant William Dawson Jr. lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 and therefore denies them. To the extent Paragraph 194 contains legal conclusions or characterizations, Defendant William Dawson Jr. denies the same.

195. In response to Paragraph 195 of the Complaint:

a. Defendant City of Omaha states that Paragraph 195 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 195 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 195 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 195 as stated.

c. Defendant Mason Gregurich denies the allegations in Paragraph 195 as stated. Defendant Mason Gregurich denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 195 as stated. Defendant James Valencia-Soethout denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 195 as stated. Defendant Trevor Lapoint denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 195 as stated. Defendant Gilberto Riveros-Echague denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 195 as stated. Defendant Yuliya Canterbury denies that she observed any constitutional violation by another officer, denies that she had a realistic opportunity to intervene to prevent a constitutional violation, denies that she failed to intervene in violation of Plaintiffs' rights, and denies that she caused Plaintiffs to suffer any constitutional injury.

h.  Defendant Michael Rosiere denies the allegations in Paragraph 195 as stated. Defendant Michael Rosiere denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

i.  Defendant Matthew Flores denies the allegations in Paragraph 195 as stated. Defendant Matthew Flores denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 195 as stated. Defendant Luis Gonzalez-Reynoso denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 195 as stated. Defendant Benjamin Hoffman denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 195 as stated. Defendant Sean Sheridan denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

    m. Defendant William Dawson Jr. denies the allegations in Paragraph 195 as stated. Defendant William Dawson Jr. denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

196. In response to Paragraph 196 of the Complaint, the City Defendants state that Paragraph 196 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 196 as stated. The City Defendants deny that any City Defendant used excessive force, observed excessive force, had a realistic opportunity to intervene to prevent excessive force, or failed to intervene in any excessive force.

197. In response to Paragraph 197 of the Complaint, the City Defendants state that Paragraph 197 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 197 as stated. The City Defendants deny that any City Defendant observed conduct that violated Plaintiffs' constitutional rights, deny that any duty to intervene arose under the circumstances alleged, and deny that any City Defendant failed to intervene in a constitutional violation.

198. In response to Paragraph 198 of the Complaint:

    a. Defendant City of Omaha states that Paragraph 198 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 198 as stated and denies any legal conclusions or characterizations contained therein.

    b. Defendant Todd Schmaderer states that Paragraph 198 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 198 as stated and denies any legal conclusions or characterizations contained therein.

    c. Defendant Mason Gregurich denies the allegations in Paragraph 198 as stated. Defendant Mason Gregurich denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to

intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 198 as stated. Defendant James Valencia-Soethout denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 198 as stated. Defendant Trevor Lapoint denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 198 as stated. Defendant Gilberto Riveros-Echague denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 198 as stated. Defendant Yuliya Canterbury denies that she observed any constitutional violation by another officer, denies that she had a realistic opportunity to intervene to prevent a constitutional violation, denies that she failed to intervene in violation of Plaintiffs' rights, and denies that she caused Plaintiffs to suffer any constitutional injury.

h. Defendant Michael Rosiere denies the allegations in Paragraph 198 as stated. Defendant Michael Rosiere denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to

- 335 -

intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

i. Defendant Matthew Flores denies the allegations in Paragraph 198 as stated. Defendant Matthew Flores denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 198 as stated. Defendant Luis Gonzalez-Reynoso denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 198 as stated. Defendant Benjamin Hoffman denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

l. Defendant Sean Sheridan denies the allegations in Paragraph 198 as stated. Defendant Sean Sheridan denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 198 as stated. Defendant William Dawson Jr. denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he

failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

199.   In response to Paragraph 199 of the Complaint:

a.   Defendant City of Omaha states that Paragraph 199 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 199 as stated and denies any legal conclusions or characterizations contained therein.

b.   Defendant Todd Schmaderer states that Paragraph 199 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 199 as stated and denies any legal conclusions or characterizations contained therein.

c.   Defendant Mason Gregurich denies the allegations in Paragraph 199 as stated. Defendant Mason Gregurich denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

d.   Defendant James Valencia-Soethout denies the allegations in Paragraph 199 as stated. Defendant James Valencia-Soethout denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

e.   Defendant Trevor Lapoint denies the allegations in Paragraph 199 as stated. Defendant Trevor Lapoint denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

f.   Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 199 as stated. Defendant Gilberto Riveros-Echague denies that he observed any

- 337 -

constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 199 as stated. Defendant Yuliya Canterbury denies that she observed any constitutional violation by another officer, denies that she had a realistic opportunity to intervene to prevent a constitutional violation, denies that she failed to intervene in violation of Plaintiffs' rights, and denies that she caused Plaintiffs to suffer any constitutional injury.

h. Defendant Michael Rosiere denies the allegations in Paragraph 199 as stated. Defendant Michael Rosiere denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

i. Defendant Matthew Flores denies the allegations in Paragraph 199 as stated. Defendant Matthew Flores denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 199 as stated. Defendant Luis Gonzalez-Reynoso denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 199 as stated. Defendant Benjamin Hoffman denies that he observed any constitutional violation by another officer, denies that he had a realistic

opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

l. Defendant Sean Sheridan denies the allegations in Paragraph 199 as stated. Defendant Sean Sheridan denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 199 as stated. Defendant William Dawson Jr. denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

200. In response to Paragraph 200 of the Complaint:

a. Defendant City of Omaha states that Paragraph 200 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 200 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 200 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 200 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich denies the allegations in Paragraph 200 as stated. Defendant Mason Gregurich denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 200 as stated. Defendant James Valencia-Soethout denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 200 as stated. Defendant Trevor Lapoint denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 200 as stated. Defendant Gilberto Riveros-Echague denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 200 as stated. Defendant Yuliya Canterbury denies that she observed any constitutional violation by another officer, denies that she had a realistic opportunity to intervene to prevent a constitutional violation, denies that she failed to intervene in violation of Plaintiffs' rights, and denies that she caused Plaintiffs to suffer any constitutional injury.

h. Defendant Michael Rosiere denies the allegations in Paragraph 200 as stated. Defendant Michael Rosiere denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

i.  Defendant Matthew Flores denies the allegations in Paragraph 200 as stated. Defendant Matthew Flores denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

j.  Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 200 as stated. Defendant Luis Gonzalez-Reynoso denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

k.  Defendant Benjamin Hoffman denies the allegations in Paragraph 200 as stated. Defendant Benjamin Hoffman denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

l.  Defendant Sean Sheridan denies the allegations in Paragraph 200 as stated. Defendant Sean Sheridan denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

m.  Defendant William Dawson Jr. denies the allegations in Paragraph 200 as stated. Defendant William Dawson Jr. denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

201.  In response to Paragraph 201 of the Complaint:

a. Defendant City of Omaha states that Paragraph 201 is not directed to Defendant City of Omaha. To the extent a response is required, Defendant City of Omaha denies the allegations in Paragraph 201 as stated and denies any legal conclusions or characterizations contained therein.

b. Defendant Todd Schmaderer states that Paragraph 201 is not directed to him. To the extent a response is required, Defendant Schmaderer denies the allegations in Paragraph 201 as stated and denies any legal conclusions or characterizations contained therein.

c. Defendant Mason Gregurich denies the allegations in Paragraph 201 as stated. Defendant Mason Gregurich denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

d. Defendant James Valencia-Soethout denies the allegations in Paragraph 201 as stated. Defendant James Valencia-Soethout denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

e. Defendant Trevor Lapoint denies the allegations in Paragraph 201 as stated. Defendant Trevor Lapoint denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

f. Defendant Gilberto Riveros-Echague denies the allegations in Paragraph 201 as stated. Defendant Gilberto Riveros-Echague denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he

failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

g. Defendant Yuliya Canterbury denies the allegations in Paragraph 201 as stated. Defendant Yuliya Canterbury denies that she observed any constitutional violation by another officer, denies that she had a realistic opportunity to intervene to prevent a constitutional violation, denies that she failed to intervene in violation of Plaintiffs' rights, and denies that she caused Plaintiffs to suffer any constitutional injury.

h. Defendant Michael Rosiere denies the allegations in Paragraph 201 as stated. Defendant Michael Rosiere denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

i. Defendant Matthew Flores denies the allegations in Paragraph 201 as stated. Defendant Matthew Flores denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

j. Defendant Luis Gonzalez-Reynoso denies the allegations in Paragraph 201 as stated. Defendant Luis Gonzalez-Reynoso denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

k. Defendant Benjamin Hoffman denies the allegations in Paragraph 201 as stated. Defendant Benjamin Hoffman denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he

failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

l. Defendant Sean Sheridan denies the allegations in Paragraph 201 as stated. Defendant Sean Sheridan denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

m. Defendant William Dawson Jr. denies the allegations in Paragraph 201 as stated. Defendant William Dawson Jr. denies that he observed any constitutional violation by another officer, denies that he had a realistic opportunity to intervene to prevent a constitutional violation, denies that he failed to intervene in violation of Plaintiffs' rights, and denies that he caused Plaintiffs to suffer any constitutional injury.

202. In response to Paragraph 202 of the Complaint, the City Defendants state that Paragraph 202 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 202 as stated. The City Defendants deny that any City Defendant violated clearly established law, deny that any City Defendant observed a constitutional violation, and deny that any City Defendant failed to intervene despite a realistic opportunity to do so.

203. In response to Paragraph 203 of the Complaint, Defendant City of Omaha and Defendant Todd Schmaderer state that Paragraph 203 is not directed to them. To the extent a response is required, Defendant City of Omaha and Defendant Schmaderer deny the allegations in Paragraph 203 as stated. The individual Officer Defendants state that Paragraph 203 contains legal conclusions and characterizations to which no response is required. To the extent a response is required, the individual Officer Defendants deny the allegations in Paragraph 203 as stated. The individual Officer Defendants deny that they failed to intervene in any constitutional violation and deny that any alleged failure to intervene directly or proximately caused Plaintiffs to suffer physical, emotional, psychological, dignitary, or other compensable injuries. The individual Officer Defendants further lack knowledge or information sufficient to form a belief

as to the nature, extent, cause, or duration of Plaintiffs' alleged injuries and therefore deny the same.

204.    In response to Paragraph 204 of the Complaint, Defendant City of Omaha and Defendant Todd Schmaderer state that Paragraph 204 is not directed to them. To the extent a response is required, Defendant City of Omaha and Defendant Schmaderer deny the allegations in Paragraph 204 as stated. The individual Officer Defendants deny the allegations in Paragraph 204 as stated. The individual Officer Defendants deny that they failed to intervene in any constitutional violation. The individual Officer Defendants further deny that any conduct by them was willful, malicious, reckless, or in disregard of Plaintiffs' constitutional rights.

205.    In response to Paragraph 205 of the Complaint, Defendant City of Omaha and Defendant Todd Schmaderer state that Paragraph 205 is not directed to them. To the extent a response is required, Defendant City of Omaha and Defendant Schmaderer deny the allegations in Paragraph 205 as stated and deny any legal conclusions or characterizations contained therein. The individual Officer Defendants state that Paragraph 205 contains a prayer for relief and legal conclusions to which no response is required. To the extent a response is required, the individual Officer Defendants deny that Plaintiffs are entitled to punitive damages, or any other relief, against them. The individual Officer Defendants further deny that they acted with evil motive or intent, malice, willfulness, or reckless indifference to Plaintiffs' federally protected rights.

206.    Defendants specifically deny each and every remaining allegation contained in Plaintiffs' Complaint (Doc. #1) not specifically admitted herein and demand strict proof thereof, except those allegations that constitute admissions against Plaintiffs' interests.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof not otherwise imposed by law, and while expressly denying that Plaintiffs are entitled to any relief, all Defendants affirmatively allege as follows:

1.    The initial traffic stop was supported by probable cause, and issue- and claim-preclusion prohibit relitigating this fact in this lawsuit.

- 345 -

2.  At all times throughout their encounter with Plaintiffs, the individual Defendants acted upon their good-faith understanding that the information known to them supplied lawful grounds to remove Plaintiffs from the vehicle and to secure Plaintiffs pending checks relating to the firearms that were discovered.

3.  The individual Defendants acted upon legitimate, non-discriminatory factors other than any Plaintiff's race throughout the particular context each confronted at all times throughout the events described in Plaintiffs' Complaint.

4.  Qualified immunity shields each individual Defendant – including the Non-Present Officer Defendants - because none committed a constitutional violation.

5.  Qualified immunity shields the individual Defendants – including the Non-Present Officer Defendants - because no clearly established law put any individual Defendant on notice that she or he violated clearly established law through her or his individual actions or alleged omissions throughout the particular contexts each confronted at any time throughout the events described in Plaintiffs' Complaint.

6.  Plaintiffs' Counts VIII, IX, and X fail to state plausible claims to relief against any Defendant.

7.  City of Omaha policies and procedures are facially neutral and capable of being followed without inflicting any constitutional violation.

8.  No policymaking Defendant violated clearly established law or ignored a plainly obvious need for additional training, supervision, or discipline.

WHEREFORE, having fully answered, all Defendants pray that Plaintiffs' Complaint be dismissed with prejudice, that Plaintiffs take nothing, that Defendants be awarded their costs and

any attorney fees recoverable by law, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 8th day of July, 2026.

CITY OF OMAHA, et al., Defendants.


By: /s/ *Timothy K. Dolan*
Timothy K. Dolan, No. 20978
Assistant City Attorney
Ryan J. Wiesen, No. 24810
Deputy City Attorney
Jonah A. Clark, No. 27558
Assistant City Attorney
1819 Farnam Street, Suite 804
Omaha, NE 68183
(402) 444-5115
tim.dolan@cityofomaha.org
ryan.wiesen@cityofomaha.org
jonah.clark@cityofomaha.org
Attorneys for the Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of July, 2026, the foregoing **ANSWER** was served on all parties registered with the CM/ECF system, which will send electronic notice of the foregoing to those registered with the Court, including: Hakeem Muhammad, Muhammed Law Center, 10846 South Halsted, Chicago, IL 60628 and Ezinne Adibe Ranger, Ezinne Law, PLLC, 437 Turnpike St. #8772, Canton, MA 02021.


s/ Timothy K. Dolan